# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-01616-LPS-CJB |
| | ) | |
| v. | ) | |
| | ) | |
| FOUNDATION MEDICINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FOUNDATION MEDICINE, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS AND THINGS TO PLAINTIFF GUARDANT HEALTH, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Foundation Medicine,

Inc. ("Foundation Medicine" or "Defendant") hereby requests that within 30 days of service of

this request, or as otherwise required by the Federal Rules of Civil Procedure and/or local rules

of this Court, Plaintiff Guardant Health, Inc. ("Guardant") (a) respond in writing separately to

each item or category of items set forth herein, and (b) produce to the offices of Choate Hall &

Stewart, LLP, located at Two International Place, Boston MA 02110, all documents and things

set forth in this request. These Requests are deemed continuing in nature, requiring amended or

supplemental responses as necessary.

## **DEFINITIONS**

1.      "Plaintiff" or "Guardant" means Guardant Health, Inc., including any of their

divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former

officer, director, employee, consultant, expert or agent of Plaintiff and all other persons acting or

purporting to act on behalf of Plaintiff, their subsidiaries, affiliates, divisions, or predecessors.

2.      "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

3.      "USPTO" means the United States Patent and Trademark Office.

4.      "Document" shall mean all original documents or electronically stored information, and all copies or versions thereof (whether or not different from the original because of, e.g., notes made on or attached to certain copies), encompassed by Rule 1001 of the Federal Rules of Evidence or Federal Rule of Civil Procedure 34(a), including, without limitation: e-mail, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, such as electronically stored, magnetically stored, optically stored, and visually and aurally reproduced material of any kind, whether or not privileged.

5.      The terms "device," "thing," and "item" shall mean all tangible objects of any type, composition, construction, or nature.

6.      The terms "person," "individual," and "entity" shall include both natural persons and corporate or other business entities, and the acts and knowledge of a person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents, attorneys, and all other forms of legal entities.

7.      "Representative," when used to refer to the representative of a corporation or other legal or governmental entity, means and includes its present and former officers, directors, employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on its behalf.

8.      "Representative," when used to refer to the representative of a natural person, means and includes that person's present and former employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on said person's behalf.

9.      "Communication" means any contact between two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives, thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, voice mail.

10.     "You" and "your" means Plaintiff as defined herein.

11.     The "'731 patent" means U.S. Patent No. 9,598,731, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

12.     The "'822 patent" means U.S. Patent No. 9,834,822, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

13.     The "'743 patent" means U.S. Patent No. 9,840,743, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

14.     The "'992 patent" means U.S. Patent No. 9,902,992, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

15.     "Patents-in-Suit" means the '731 patent, '822 patent, '743 patent, and '992 patent, and any other patent that may be added to this case in the future.

16.     "Related Applications" means all continuations, continuations-in-part, divisionals, reexaminations or reissue patent applications, and foreign counterparts, whether U.S. or foreign,

claiming priority from or relating to any of the applications for the Patents-in-Suit, or claiming priority from or relating to any of the Patents-in-Suit and all parent (including grandparent or other predecessor application or priority application) applications of any of the Patents-in-Suit, regardless of whether or not such applications have issued as patents.

17.     "Related Patent" or "Related Patents" shall mean any patent or patent application, whether foreign or domestic, that the patent-at-issue claims priority to, or any patent or patent application, whether foreign or domestic, that claims priority to (i) the patent-at-issue, or (ii) any patent or application to which the patent-at-issue claims priority.

18.     "Inventor" means any of the individuals listed on the face of any of the Patents-in-Suit, whether collectively or individually.

19.     The terms "concerning," "referring to," or "relating to" any given subject matter mean (in addition to their usual meanings) any document, communication or thing pertaining to, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, involving, defining, covering, describing, evidencing, reflecting, referring directly or indirectly to, relating to, embodying, identifying, or having any logical or factual connection with the matter discussed.

20.     The term "Prior Art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103, including the case law regarding those subdivisions.

21.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.     The term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

23.     The term "including" means without limitation (including, but not limited to, any of the specific documents or categories of documents requested).

24.     "Complaint" refers to the Complaint filed by Plaintiff in the District of Delaware, Case No. 1:17-cv-01616, and to any Amended Complaint.

25.     The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests for production any information, documents, or things that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1.      Produce all documents specified below that are in your possession, custody, or control, or otherwise known and available to you, your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2.      The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

3.      References to natural persons shall be deemed to include, in addition to the person named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnership of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4.      References to entities other than natural persons, including Plaintiff, shall be deemed to include, in addition to the entity named, its predecessors, officers, directors,

employees, agents, representatives, accountants, and attorneys.

5.      In the event that any document called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

6.      Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7.      Each request for a document calls for and requires production of the document in its entirety, without abbreviation, redaction or expurgation.

8.      The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

9.      If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

10.     If, in responding to these Requests, Plaintiff encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

11.     In the event that any response is limited or documents called for by a request are withheld from disclosure on a claim of attorney-client privilege, attorney work product, or any other privilege or immunity, identify: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer

at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

12. The term "thing(s)" is used in the most comprehensive and inclusive sense permitted by the Federal Rule of Civil Procedure 34 and includes, but is not limited to, chemicals, compounds, substances, prototypes, specimens, and commercially manufactured items.

13. All documents, including metadata, shall be produced in accordance with the requirements of the Delaware Default Standard for Discovery, Including Discovery Of Electronically Stored Information unless otherwise subject to an agreement between the parties.

14. Documents that include color graphs, charts or tables shall be produced in color.

15. These Requests apply to all documents and things in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, regardless of their location and regardless of whether such documents and things are held, known by or available to any of Plaintiff's agents, employees, representatives, attorneys, or any other person.

16. If documents or things do not exist in response to a particular request, Plaintiff shall state so in writing.

17. If any documents and things requested were, but are no longer, in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, state what disposition was made of them, including identifying the person presently in control and the present location of the documents and things.

18. In the event any document called for by these Requests has been destroyed, lost,

discarded or otherwise disposed of, provide a written statement identifying in detail: (1) the nature and content of each document; (2) all author(s), recipient(s) and sender(s) of each such document; (3) the date each such document was prepared or transmitted; and (4) the date on which each such document was lost or disposed of and, if disposed of, the conditions of and reason for such disposal, the person(s) authorizing such disposal, the person disposing of the document and any person(s) currently in possession of copies of the document.

19.    Each of the Requests seeks production of a document or thing in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

20.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff is obligated to produce or make available for inspection all documents responsive to these Requests, as those documents are kept in the usual course of business, including:

    a.    All associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

    b.    All documents that cannot be legibly copied shall be produced in their original form; otherwise, Plaintiff may produce photocopies; and

    c.    Each page shall be given a discrete production number.

21.    In producing documents, all documents that are physically attached to each other in any of Plaintiff's files shall be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files or by use of dividers, tabs or any other method, shall be left so segregated or separated.  Documents shall be retained in the order in which they were maintained, in the file where they were found.

