# FARNAN LLP

July 15, 2019

**VIA E-FILING**
The Honorable Christopher J. Burke
United States District Court
844 North King Street
Unit 28, Room 2325
Wilmington, DE 19801

      Re:    *Guardant Health, Inc. v. Foundation Medicine Inc.*,
             **C.A. No. 17-1616-LPS-CJB**
             *Guardant Health, Inc. v. Personal Genome Diagnostics,*
             <u>**C.A. No. 17-1623-LPS-CJB**</u>

Dear Judge Burke:

On May 21, 2019, after fact discovery closed, this Court allowed PGDx "to take targeted, additional discovery" concerning Dr. Eltoukhy's relationship with Guardant prior to his full-time employment at Guardant in 2013. D.I. 261 (Case No. 17-1623-LPS-CJB).

The Defendants' motion does not seek targeted discovery. In addition to the nearly one million pages of documents already produced by Guardant (a small company), Defendants demand that Guardant produce seven categories of documents that, taken collectively, are over-broad and over-reaching. To the extent that Defendants made some effort within those requests to try to be targeted in its demands for post-cutoff discovery, Guardant agreed to search for and produce such documents. That cooperation is confirmed below. Guardant's cooperation has been met by broader and broader requests.

Fact discovery was supposed to end two months ago and initial expert reports are due in less than two weeks. Facing Defendants' insatiable appetite for discovery, and unrestrained allegations of wrongdoing, Guardant has produced over 850,000 pages of documents in response to 111 requests for production ("RFPs") from FMI and 159 RFPs from PGDx. Further, the Court ordered E-Discovery Procedure (D.I. 35, Case No. 17-1623-LPS-CJB) governing this case required the production of documents from custodial sources of information, including the exchange and selection of ESI search terms. As illustrated by the stunning amount of documents produced already, the ESI search terms were very broad and included terms such as "tagged," "barcode" and "consensus sequence." On top of that, to cooperate Guardant has already supplemented its search where the requests were not severely overbroad.

Defendants' motion ignores all this. The following category by category analysis explains why Defendants do not deserve the sweeping document discovery they seek now because either such documents have already been produced or the request is unjustifiably broad. Defendants' latest discovery demands are anything but targeted and should be denied.

**<u>Category 1</u>** ("pre-2013 communications and documents between Dr. Eltoukhy and Guardant")

In addition to the documents within this category that Guardant has searched for and produced in response to the other categories at issue on this motion, Guardant has produced all non-privileged pre-2013 communications and documents between Dr. Eltoukhy and Guardant that were located based on the broad ESI terms provided by the Defendants that covered everything about the patents-in-suit to Defendants' satisfaction.  However, Defendants' demands now are much broader.  For example, FMI's RFP 90 and PGDx's RFP 138 include all "communications between Helmy Eltoukhy and Guardant, including any employee or agent of Guardant, prior to January 1, 2013" *without* any limit on subject matter.  That is right:  This request contains no subject matter limitation whatsoever.  It would include documents, for example, about Dr. Eltoukhy's health insurance and a host of other documents that have no relevance.  This request ignores the protocol for discovery governing this case, which requires the use of search terms.  There is no justification for treating these new requests any differently from all the other discovery in this case.  Further, as explained further below, Guardant agreed to search for and produce sub-categories of these documents and has done so where Defendants made at least some effort to be targeted.

**Category 2:** ("Documents relating to Dr. Eltoukhy's relationship with Guardant during his employment at Illumina").

As with Category 1, Defendants' requests ask for information far beyond what is reasonable.  For example, RFP 93 (FMI) and RFP 141 (PGDx) request "all documents relating to or evidencing Helmy Eltoukhy's . . . work with or on behalf of Guardant prior to January 1, 2013". D.I. 178-1 at 9; D.I. 178-2 at 9.  [REDACTED] The agreed upon search terms already cover any supposed contribution by Dr. Eltoukhy to the patents at issue.  Defendants refused to even propose additional search terms.  Further, as explained below, Guardant agreed to search for and produce sub-categories of these documents and has done so where Defendants have made at least some effort to be targeted.

**Category 3:** ("confidential Illumina documents in Guardant's possession")

FMI RFP No. 95 and PGDx RFP No. 143 specifically requests Illumina documents "marked or identified" as confidential or proprietary to Illumina in the possession of Guardant without any limitation on subject matter. D.I. 178-1 at 9; D.I. 178-2 at 9.  As an initial matter, Guardant originally produced all Illumina documents that were located and identified as part of Guardant's court-ordered ESI production.  Further, to attempt to satisfy Defendants' discovery demands, Guardant conducted a reasonable search for non-emails documents in this category, including those in the possession of Drs. Eltoukhy and Talasaz, and there are no known additional documents that have not already been produced.

It is Guardant's understanding that Illumina will be requesting permission to participate in the scheduled July 22, 2019 hearing regarding this matter.  Guardant has no objection.  Subject to Illumina's objections and the Court's Order, Guardant itself has no objection to producing any "confidential Illumina documents" that were originally withheld as privileged including without

limitation those that relate, for example, to the patenting of various Illumina inventions by Dr. Eltoukhy based on his work at Illumina, which was completely unrelated to the patents-in-suit.

**Category 4:** ("documents relating to Dr. Eltoukhy's compliance/noncompliance with Illumina's employment agreements and policies")

To try to address Defendants' concerns, Guardant has already conducted a reasonable search for any documents responsive to the full scope of the RFPs in this category. To the extent that they could be located, the documents have been produced.

**Categories 5-7:** ((5) documents relating to Dr. Eltoukhy's involvement in or awareness of the prosecution of the asserted patents; (6) documents relating to any decision to name or omit Dr. Eltoukhy as an inventor on the asserted patents; and (7) documents relating to whether Illumina has any ownership interest in the asserted patents.)

To try to address Defendants' concerns, Guardant has already conducted a reasonable search for any documents responsive to the RFPs in these categories. To the extent that they could be located, the documents have been produced or identified on Guardant's privilege log.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Mail)