

October 15, 2019

VIA E-FILING
The Honorable Christopher J. Burke
844 N. King Street
Wilmington, DE 19801

**FILED UNDER SEAL**

**RE:** *Guardant Health, Inc. v. Foundation Medicine, Inc.* CA. No. 17-1616-LPS-CJB

Dear Judge Burke,

Guardant Health, Inc. ("Guardant") moves to strike portions of the expert report of Julie Davis, Foundation Medicine, Inc.'s ("FMI") damages expert, that rely on conversations with previously undisclosed witnesses and documents.

During fact discovery, FMI identified four witnesses in its initial disclosures that it might use at trial. ███████████████ Additionally, in response to an FRCP 30(b)(6) notice, FMI presented for deposition ███████████████. Accordingly, Guardant deposed each of the identified witnesses.

In preparing its damages report, FMI disregarded its identification of trial witnesses. Rather than rely on t███████████████, FMI had Ms. Davis rely upon ███████████████ These employees were not identified in FMI's initial disclosures or discovery responses.

FMI's switching of witnesses is nothing more than an attempt to dodge the effective discovery Guardant conducted of the disclosed individuals. Ms. Davis relies on ███████████████

Ms. Davis relies on ███████████████

In relying on the undisclosed witnesses, Ms. Davis admitted that ███████████████



Ms. Davis testified that For example, Ms. Davis testified that

)

Likewise, Ms. Davis admitted that she could have collected the "facts" supporting her opinion from elsewhere

FMI argues that this post-fact discovery switch out of witnesses is justified because it did not know that The record proves otherwise. Guardant's response to FMI's Interrogatory No. 13 (regarding lost profits) clearly sets forth

FMI's primary response is to expect Guardant to depose Fairness would of course require document production related to these three undisclosed witnesses, who obviously were not identified as custodians or included in search terms. Indeed, FMI selectively produced documents to support Ms. Davis' report including documents from these witnesses. FMI also apparently assumes that the expert reports would all have to be updated from the results of this fact discovery and likely another deposition of Ms. Davis. It is simply too late for all of this—or even part of it. The deadline for fact discovery was nearly 5 months ago, and all expert reports have already been exchanged. Allowing this type of late disclosure would completely frustrate the purpose of Rule 26 and discovery deadlines, and the resulting expense and distraction would be unduly prejudicial.

I. **The Court should exclude Ms. Davis's reliance on untimely disclosed witnesses and documents under Rule 37(c)(1).**

Under Rule 26(a)(1), a party must provide "the name . . . of each individual likely to have discoverable information" and "all documents" . . . that the disclosing party "may use to support its claims or defenses" Fed. R. Civ. P. 26(a)(1). If it fails to provide information, the Third Circuit has articulated four factors when determining whether to strike untimely disclosed evidence under Rule 37(c)(1): "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation ['the Pennypack factors']." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d. Cir. 1977). Each one of these factors weighs towards exclusion.

A. *Pennypack* **Factor 1 - "the prejudice or surprise of the party against whom the excluded evidence would have been admitted"**

Allowing FMI to rely on these undisclosed witnesses and documents would substantially prejudice Guardant. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *8 (D. Del. Mar. 26, 2012), aff'd, 522 F. App'x 915 (Fed. Cir. 2013) (quoting *Trilogy Commc'ns Inc. v. Times Fiber Commc'ns Inc.*, 109 F.3d 7 39, 745 (Fed. Cir.

1997) ("When scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense.")). Guardant had no reason to know that FMI would be relying on these witnesses and thus had no reason to depose them. More importantly, Guardant had no opportunity to conduct any discovery regarding this information including how it was obtained and whether there is additional evidence in FMI's possession regarding the same topics. Long after the close of fact discovery, FMI cherry-picked the evidence that it believes helps it. For example, Guardant could have conducted additional discovery into the relationships between FMI and its pharmaceutical customers (including its parent company, Roche), and FMI's relationship with its claim processor, ████ but was denied the opportunity to do so during the fact discovery period.

FMI argues that Guardant suffered no harm because its damages expert, Dr. Becker, had an opportunity to address this information in his Reply report. Ex. E at 1. However, that does not solve the problem caused by FMI's rule violations. Guardant never had the opportunity to examine these witnesses at the appropriate time, conduct follow-on discovery, or to have its experts address this new evidence in the first instance. Dr. Becker only had a short opportunity to rely on *Ms. Davis's* characterization of the information provided by these witness and could only address *Ms. Davis's* representations of what the untimely documents show.

**B.     *Pennypack* Factor 2 - "the ability of the party to cure the prejudice"**

The late disclosure of the information from witnesses and documents cannot be cured at this stage of the case. Expert reports have all been served and summary judgment and Daubert motions are due in roughly one month. FMI argues that any prejudice would be cured by making the witnesses available for "short and limited depositions." *Id.* However, even if Guardant took the deposition of each of these witnesses, that would require document discovery beforehand and follow up expert discovery afterwards. This is an unjustified re-do of significant elements of both fact and expert discovery in this case.

**C.     *Pennypack* Factor 3: "the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court"**

Allowing FMI to effectively reopen fact discovery 5 months later, and after all of the expert reports are served, would completely disrupt this Court's scheduling order. Expert discovery closes in 4 weeks followed by summary judgment and *Daubert* motions due on November 15, 2019. Reopening fact discovery with at minimum three extra depositions in addition to document discovery and supplemental expert reports would only exacerbate the prejudice to Guardant from the expenses and distractions of a second discovery period.

**D.     *Pennypack* Factor 4: "bad faith or willfulness in failing to comply with a court order or discovery obligation"**

FMI has acted willfully. FMI never attempted—and still has not attempted—to update its initial disclosures. If FMI believed it was surprised, it could have raised the issue when Dr. Becker's report was served or disclosed these witnesses and documents before Ms. Davis's report was due. Regardless, its claims of surprise are unjustified. As explained above, the topics these three witnesses address were clearly foreseeable. Moreover, it has failed to show that the witnesses it did disclose and who were deposed could not address these topics.

**II.     CONCLUSION**

For these reasons, Guardant respectfully moves the Court to strike Ms. Davis's reliance on ████████████████████████████ both in her Rebuttal Report and at trial.

                                          Respectfully submitted,

                                          /s/ Michael J. Farnan

                                          Michael J. Farnan

cc: Counsel of Record (via E-Mail)