# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-1616-LPS-CJB |
| ) | |
| FOUNDATION MEDICINE, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

1. Presently pending before the Court in this patent infringement case is Defendant Foundation Medicine Inc.'s ("Defendant" or "FMI") motion for summary judgment of no willful infringement, filed pursuant to Federal Rule of Civil Procedure 56 (the "Motion"). (D.I. 297)[1] For the reasons that follow, the Court recommends that the Motion be DENIED.

2. In determining the appropriateness of summary judgment, the Court must "review the record as a whole, 'draw[ing] all reasonable inferences in favor of the non-moving party' but not weighing the evidence or making credibility determinations." *Hill v. City of Scranton*, 411 F.3d 118, 124-25 (3d Cir. 2005) (alternations in original) (citation omitted). A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. FMI argues that summary judgment of no willful infringement should be granted for all asserted patents because "[w]illful infringement requires 'egregious misconduct'" and because, as to the infringement allegations against it, there is "no evidence of record from which a reasonable jury could find egregious conduct." (D.I. 299 at 13-15 (internal quotation marks

---

[1] The Motion has been referred to the Court for resolution, (D.I. 5), and was fully briefed on January 16, 2020, (D.I. 366).

a reasonable jury could find egregious conduct." (D.I. 299 at 13-15 (internal quotation marks and citation omitted); *see also* D.I. 366 at 9-10) However, FMI's Motion seeks relief premised on the application of the wrong legal standard. As the Court had noted in *Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *6-9 (D. Del. May 29, 2018), as the United States District Judge assigned to this case (Chief Judge Leonard P. Stark) had recognized in *3Shape A/S v. Align Tech., Inc.*, C.A. No. 18-886-LPS-CJB, 2019 WL 1416466, at *4 (D. Del. Mar. 29, 2019), and as the United States Court of Appeals for the Federal Circuit recently held in *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020), a patentee need not show "egregious" infringement conduct in order to plead or prove a claim of willful infringement.

4. Because FMI's entire Motion is premised on the failure of Plaintiff Guardant Health Inc. ("Guardant") to prove that FMI had engaged in a type of conduct that need not be proven in order to make out the relevant claim, the Court recommends that the Motion be DENIED.

5. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1) and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: February 6, 2020

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE