# FARNAN LLP

February 18, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

> Re:  **Guardant Health, Inc. v. Foundation Medicine, Inc.**
> **C.A. No. 17-cv-1616-LPS-CJB**
> **Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.**
> **C.A. No. 17-cv-1623-LPS-CJB**

Dear Chief Judge Stark,

Pursuant to Your Honor's February 14, 2020 Oral Order, the parties submit this joint status report concerning their availability and preference for trial in the above cases. Currently, the weeks of May 18 and June 8 are set aside on the Court's calendar for trial. In its February 14, 2020 e-mail to Counsel, the Court also offered the following weeks for trial: August 10, August 17, November 6, and December 14. The parties' respective positions are set forth below.

## Plaintiff's Position

Guardant is cognizant of the Court's current trial-load and for that reason does not oppose vacating the May trial date, but respectfully requests that this case proceed to trial on the long-ordered June date and the Court's proposed August dates. Delaying until November and December, as Defendants request, is unwarranted, particularly in a case such as this, involving direct competitors in a rapidly growing market for non-invasive cancer testing. Guardant has already suffered significant harm at the hands of defendants Foundation Medicine, Inc. ("FMI") and Personal Genome Diagnostics, Inc. ("PGDx"), and this harm is expected to expand rapidly. Indeed, on a nearly weekly basis, PGDx announces new collaborations and business relationships. FMI, for its part, is backed by Roche, the biggest biotechnology company in the world. FMI markets its product through a nationally aired TV campaign and is seeking FDA approval so that it can infringe on an even broader scale.

There is no good reason the parties cannot proceed to trial in June and August. Counsel for PGDx has stated that it has a potential trial conflict in August, but there are no material conflicts for any party in June. Defendant FMI has stated that its potential client representative, Brian Larivee, may not be able to attend trial in June because his wife is scheduled to give birth around that time. This conflict, however, is one the parties can and should work around. Even if FMI sticks with Mr. Larivee, he will only be observing the trial, not testifying. Multiple other FMI attorneys can serve this observational function, including FMI's general counsel, Winifred Swan, who attended the summary judgment hearing. Further, even if Mr. Larivee's trial attendance is deemed essential, the solution is simply to conduct the PGDx trial in June and the FMI trial in

August, which fits perfectly with the schedules of the parties and Court. This also is consistent with the Court-ordered mediation that is ongoing. Indeed, to the extent Guardant reaches settlement with only one of either PGDx or FMI, the June trial will remain available for trial with either PGDx or FMI.

Defendants' primary argument against proceeding in June and August is that there is insufficient time for the Court to resolve the pending summary judgment motions and objections thereto. Yet, while this case is complex, this Court routinely addresses complex matters. Further, the Court is available for hearing in May (and possibly even in April) on any pending motions. This is adequate time to resolve objections to motions in advance of trial. Of course, Guardant does not wish to create impracticalities for the Court, but it appears the June and August dates are not uniquely problematic.

Below, defendant FMI further argues that the parties should delay trial until November or December because IPR decisions will issue in August. Yet, FMI's IPR strategy has largely failed. Of FMI's six IPR filings, only two were instituted. And in one IPR, the Board has already made clear that FMI is unlikely to succeed as to all claims. Thus, even if FMI prevails on its remaining IPRs, there will be a need for trial. Moreover, FMI waited until the last possible moment before the statutory deadline to file its IPRs and did not seek a stay. It should not effectively be given a stay now.

**Foundation Medicine's Position**

As the Court observed at the January 23, 2020 hearing on dispositive motions, an "extensive number" of claim construction disputes and dispositive motions presently are pending that, once resolved, could eliminate the need for trial altogether or materially change the scope of the remaining disputed issues that would be left for trial. For the Court's convenience, we have attached hereto as Appendix A, a list of the pending, or soon to be pending objections to Reports and Recommendations ("R&Rs") issued by Judge Burke and pending dispositive motions still to be decided by Judge Burke. Of note, FMI anticipates that once Judge Burke has issued further R&Rs deciding the pending summary judgment motions, additional objections may be filed. Furthermore, this Court has indicated that it is unlikely to be available for hearings on the pending or future objections until April or May. FMI therefore respectfully submits that there is simply not sufficient time in the schedule for Judge Burke to issue his R&Rs and for the parties to brief, and for the Court to decide, any objections thereto, in addition to those objections already filed, before the scheduled trial dates, particularly in light of the Court's substantial other commitments. Given the importance of the summary judgment motions and the likelihood that they will at least narrow if not entirely resolve these cases, both the Court and the parties would benefit from having final decisions on claim construction and summary judgment before proceeding to the trial.