22.    If the requested documents are maintained in a file, the file folder shall be

included in the response to these Requests for production of those documents.

23.    If Plaintiff produces annual, semi-annual or quarterly data in response to these Requests, identify whether the data is supplied on a calendar year or fiscal year basis.  If the data is supplied on a fiscal year basis, identify the month in which the fiscal year begins and ends.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 90:

All communications between Helmy Eltoukhy and Guardant, including any employee or agent of Guardant, prior to January 1, 2013.

### REQUEST FOR PRODUCTION NO. 91:

All communications between Helmy Eltoukhy and either AmirAli Talasaz or Michael Wiley prior to January 1, 2013 related to Guardant or the subject matter disclosed in the Patents-in-Suit.

### REQUEST FOR PRODUCTION NO. 92:

All documents provided by Helmy Eltoukhy to Guardant or by Guardant to Helmy Eltoukhy prior to January 1, 2013.

### REQUEST FOR PRODUCTION NO. 93:

All documents relating to or evidencing Helmy Eltoukhy's relationship with and/or work with or on behalf of Guardant prior to January 1, 2013.

### REQUEST FOR PRODUCTION NO. 94:

All Helmy Eltoukhy calendar entries, notes, journals or records relating to Guardant and/or the subject matter of the Patents-in-Suit prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 95:**

All Illumina documents marked or identified as confidential or proprietary to Illumina in the possession of Guardant, including in the possession of any Guardant employee or officer.

**REQUEST FOR PRODUCTION NO. 96:**

All emails (1) sent by Helmy Eltoukhy from his Illumina email account to his Guardant email account; (2) sent by Helmy Eltoukhy from his Illumina account to his gmail account after January 1, 2012; and/or (3) sent by Helmy Eltoukhy from his gmail account to any Guardant email account.

**REQUEST FOR PRODUCTION NO. 97:**

All emails between or among the personal and/or business email accounts of Helmy Eltoukhy and AmirAli Talasaz relating to Guardant and/or the subject matter disclosed in the Patents-in-Suit prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 98:**

All documents or communications prior to January 1, 2013 related to notifying or otherwise disclosing to Illumina Helmy Eltoukhy's relationship with Guardant.

**REQUEST FOR PRODUCTION NO. 99:**

All documents or communications related to whether Helmy Eltoukhy had authorization from Illumina to provide confidential information to Guardant.

**REQUEST FOR PRODUCTION NO. 100:**

All documents or communications related to Illumina's policy related to confidential information.

**REQUEST FOR PRODUCTION NO. 101:**

All documents or communications related to Illumina's policy related to intellectual property developed by an employee, including inventions conceived by an Illumina employee.

**REQUEST FOR PRODUCTION NO. 102:**

All documents or communications related to Illumina's policy related to a code of ethics or code of conduct for employees.

**REQUEST FOR PRODUCTION NO. 103:**

All documents or communications related to Helmy Eltoukhy's obligation to disclose and/or assign inventions to Illumina.

**REQUEST FOR PRODUCTION NO. 104:**

A copy of any agreements, including employment agreements, between Helmy Eltoukhy and Illumina and/or AmirAli Talasaz and Illumina.

**REQUEST FOR PRODUCTION NO. 105:**

A copy of any documents related to Guardant's formation, including the Certificate of Incorporation filed in 2011.

**REQUEST FOR PRODUCTION NO. 106:**

All documents relating to AmirAli Talasaz and/or Helmy Eltoukhy's involvement and/or awareness of the prosecution of the '731, '743, '822 and/or '992 patents, including all documents relating to oaths, declarations, power of attorney, and application data sheets prepared, signed and/or authorized by AmirAli Talasaz and/or Helmy Eltoukhy.

**REQUEST FOR PRODUCTION NO. 107:**

All documents relating to any decision to name or omit AmirAli Talasaz and/or Helmy Eltoukhy as inventor(s) on the '731, '743, '822, '992 patents, U.S. Patent Application No. 61/696,734 and/or U.S. Patent Application No. 61/704,400.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and communications relating to whether Illumina has any ownership interests in the '731, '743, '822 and/or '992 patents.

**REQUEST FOR PRODUCTION NO. 109:**

All documents supporting or relating to Guardant's representation to the PTO that "[t]he inventors of the present invention have unexpectedly realized" the value of "non-unique identifiers, e.g., non-uniquely tagging the individual polynucleotide fragments," '992, 41:25-30, including document sufficient to show the identity of the "inventors."

**REQUEST FOR PRODUCTION NO. 110:**

All documents supporting or relating to Guardant's statement in its Technical Tutorial that "the inventors, who teamed up to found Guardant, reached an innovative solution to this problem," Technical Tutorial at 11, including documents sufficient to show the identity of the "inventors."

**REQUEST FOR PRODUCTION NO. 111:**

All documents relating to any employment agreement, consulting agreement and/or independent contractor agreement between Guardant and Helmy Eltoukhy, AmirAli Talasaz, and/or Michael Wiley.

Dated: April 15, 2019

/s/ Matthew S. Barrett

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
jtigan@mnat.com

Eric J. Marandett
emarandett@choate.com
Margaret Ives
mives@choate.com
Matthew S. Barrett
mbarrett@choate.com
Diane Seol
dseol@choate.com
CHOATE HALL & STEWART L.L.P.
2 International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

*Attorneys for Plaintiff Foundation Medicine, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document is being served on counsel of record via electronic mail this 15th day of April, 2019:

/s/ Matthew S. Barrett
Matthew S. Barrett

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1623-LPS-CJB |
| | ) | |
| v. | ) | |
| | ) | |
| PERSONAL GENOME DIAGNOSTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PERSONAL GENOME DIAGNOSTICS, INC.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO GUARDANT HEALTH, INC. (138-159)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Personal Genome Diagnostics, Inc. ("PGDx" or "Defendant") hereby requests that Plaintiff Guardant Health, Inc. ("Guardant" or "Plaintiff") respond to the following Requests for the Production of Documents and Things (the "Requests") within thirty (30) days of service of these Requests and produce the documents and things described herein at the offices of Counsel for PGDx within the time prescribed by the Federal Rules of Civil Procedure and Local Rules of the District of Delaware. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

**DEFINITIONS**

1.     "Plaintiff" or "Guardant" means Guardant Health, Inc., including any of its divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Plaintiff and all other persons acting or purporting to act on behalf of Plaintiff, its subsidiaries, affiliates, divisions, or predecessors.

2.      "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

3.      "USPTO" means the United States Patent and Trademark Office.

4.      "Document" shall mean all original documents or electronically stored information, and all copies or versions thereof (whether or not different from the original because of, e.g., notes made on or attached to certain copies), encompassed by Rule 1001 of the Federal Rules of Evidence or Federal Rule of Civil Procedure 34(a), including, without limitation: e-mail, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, such as electronically stored, magnetically stored, optically stored, and visually and aurally reproduced material of any kind, whether or not privileged.

5.      The terms "device," "thing," and "item" shall mean all tangible objects of any type, composition, construction, or nature.