Additionally, as counsel for FMI noted during the January 23, 2020 hearing, several members of the FMI trial team have unavoidable personal conflicts with the current May 18 and June 8 trial dates. Specifically, lead trial counsel for FMI, Eric Marandett, will be attending the college graduation of his oldest daughter in Claremont, California on Sunday, May 17, and Brian Larivee, the FMI company representative who will attend the trial, is expecting his first child to be born the first week of June.

FMI thus respectfully requests that trial not proceed during the weeks of May 18 or June 8 as previously set by the Court.

Second, the schedule of two *Inter Partes Review* ("IPR") proceedings instituted by the Patent Trial and Appeal Board ("PTAB") relating to two of the four patents in suit also is relevant to the trial schedule. Specifically, the PTAB instituted IPR on all challenged claims and grounds for half of the patents in suit. The final hearings in these proceedings, IPR2019-00652 (related to Patent No. 9,834,822) and IPR2019-00634 (related to Patent No. 9,840,743), are scheduled for May 13, 2020 and a Final Written Decision must issue on or before August 19, 2020, which falls during or shortly after the August 10-14 and August 17-21 potential trial dates proposed by the Court. Like the pending claim construction disputes and dispositive motions, resolution of these IPR proceedings could materially narrow the remaining issues that would need to be tried. Moreover, regardless of the outcome of the IPRs, the application of estoppel in view of any Final Written Decision that issues immediately after, or worse, during, trial in this Court would result in unnecessary and possibly further confusion concerning the effect or finality of any such Decisions. FMI accordingly believes that the most efficient course would be to proceed with trial after those written decisions have issued.

In view of these factors, the discovery issues referenced below by PGDx, which also apply to FMI, and the Court's other scheduling constraints, FMI respectfully requests that the FMI trial be scheduled to begin on either the November 6 or December 14, 2020 dates proffered by the Court.

**Personal Genome's Position**

Defendant Personal Genome Diagnostics, Inc. ("PGDx") respectfully requests that the trial in its case (C.A. No. 17-1623) not proceed in May or June given the time that likely will be needed by the Court to consider and decide the many motions and objections that are currently pending, which PGDx submits should be ruled upon well before trial. As shown in Appendix A, there are five pending objections to three reports and recommendation addressing six key claim terms. D.I. 378, 399, 411, 412. Moreover, the parties recently argued before Magistrate Judge Burke four summary judgment motions, the granting of which would resolve the entire case. D.I. 430, 436, 437. There are also ongoing discovery matters, including a deposition of Guardant's CEO on March 31, and an ongoing forensics review of Guardant's CEO's laptop relating to his deletion of documents after his previous deposition. D.I. 429. In addition, in response to PGDx's subpoena and motion to compel, a Special Master appointed by the District Court in the Northern District of California recently issued a Report & Recommendation requiring Guardant's patent prosecution counsel, Wilson Sonsini, to produce documents to be used at two yet-to-be scheduled depositions of Wilson Sonsini attorneys. 5:19-mc-80131-SVK, D.I. 41.

Given the pending objections, motions and discovery matters, PGDx submits that trial should not proceed in May or June. In addition, PGDx's counsel has scheduling conflicts with regard to the times offered in May and August. Specifically, PGDx's lead counsel has trial in *VPX v. Monster Energy* (S.D. Fla.) scheduled to begin as early as May 11. In addition, he has trial in *Masimo v. True Wearables* (C.D. Cal.) starting on August 18. Thus, PGDx's strong preference is

to try its case starting on November 6, although it could also go to trial during the week of December 14.

                                                    Respectfully submitted,

                                                    /s/ Brian E. Farnan

                                                    Brian E. Farnan

cc: Counsel of Record (via E-Filing)