6.      The terms "person," "individual," and "entity" shall include both natural persons and corporate or other business entities, and the acts and knowledge of a person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents, attorneys, and all other forms of legal entities.

7.      "Representative," when used to refer to the representative of a corporation or other legal or governmental entity, means and includes its present and former officers, directors, employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on its behalf.

8.      "Representative," when used to refer to the representative of a natural person, means and includes that person's present and former employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on said person's behalf.

9.      "Communication" means any contact between two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives, thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, voice mail.

10.     "You" and "your" means Plaintiff as defined herein.

11.     The "'731 patent" means U.S. Patent No. 9,598,731, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

12.     The "'822 patent" means U.S. Patent No. 9,834,822, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

13.     The "'743 patent" means U.S. Patent No. 9,840,743, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

14.     The "'992 patent" means U.S. Patent No. 9,902,992, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

15.     "Patents-in-Suit" means the '731 patent, '822 patent, '743 patent, and '992 patent, and any other patent that may be added to this case in the future.

16.     "Related Applications" means all continuations, continuations-in-part, divisionals, reexaminations or reissue patent applications, and foreign counterparts, whether U.S. or foreign,

claiming priority from or relating to any of the applications for the Patents-in-Suit, or claiming priority from or relating to any of the Patents-in-Suit and all parent (including grandparent or other predecessor application or priority application) applications of any of the Patents-in-Suit, regardless of whether or not such applications have issued as patents.

17.    "Related Patent" or "Related Patents" shall mean any patent or patent application, whether foreign or domestic, that the patent-at-issue claims priority to, or any patent or patent application, whether foreign or domestic, that claims priority to (i) the patent-at-issue, or (ii) any patent or application to which the patent-at-issue claims priority.

18.    "Inventor" means any of the individuals listed on the face of any of the Patents-in-Suit, whether collectively or individually.

19.    The terms "concerning," "referring to," or "relating to" any given subject matter mean (in addition to their usual meanings) any document, communication or thing pertaining to, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, involving, defining, covering, describing, evidencing, reflecting, referring directly or indirectly to, relating to, embodying, identifying, or having any logical or factual connection with the matter discussed.

20.    The term "Prior Art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103, including the case law regarding those subdivisions.

21.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.     The term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

23.     The term "including" means without limitation (including, but not limited to, any of the specific documents or categories of documents requested).

24.     "Complaint" refers to the Complaint filed by Plaintiff in the District of Delaware, C.A. No. 17-1623-LPS-CJB, and to any Amended Complaint.

25.     The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests for production any information, documents, or things that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1.      Produce all documents specified below that are in your possession, custody, or control, or otherwise known and available to you, your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2.      The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

3.      References to natural persons shall be deemed to include, in addition to the person named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnership of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4.      References to entities other than natural persons, including Plaintiff, shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees,

agents, representatives, accountants, and attorneys.

5.      In the event that any document called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

6.      Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7.      Each request for a document calls for and requires production of the document in its entirety, without abbreviation, redaction or expurgation.

8.      The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

9.      If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

10.     If, in responding to these Requests, Plaintiff encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

11.     In the event that any response is limited or documents called for by a request are withheld from disclosure on a claim of attorney-client privilege, attorney work product, or any other privilege or immunity, identify: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and

employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

12. The term "thing(s)" is used in the most comprehensive and inclusive sense permitted by the Federal Rule of Civil Procedure 34 and includes, but is not limited to, chemicals, compounds, substances, prototypes, specimens, and commercially manufactured items.

13. All documents, including metadata, shall be produced in accordance with the requirements of the Delaware Default Standard for Discovery, Including Discovery Of Electronically Stored Information unless otherwise subject to an agreement between the parties.

14. Documents that include color graphs, charts or tables shall be produced in color.

15. These Requests apply to all documents and things in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, regardless of their location and regardless of whether such documents and things are held, known by or available to any of Plaintiff's agents, employees, representatives, attorneys, or any other person.

16. If documents or things do not exist in response to a particular request, Plaintiff shall state so in writing.

17. If any documents and things requested were, but are no longer, in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, state what disposition was made of them, including identifying the person presently in control and the present location of the documents and things.

18. In the event any document called for by these Requests has been destroyed, lost, discarded or otherwise disposed of, provide a written statement identifying in detail: (1) the nature and content of each document; (2) all author(s), recipient(s) and sender(s) of each such document;

(3) the date each such document was prepared or transmitted; and (4) the date on which each such document was lost or disposed of and, if disposed of, the conditions of and reason for such disposal, the person(s) authorizing such disposal, the person disposing of the document and any person(s) currently in possession of copies of the document.

19.     Each of the Requests seeks production of a document or thing in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

20.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff is obligated to produce or make available for inspection all documents responsive to these Requests, as those documents are kept in the usual course of business, including:

   a.   All associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

   b.   All documents that cannot be legibly copied shall be produced in their original form; otherwise, Plaintiff may produce photocopies; and

   c.   Each page shall be given a discrete production number.

21.     In producing documents, all documents that are physically attached to each other in any of Plaintiff's files shall be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files or by use of dividers, tabs or any other method, shall be left so segregated or separated.  Documents shall be retained in the order in which they were maintained, in the file where they were found.

22.     If the requested documents are maintained in a file, the file folder shall be included in the response to these Requests for production of those documents.

23.     If Plaintiff produces annual, semi-annual or quarterly data in response to these

Requests, identify whether the data is supplied on a calendar year or fiscal year basis.  If the data is supplied on a fiscal year basis, identify the month in which the fiscal year begins and ends.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 138:**

All communications between Helmy Eltoukhy and Guardant, including any employee or agent of Guardant, prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 139:**

All communications between Helmy Eltoukhy and either AmirAli Talasaz or Michael Wiley prior to January 1, 2013 related to Guardant or the subject matter disclosed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 140:**

All documents provided by Helmy Eltoukhy to Guardant or by Guardant to Helmy Eltoukhy prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 141:**

All documents relating to or evidencing Helmy Eltoukhy's relationship with and/or work with or on behalf of Guardant prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 142:**

All Helmy Eltoukhy's calendar entries, notes, journals or records relating to Guardant and/or the subject matter of the Patents-in-Suit prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 143:**

All Illumina documents marked or identified as confidential or proprietary to Illumina in the possession of Guardant, including in the possession of any Guardant employee or officer.

**REQUEST FOR PRODUCTION NO. 144:**

All emails (1) sent by Helmy Eltoukhy from his Illumina email account to his Guardant email account; (2) sent by Helmy Eltoukhy from his Illumina account to his gmail account after January 1, 2012; and/or (3) sent by Helmy Eltoukhy from his gmail account to any Guardant email account.

**REQUEST FOR PRODUCTION NO. 145:**

All emails between or among the personal and/or business email accounts of Helmy Eltoukhy and AmirAli Talasaz relating to Guardant and/or the subject matter disclosed in the Patents-in-Suit prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 146:**

All documents or communications prior to January 1, 2013 related to notifying or otherwise disclosing to Illumina Helmy Eltoukhy's relationship with Guardant.

**REQUEST FOR PRODUCTION NO. 147:**

All documents or communications related to whether Helmy Eltoukhy had authorization from Illumina to provide confidential information to Guardant.

**REQUEST FOR PRODUCTION NO. 148:**

All documents or communications related to Illumina's policy related to confidential information.

**REQUEST FOR PRODUCTION NO. 149:**

All documents or communications related to Illumina's policy related to intellectual property developed by an employee, including inventions conceived by an Illumina employee.

**REQUEST FOR PRODUCTION NO. 150:**

All documents or communications related to Illumina's policy related to a code of ethics or code of conduct for employees.

**REQUEST FOR PRODUCTION NO. 151:**

All documents or communications related to Helmy Eltoukhy's obligation to disclose and/or assign inventions to Illumina.

**REQUEST FOR PRODUCTION NO. 152:**

A copy of any agreements, including employment agreements, between Helmy Eltoukhy and Illumina and/or AmirAli Talasaz and Illumina.

**REQUEST FOR PRODUCTION NO. 153:**

A copy of any documents related to Guardant's formation, including the Certificate of Incorporation filed in 2011.

**REQUEST FOR PRODUCTION NO. 154:**

All documents relating to AmirAli Talasaz's and/or Helmy Eltoukhy's involvement in and/or awareness of the prosecution of the '731, '743, '822 and/or '992 patents, including all documents relating to oaths, declarations, power of attorney, and application data sheets prepared, signed and/or authorized by AmirAli Talasaz and/or Helmy Eltoukhy.

**REQUEST FOR PRODUCTION NO. 155:**

All documents relating to any decision to name or omit AmirAli Talasaz and/or Helmy Eltoukhy as inventor(s) on the '731, '743, '822, '992 patents, U.S. Patent Application No. 61/696,734 and/or U.S. Patent Application No. 61/704,400.

**REQUEST FOR PRODUCTION NO. 156:**

All documents and communications relating to whether Illumina has any ownership interests in the '731, '743, '822 and/or '992 patents.

**REQUEST FOR PRODUCTION NO. 157:**

All documents supporting or relating to Guardant's representation to the USPTO that "[t]he inventors of the present invention have unexpectedly realized" the value of "non-unique identifiers, e.g., non-uniquely tagging the individual polynucleotide fragments," '992, 41:25-30, including document sufficient to show the identity of the "inventors."

## REQUEST FOR PRODUCTION NO. 158:

All documents supporting or relating to Guardant's statement in its Technical Tutorial that "the inventors, who teamed up to found Guardant, reached an innovative solution to this problem," Technical Tutorial at 11, including documents sufficient to show the identity of the "inventors."

## REQUEST FOR PRODUCTION NO. 159:

All documents relating to any employment agreement, consulting agreement and/or independent contractor agreement between Guardant and Helmy Eltoukhy, AmirAli Talasaz, and/or Michael Wiley.

April 15, 2019

Of Counsel:

Joseph R. Re
Stephen W. Larson
Baraa Kahf
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Joe.re@knobbe.com
Stephen.larson@knobbe.com
Baraa.kahf@knobbe.com

William R. Zimmerman
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W.
Suite 900

By: */s/ David A. Bilson*

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Attorneys for Defendant Personal Genome Diagnostics, Inc.*

-12-

Washington, DC 20006
202-640-6412 - Direct
Tel: (202) 640-6400
Fax: (202) 640-6401
Bill.Zimmerman@knobbe.com

Karen Vogel Weil
Yanna S. Bouris
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Karen.weil@knobbe.com
Yanna.bouris@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| Joseph J. Farnan, Jr.<br>Brian E. Farnan .<br>Michael J. Farnan<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>farnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com | Edward R. Reines<br>Derek Walter<br>WEIL, GOTSHAL &MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000<br>edward.reines@weil.com<br>derek.walter@weil.com |

April 15, 2019

*/s/ David A. Bilson (#4986)*

30299222

# EXHIBIT 3

**From:**             Ives, Margaret E.
**Sent:**             Friday, June 14, 2019 10:39 AM
**To:**               Constant, Justin; Baraa.Kahf; Walter, Derek; Guardant Health II Service
**Cc:**               Knobbe.PGDx; Barrett, Matthew; FM-GuardantService
**Subject:**          RE: Guardant v. PGDx - Request for meeting of counsel

Justin,

Please confirm that Guardant's refusal to search for and produce additional documents and, in particular, Guardant's refusal to search for and produce confidential Illumina materials in Guardant's possession, is also Guardant's response with respect to FMI's Third Set of Requests for Production  (as detailed in my email of June 7 at 3:33 PM ET).

We are still awaiting a response from Guardant as to all of the issues raised in that email.

Best,

Meg


Margaret E. Ives

## CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com


**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Friday, June 14, 2019 12:23 AM
**To:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Walter, Derek< Derek.Walter@weil.com>; Guardant Health II Service < Guardant.Health.II.Service@weil.com>
**Cc:** Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Barrett, Matthew< mbarrett@choate.com>; Ives, Margaret E. <mives@choate.com>
**Subject:** RE: Guardant v. PGDx - Request for meeting of counsel

**\*\*External Email\*\***

Barra,

**Requests for Production**
With respect to PGDx's requests for production, Guardant maintains its objections that the requests are overbroad and request irrelevant information and are not calculated to lead to the discovery of relevant evidence.  For example and without limitation, RFP Nos. 138, 140, 144, and 145 request all documents and communications without limit as to subject matter at all.  Guardant is willing to reasonably search for

documents related to the requests below to the extent they are relevant to PGDx's claim of alleged inequitable conduct or other claim in the case. Further, Guardant does not intend to search for or produce any Illumina confidential documents or information.

**Interrogatories**

With respect to Interrogatory No. 3, we disagree that any supplementation is necessary at this stage.  We just recently received additional printed source code from PGDx and are reviewing the second court-ordered deposition of Dr. Angiouli. Further, given that this interrogatory calls for expert discovery and expert reports are due in July, it is appropriate that any such information (to the extent necessary) would be provided then.

With respect to Interrogatory No. 5, we disagree that Guardant's interrogatory response is insufficient with respect to PGDx's alleged unclean hands defense.  PGDx has failed to provide any legally cognizable theory or sufficient evidence to support such a defense.

With respect to Interrogatory No. 13, we explained on the meet and confer that Guardant will be seeking that discovery into the antitrust issues be delayed until after the trial on the patent claims.

**Foundation Medicine Confidential Information**

With respect to the Foundation Medicine confidential documents, we will seek production to PGDx of the documents from FMI, and thus we believe the issue is premature at this point.  Further, with respect to the witnesses, we disagree with your assertions and also believe that it is premature.  To the extent that these witnesses are called at trial or identified on pretrial disclosures, the parties can resolve the issue at that time.

**Prior Requests for Production**

Regarding Daniel Simon's "notes" and "meeting minutes" that you referenced, Guardant will be producing the documents that could be located after a reasonable search.

Sincerely,
Justin

---

**From:** Baraa.Kahf <Baraa.Kahf@knobbe.com>
**Sent:** Thursday, June 13, 2019 1:13 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>
**Cc:** Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Barrett, Matthew <mbarrett@choate.com>; Ives, Margaret E. <mives@choate.com>
**Subject:** RE: Guardant v. PGDx - Request for meeting of counsel

Justin:

It is now Thursday and we have yet to receive your updates regarding the requests we discussed last Friday. Please provide your position on these requests today.

Thank you.

Baraa

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Monday, June 10, 2019 9:14 PM
**To:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health II

Service <Guardant.Health.II.Service@weil.com>
**Cc:** Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Barrett, Matthew <mbarrett@choate.com>; Ives, Margaret E. <mives@choate.com>
**Subject:** RE: Guardant v. PGDx - Request for meeting of counsel

Baraa,
We are still investigating the issues identified below and should be able to respond tomorrow.
- Justin

---

**From:** Baraa.Kahf <Baraa.Kahf@knobbe.com>
**Sent:** Monday, June 3, 2019 3:48 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>
**Cc:** Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Barrett, Matthew <mbarrett@choate.com>; Ives, Margaret E. <mives@choate.com>
**Subject:** Guardant v. PGDx - Request for meeting of counsel

Counsel:

I write to request a meeting of counsel regarding Guardant's deficient responses, served on May 15, 2019, to PGDx's discovery request.  Guardant refuses to produce documents responsive to PGDx's Request for Production Nos. 138–152, 154, 155, and 156, and has provided deficient responses to Interrogatory Nos. 3, 5, 8, and 13.

**Requests for Production**
- Request Nos. 138–140 seek communications and documents between Helmy Eltoukhy and Guardant, AmirAli Talasaz, or Michael Wiley, prior to January 1, 2013.  Guardant objects to these requests as vague or ambiguous, and cumulative of Request Nos. 3, 5, 6, 10, 80, 87, and 90.  Guardant's objections are without merit.  Moreover, Guardant either limited the scope of its response to those requests (see, e.g., Guardant's responses to Request Nos. 4, 5, 6, and 10), or outright refused to produce responsive documents (see, e.g., Guardant's responses to Request Nos. 80, 87, and 90).  Guardant cannot hide behind its prior responses that were also deficient.  Guardant also objects to Request Nos. 138–140 as overly burdensome because certain responsive documents are purportedly "not relevant to the Asserted Patents or Accused Products at issue."  Dr. Eltoukhy's relationship and communication with Guardant, Dr. Talasaz, and Mr. Wiley before he became a Guardant employee is highly relevant to PGDx's counterclaims and defenses.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request Nos. 141 and 142 similarly seek documents relating to Helmy Eltoukhy's relationship or work with Guardant before 2013.  Guardant's objections as to vagueness or ambiguity are unsupported.  Again, these requests seek documents that are directly relevant to PGDx's counterclaims and defenses in this case.  Moreover, PGDx is entitled to documents proving or disproving Guardant's shifting characterization of its relationship with Dr. Eltoukhy before 2013.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request No. 143 seeks Illumina documents marked or identified as confidential or proprietary.  Request No. 144 similarly seeks emails sent by Helmy Eltoukhy from his Illumina email account and/or from his gmail account to his Guardant account.  Evidence already available shows that Dr. Eltoukhy sent such emails containing Illumina confidential information.  Guardant's objections as to vagueness or ambiguity are nonsensical and unsupported.  The requests are clear on their face and should be interpreted in

accordance with the plain and ordinary meaning of the words of each request.  Further, Guardant's objection that the Requests are overly burdensome fails to articulate a reason each request is purportedly burdensome, and merely parrots the request.  This circular objection provides no basis for Guardant's refusal to produce documents.

- Request No. 145 seeks emails between Helmy Eltoukhy and AmirAli Talasaz relating to Guardant and/or the subject matter of the Patents-in-Suit before January 1, 2013.  Guardant's objections as to vagueness or ambiguity are nonsensical and unsupported.  This request is appropriately limited in scope to emails relating to Guardant and/or the subject matter of the Patents-in-Suit, and in time to the period prior to Dr. Eltoukhy's employment with Guardant.  Similarly, Guardant's objection that the Request is overly burdensome is circular and unsupported.  Emails between Drs. Eltoukhy and Talasaz relating to Guardant and/or the Patents-in-Suit prior to Dr. Eltoukhy's employment with Guardant are necessarily relevant to PGDx's counterclaims and defenses in this case.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request No. 146 seeks documents or communications, before 2013, relating to notifying or disclosing to Illumina Helmy Eltoukhy's relationship with Guardant.  Request No. 147 similarly seeks documents related to whether Dr. Eltoukhy had authorization from Illumina to provide confidential information to Guardant.  Guardant's objections as to vagueness, ambiguity, and purported burden and disproportionality are nonsensical.  This request is narrowly tailored on its face.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request Nos. 148–151 seeks documents related to various Illumina policies.  Guardant simply repeats its boilerplate privilege paragraph.  Regardless, Guardant has an obligation to search for responsive documents, produce any that are not privileged, and log any documents Guardant contends are privileged, with specificity sufficient that PGDx may understand the basis for the claim of privilege.  Given that Guardant provides no objection other than for privilege, please search for and produce responsive documents, and provide us with a log for any allegedly privileged documents.

- Request No. 152 seeks a copy of any agreements between Helmy Eltoukhy and Illumina and/or AmirAli Talasaz and Illumina.  Guardant's objections as to vagueness or ambiguity are nonsensical and unsupported.  This request is appropriately limited in scope.  Similarly, Guardant's objection that the Request is overly burdensome is disingenuous because this request seeks a discrete set of relevant documents.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request No. 154 seeks documents relating to AmirAli Talasaz's or Helmy Eltoukhy's involvement or awareness of the prosecution of the '731, '742, '822, and/or '992 patents.  Guardant's objection that this Request is cumulative over previous Request Nos. 12, 13, and 14 is unsupported.  While Request Nos. 12 –14 seek documents related to the prosecution of the Patents-in-Suit, Guardant merely cited to the file histories at Bates Nos. GD00000001 to GD00010558, and limited its further search to documents sufficient to show validity, conception, diligence, and reduction to practice of the Patents-in-Suit.  This request, on the other hand, seeks documents related to the involvement or awareness of the two individuals.  Guardant otherwise provides no proper basis for its refusal to search for and produce documents responsive to this request.

- Request No. 155 seeks documents relating to any decision to name or omit Dr. Talasaz and/or Dr. Eltoukhy as inventors.  Request No. 158 seeks documents supporting a specific statement by Guardant, including documents sufficient to show the identity of "inventors" referenced in that statement.  Guardant simply repeats its boilerplate privilege paragraph and makes no objections to these requests.  Therefore, Guardant's refusal to search for and produce responsive documents is improper.

- Request No. 156 seeks documents relating to whether Illumina has any ownership interests in any of the patents-in-suit.  Guardant responds that it is unaware of "unproduced non-privileged documents" responsive to this request.  Please confirm that Guardant has performed an appropriate search, not merely relying on inapplicable search terms that Guardant used for prior productions, and has provided a privilege log for all responsive privileged documents.

- Request No. 157 seeks documents relating to Guardant's representations to the USPTO that "[t]he inventors of the present invention have unexpectedly realized" the value of "non-unique identifiers, e.g., non-uniquely tagging the individual polynucleotide fragments," and documents sufficient to identify the "inventors."  Again, Guardant's objection that this Request is cumulative over previous Request Nos. 12, 13, and 14 is unsupported.  While Request Nos. 12–14 seek documents related to the prosecution of the Patents-in-Suit, Guardant merely cited to the file histories at Bates Nos. GD00000001 to GD00010558, and limited its further search to documents sufficient to show validity, conception, diligence, and reduction to practice of the Patents-in-Suit.  This request seeks documents related to specific representations to the USPTO that may not be captured in Guardant's limited responses to Request Nos. 12–14.  Guardant otherwise provides no proper basis for its refusal to produce documents responsive to this Request.

### Interrogatories

- Interrogatory No. 3 seeks specific information regarding Guardant's basis for infringement, including a detailed explanation of how each step is performed in the source code with specific reference to source code lines, methods, routines, or functions.  Guardant's response to this interrogatory falls short because it simply refers to its Final Infringement Contentions, which do nothing of the sort.  Guardant's response is therefore deficient.

- Interrogatory No. 5 seeks Guardant's bases for contending that PGDx's defenses are without merit.  Guardant's response is deficient as it does not set forth the complete bases for its contentions, does not include citations to all evidence supporting its contentions, and does not identify all persons with knowledge tending to support or undermine its contentions.  For example, Guardant does not provide any contentions with respect to PGDx's Third, Fourth, and Fifth affirmative defenses.

- Interrogatory No. 13 seeks identification of Guardant's bases for contending that PGDx is not entitled to damages or injunctive relief for any alleged violation of the Sherman Act.  Guardant does not provide a substantive response and simply alleges that PGDx is not entitled to damages because Guardant is not liable for any violation.  As with any damages interrogatory, this interrogatory seeks Guardant's contentions as to why PGDx would not be entitled to damages or injunctive relief in the even that Guardant is found liable under the Sherman Act.  Thus, Guardant's response is completely lacking.

### Foundation Medicine Confidential Information

On the last day of fact discovery, May 15, 2019, Guardant identified for the first time several individuals that appear to be FMI witnesses on its initial disclosures.  Guardant also belatedly cited for the first time confidential FMI documents and deposition testimony of these FMI witnesses in several written interrogatory responses served on PGDx in this case.  In response to Interrogatory No. 8, Guardant also identified these same FMI witnesses as individuals whom it may call at trial.  This is improper.  PGDx objects to the identification of these FMI witnesses as it was not provided an opportunity to participate in those depositions or to cross-examine each of those witnesses at their respective depositions.  PGDx also objects to the identification of confidential FMI documents which Guardant has not provided to PGDx and which are part of an entire production by FMI for which PGDx has been provided no opportunity to review.  Please confirm that Guardant will withdraw these FMI witnesses and will not rely on any confidential FMI documents, or provide

your availability for a conference of counsel on this issue.  If Guardant does not agree, PGDx intends to move to strike these documents and the testimony and to seek the exclusion of these documents and testimony from trial.

**Prior Requests for Production**



These documents are responsive to several of PGDx's requests for production, including at least Request No. 105 ("Documents sufficient to show any lost sales by Plaintiff to Defendant as a result of Defendant's alleged infringement, including all documents relating to any reasons that each customer involved in such a lost sale chose Defendant's product over Plaintiff's"); Request No. 127 ("All documents and things relating to whether Plaintiff is or is not entitled to lost profit damages and the amount of those lost profits, if infringement of one or more of the Patents-in-Suit is found"); and Request No. 113 ("Documents relating to the computation of damages claimed by Plaintiff in this litigation").  Please confirm that Guardant will produce these additional documents by June 14.

Please confirm by Wednesday, June 5, 2019 that Guardant will produce all requested documents and supplement its interrogatory responses by no later than June 17, 2019.  If Guardant does not confirm that it will correct these deficiencies, please advise of your availability to meet and confer on Wednesday, June 5 at 2 PM PST, or Thursday, June 6 at 3 PM PST.  PGDx reserves all rights regarding these requests and interrogatories, including moving the court to compel Guardant's production and supplementation.

Best regards,

**Baraa Kahf**
Partner
Baraa.Kahf@knobbe.com

949-721-5395 **Direct**

**Knobbe** Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/baraa-kahf

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 4

**From:**          Ives, Margaret E.
**Sent:**          Tuesday, June 11, 2019 6:06 PM
**To:**            Constant, Justin; Chi, Shawn; Guardant Health II Service; Guardant Health;
                   Guardant Health Service; farnan@farnanlaw.com; Stephen.Larson;
                   Baraa.Kahf (Baraa.Kahf@knobbe.com); Knobbe.PGDx
**Cc:**            FM-GuardantService; Tigan, Jeremy A.
**Subject:**       RE: Guardant Health v. Foundation Medicine

Justin,

Thank you for confirming.  We are in the process of reviewing your log and production. In an effort to further minimize the issues which we still intend to raise with the Court, please provide a version of the log with the email addresses showing (as you previously indicated you would) and the bates numbers that correspond to each of the now-produced documents.

Meg


Margaret E. Ives

# CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com


**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Tuesday, June 11, 2019 5:39 PM
**To:** Ives, Margaret E. <mives@choate.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson <Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

**External Email**

Meg,

The privilege log should address the issues you set forth below and the updates are in response to the specific log entries you identified on Tuesday.  As for the entries that were removed from the log, they were identified as nonresponsive in addition to being not relevant, and thus not included in the production.

- Justin

---

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Tuesday, June 11, 2019 4:31 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson < Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Justin,

I have not yet received a response to my email below.  Can you please confirm tonight whether documents previously described on Guardant's various privilege logs in entries that are now struck through, but not marked PRODUCED, in the revised privilege log you just served, are now being withheld by Guardant solely on the basis of relevance?

Meg


Margaret E. Ives

## CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

---

**From:** Ives, Margaret E.
**Sent:** Tuesday, June 11, 2019 2:25 PM
**To:** 'Constant, Justin' <Justin.Constant@weil.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson < Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Justin,

Given your representation that you will be producing additional documents and an updated log, we are willing to hold off on the filing of our letter until Thursday at 3pm, provided that you can inform us by COB today as to (1) the specific entries on the privilege log you are now addressing and how you are addressing those specific entries (i.e., either by supplementing the entry or by producing the underlying document);  (2) the specific categories of documents you are now agreeing to produce in response to my emails; and (3) the specific categories of documents that you are now intending to withhold on the basis of relevance.

Please confirm that you intend to provide this information to us today or let us know if you are available to discuss at 5pm today.

We understand that we are at an impasse with respect to the source code and will be including that issue in our letter to the Court.

Best,

Meg


Margaret E. Ives

# CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com


**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Monday, June 10, 2019 10:58 PM
**To:** Ives, Margaret E. <mives@choate.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson <Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

**\*\*External Email\*\***

Meg,

We believe that a number of the issues you identified in the draft joint letter are still premature.

For example, we are nearly finished reviewing the substantial number of entries that you identified on Tuesday.  After reviewing the documents, we have identified a number that we are willing to produce as well as documents that we have determined are not relevant.  Further, we will be updating the privilege

log for a number of the remaining entries to further identify the source of the privilege as you requested. We will provide the production tonight or tomorrow and the updated log tomorrow.

As for the documents you have identified below from Mr. Wiley's deposition, we have produced a number of these documents recently and will be rolling out additional productions as the documents can be located after a reasonable search.  Thus, we do not believe there is any issue to raise with the Court. Please let us know if you disagree.

███████████████████████████████████ we intend to produce them shortly.

Regarding the source code, Guardant has already responded to your request for information about contributions to the source code by Dr. Eltoukhy.  The burden of producing additional source code is outweighed by the probative value.

Sincerely,
Justin

---

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Thursday, June 6, 2019 6:12 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson <Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Justin,

We have been asking you for nearly a month to look into the privilege log entries involving Mr. Wiley before he became Chief Legal Officer and to provide additional explanation supporting your claim of privilege.  Your contention now that we have given you only two days to address this issue is simply untrue.  Moreover, to be clear, we are not contending that entries before Mr. Wiley became CLO can't be privileged; we are simply contending that your privilege log descriptions are insufficient on their face to demonstrate that those documents are in fact privileged.  As I said, we have been asking you for nearly a month to supplement those descriptions.  Given your failure to do so, we believe this issue is now ripe for the Court.  We therefore intend to raise all of the issues we have identified with respect to Guardant's privilege log in a filing this week.  However, please do provide the updated log with email addresses to us by no later than COB tomorrow, so that we can minimize any unnecessary burden to the Court in having to address each of those entries.

Also, as you requested, here are the citations to the Wiley deposition that we believe demonstrate the existence and accessibility of the documents specifically identified in my earlier email and below. Based on Mr. Wiley's testimony, we believe that a reasonable search and investigation would at least begin with simply asking Mr. Wiley to locate these documents.  Please confirm whether you have done so and/or intend to do so.

- ████████████████████████████████████████████████████
████████████████████████████████████████



Finally, please state the basis for your assertion that you will not be making any further source code available for inspection.  This is highly improper, and we certainly intend to raise this issue with the Court.

We will be providing you with a draft joint letter to the Court regarding these discovery issues shortly.

Meg


Margaret E. Ives

**CHOATE**

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com


**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, June 6, 2019 2:06 PM
**To:** Ives, Margaret E. <mives@choate.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson <Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>

**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

**\*\*External Email\*\***

Meg,

With respect to the privilege entries, we are in the process of reviewing them, but given the number it is completely unreasonable to demand a full response in only two days. However, we are working with the vendor to provide email addresses for those entries where available. We expect to provide that shortly. Further, as stated before, we disagree with your assertion that any communications with Michael Wiley cannot be privileged prior to 2016.

Regarding to the documents you referred to regarding Mr. Wiley, we still determining whether these documents can be "easily located" as you state, ███████████████████████████████████ ███████████████████████████████████████████████████████ Please provide a citation for each. Nevertheless, to the extent that we have located documents in some of these categories, we will be producing them on a rolling basis starting today.

As for the source code, Guardant does not intend to provide additional source code for inspection at this time.
Sincerely,
Justin

---

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Monday, June 3, 2019 7:45 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson < Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Justin,

I write to follow up on our meet and confer this afternoon.

With respect to the issues with Guardant's privilege log set forth below, we understand that we are at an impasse with respect to the entries specifically identified below. ███████████████████████ ███████████████████████████████████████████ we understand that Guardant will explore with its vendor whether it can provide an updated log reflecting the email addresses of the senders and recipients and/or a list of all other attorneys appearing thereon so that we can properly assess Guardant's claim of privilege. While we think our position regarding ███████████████████████████████████ ███████████████████████████ we have agreed to provide you with a list of the specific entries that fall into this category so that you may assess our concerns on an entry by entry basis. We will provide that list to you tomorrow. However, as we have already provided you with the basis of our challenge, we are prepared to move on those entries and intend to raise that issue with the Court at the end of the week.

Regarding the documents related to ████████████████████████████ ████████████ we understand that Guardant is still looking into those issues and will provide us with Guardant's positions by Thursday morning.  We also understand that Guardant is still evaluating our request for an additional inspection of source code and will provide us with an update on Thursday morning. We informed Guardant that we are prepared to move to compel production of these documents and source code should Guardant refuse to produce them or fail to provide us with an adequate response regarding its position on Thursday morning.

Best,

Meg


Margaret E. Ives

**CHOATE**

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

---

**From:** Ives, Margaret E.
**Sent:** Monday, June 3, 2019 3:19 PM
**To:** 'Constant, Justin' <Justin.Constant@weil.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson < Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Justin,

We intend to move to compel production of at least the following entries on Guardant's privilege log as relevant and not privileged. As indicated below, we understand that Guardant has since removed many of these entries from its privilege log but is now attempting to withhold them on the basis of relevance. We believe such withholding is entirely improper and are prepared to raise that issue with the Court following our meet and confer.



In addition, as previously indicated, there are a substantial number of entries ███████████████████ ████████████████████████████████████████ We will endeavor to provide you with a specific list of these entries as soon as possible (although it is clearly more burdensome for us, as opposed to you, to review each of these entries and attempt to determine if any of the other individuals thereon are attorneys, as you have failed to provide us with any list of attorneys or email addresses that would aid us in assessing your claims of privilege). In any event, as we have now repeatedly informed you, we intend to move on any such entry that does not include any additional details demonstrating that the communication reflects legal advice of an attorney other than Mr. Wiley.

Best,

Meg

Margaret E. Ives

**CHOATE**

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Monday, June 3, 2019 12:14 PM
**To:** Ives, Margaret E. <mives@choate.com>; Chi, Shawn <Shawn.Chi@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson <Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>;

Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

**\*\*External Email\*\***

Meg,

We strongly disagree with each of your points below.  Guardant has repeatedly addressed your concerns and reviewed each of the privilege log entries you have identified and supplemented its log where necessary.  To the extent you intend to approach the Court, please provide a specific list of the log entries for which you will be moving for production.  I'm available at 4pm CT today if you would like to discuss.

Thanks,
Justin

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Monday, June 3, 2019 9:53 AM
**To:** Chi, Shawn <Shawn.Chi@weil.com>; Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com; Stephen.Larson < Stephen.Larson@knobbe.com>; Baraa.Kahf (Baraa.Kahf@knobbe.com) < Baraa.Kahf@knobbe.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

Shawn,

Please let us know when you are available this afternoon to meet and confer on this.  Specifically, we would like to understand the basis upon which you now contend that there are approximately 90 emails which your team previously determined were both relevant and privileged that you now contend are no longer relevant.

In addition, we do not believe that your most recent privilege log addresses any of the issues that we previously raised (as identified in my email below and in my previous emails).  We therefore believe that issues related to deficiencies in Guardant's privilege log and Guardant's withholding of relevant/non-privileged documents are now ripe to be brought before the Court for resolution.

To the extent you disagree, we can discuss on a meet and confer call this afternoon.  To the extent we don't hear back from you today, however, please be advised that we plan to file a letter with the Court this week.

Meg

Margaret E. Ives

**CHOATE**

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907

f 617-248-4000
mives@choate.com
www.choate.com

**From:** Chi, Shawn <Shawn.Chi@weil.com>
**Sent:** Thursday, May 30, 2019 2:11 PM
**To:** Ives, Margaret E. <mives@choate.com>; Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health v. Foundation Medicine

**\*\*External Email\*\***

Meg,

In response to your first point, Guardant maintains its privilege for communications generally between Drs. Talasaz and Eltoukhy while Dr. Eltoukhy was acting as a representative of Guardant and specifically for the entries you identify below, aside from entry 1207, which Guardant produced as GUARDFM00868980. Guardant amended and served an amended privilege log on April 16 regarding these documents. *See* Guardant Health Inc.'s 6th Supplemental Privilege Log. Guardant will produce a single privilege log containing all entries later today.

In response to your second point, Guardant has reviewed each entry you identified below and has determined that the emails listed on the privilege log from Dr. Eltoukhy while he was an employee of Illumina or from his Illumina email account are not responsive to any of FMI's document requests and were mistakenly included on the privilege log. As such, Guardant has removed them in the log that we will provide later today.

Best,

Shawn

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Tuesday, May 28, 2019 10:53 AM
**To:** Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Guardant Health <Guardant.Health@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; farnan@farnanlaw.com
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** Guardant Health v. Foundation Medicine

Justin,

In follow up to our meet and confer on Friday, we continue to see several issues on Guardant's privilege log that were not addressed by Guardant's supplemental log and production last week.

First, it is my understanding that in attempting to address the issues raised in my May 8 email, Guardant looked only at specific entries identified by number and did not look at, or attempt to address more broadly, our complaints regarding communications between Drs. Talasaz and Eltoukhy while Dr. Eltoukhy was employed by Illumina, or communications with Mr. Wiley in his role as either CFO or CEO – i.e., communications in which Mr. Wiley is the only attorney listed on entries predating his becoming Chief Legal Officer in 2016.  Nor is it clear to us how Guardant has attempted to address our concerns. Specifically, it is not clear whether Guardant is attempting to maintain its privilege over the challenged entries ███████ ████████████████████████████████ whether Guardant has amended or is agreeing to amend its description of certain of these entries, or whether Guardant has produced or is agreeing to produce some of these underlying documents.  On our meet and confer, we specifically requested a single privilege log that replaces all earlier logs so that we can actually understand Guardant's current position on the challenged documents. Please let us know where you stand on that request.

In addition, there are multiple entries on Guardant's privilege log for which the date listed is either 2010, 2011 or 2012 (i.e., before Dr. Eltoukhy joined Guardant Health) describing emails between Dr. Eltoukhy, other Illumina scientists and Illumina paralegals ████████████████████████████████████████ ██████████████████████████████████████████ The descriptions of these entries all state that the underlying documents relate to ██████████████ █████████████████████████████████████████ ██████████ Please provide state the basis for Guardant's contentions that these documents are covered by any Guardant Health privilege or let us know your availability tomorrow to meet and confer on this issue.

Best,

Meg


Margaret E. Ives

## CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any

part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Khait, Irina <Irina.Khait@weil.com> |
| **Sent:** | Thursday, May 30, 2019 4:34 PM |
| **To:** | FM-GuardantService; jtigan@mnat.com; kjacobs@mnat.com; Ives, Margaret E. |
| **Cc:** | Guardant Health II Service; farnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | Guardant Health v. Foundation Medicine, No. 1:17cv01616: Privilege Log |
| **Attachments:** | 2019-05-30 Guardant Comb Privilege Log_11th Supp_FMI.pdf |

**\*\*External Email\*\***

Counsel,

Attached please find Guardant's supplemental combined privilege log.

Thanks,



**Irina Khait**
Senior Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Irina.Khait@weil.com
+1 650 802 3057 Direct
+1 650 799 2513 Cell
+1 650 802 3100 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 6

| | |
|---|---|
| **From:** | Khait, Irina <Irina.Khait@weil.com> |
| **Sent:** | Tuesday, June 11, 2019 5:25 PM |
| **To:** | FM-GuardantService; jtigan@mnat.com; kjacobs@mnat.com; Ives, Margaret E. |
| **Cc:** | Guardant Health II Service; farnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | Guardant Health v. Foundation Medicine, No. 1:17cv01616: Privilege Log |
| **Attachments:** | 2019-06-11 Guardant Comb Privilege Log_12th Supp_FMI.pdf |

**\*\*External Email\*\***

Counsel,

Attached please find Guardant's 12th supplemental privilege log.

Thanks,



**Irina Khait**
Senior Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Irina.Khait@weil.com
+1 650 802 3057 Direct
+1 650 799 2513 Cell
+1 650 802 3100 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 7

| | |
|---|---|
| **From:** | Khait, Irina <Irina.Khait@weil.com> |
| **Sent:** | Friday, June 14, 2019 6:21 PM |
| **To:** | FM-GuardantService; jtigan@mnat.com; kjacobs@mnat.com; Ives, Margaret E. |
| **Cc:** | Guardant Health II Service; farnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | Guardant Health v. Foundation Medicine, No. 1:17cv01616: Privilege Log |
| **Attachments:** | 2019-06-14 Guardant Comb Privilege Log_13th Supp_FMI.pdf |

**\*\*External Email\*\***

Counsel,

Attached please find Guardant's 13th supplemental privilege log.

Thanks,



**Irina Khait**
Senior Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Irina.Khait@weil.com
+1 650 802 3057 Direct
+1 650 799 2513 Cell
+1 650 802 3100 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Yuen, Jimmy <Jimmy.Yuen@weil.com> |
| **Sent:** | Friday, June 28, 2019 6:07 PM |
| **To:** | FM-GuardantService; jtigan@mnat.com; kjacobs@mnat.com; Ives, Margaret E. |
| **Cc:** | Guardant Health II Service; farnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | Guardant Health v. Foundation Medicine, No. 1:17cv01616: Privilege Log |
| **Attachments:** | 2019-06-28 Guardant Comb Privilege Log_14th Supp_FMI.pdf |

**\*\*External Email\*\***

Counsel,

Attached please find Guardant's 14th supplemental privilege log.

Thanks,



**Jimmy Yuen**
Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
jimmy.yuen@weil.com
+1 650 802 3031 Direct
+1 646 417-4885 Mobile
+1 650 802 3100 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 9

REDACTED

IN ITS

ENTIRETY