

April 17, 2020

**VIA E-FILING**
The Honorable Christopher J. Burke
844 N. King Street
Wilmington, DE 19801

      RE:    *Guardant Health, Inc. v. Foundation Medicine, Inc.*
              <u>CA. No. 17-cv-1616-LPS-CJB</u>

Dear Judge Burke,

      Guardant Health, Inc. ("Guardant") moves to preclude FMI's CEO, Cindy Perettie, from testifying at trial.

      Fact discovery ended 10 months ago, expert discovery ended 5 months ago, and the parties completed dispositive motion briefing and a hearing 3 months ago. After all of these proceedings, on March 19, 2020, FMI chose to serve amended initial disclosures adding four additional FMI witnesses, including Ms. Perettie.[1] Ex. 1 at 2. As the highest-ranking official within FMI, Ms. Perettie has knowledge regarding all aspects of FMI's business and over 20 years of experience in the industry. She could testify on a wide range of subjects that are highly relevant to the case. The late addition of a witness of this magnitude is inexcusable and runs afoul of the staged discovery and motion practice present in every case.

      During fact discovery, Guardant expended significant time and resources deposing all of the witnesses identified on FMI's initial disclosures. Ms. Perettie was CEO at the time—since February 2019—and FMI made the explicit decision not to disclose her as a potential trial witness. Exs. 1, 2. We are long past the time when FMI can change its mind.

      This is not the first time that FMI has injected new witnesses after the close of fact discovery. In September 2019, FMI served an expert report relying on the testimony of 3 previously undisclosed witnesses. This Court found that FMI had violated Rule 26(a)(1)(A) by failing to disclose these witnesses, and while declining to strike the report, ordered additional discovery and depositions. D.I. 263. Guardant argued it was unreasonable for FMI to introduce so many new fact witnesses after fact discovery closed, requiring so much new discovery—without good cause. The Court disagreed and reopened discovery for those three witnesses. Now, 7 months later, FMI is again flouting this Court's scheduling order and adding an additional witness to the case well past the deadline apparently under the belief that this practice is acceptable to the Court.

      FMI contends it is adding Ms. Perettie "in light of the departures of other FMI witnesses." Ex. 3. Not only is this explanation insufficient for such a significant witness, it makes little sense. Travis Clark, Thomas Civik,[2] and Doron Lipson all had left FMI by October 2019, over 6 months

---

[1] Three of the four witnesses were the subject of briefing in October 2019. *See* D.I. 263. FMI has already agreed not to call them at trial subject to Guardant's objections regarding its expert's reliance on conversations with these witnesses. Subject to this agreement and Guardant's reservation to call them at trial if needed, there does not appear to be a dispute for these individuals.

[2] Thomas Civik was FMI's Chief Commercial Officer and was designated to testify as to certain topics in a Rule 30(b)(6) deposition. He was never named in any of FMI's initial disclosures. As such, it would be entirely inappropriate for Ms. Perettie to be considered a "substitute" in any capacity for Mr. Civik.

ago. Exs. 4-6. If FMI truly was adding Ms. Perettie for this reason, it should have done so when they departed—at best—instead of waiting for half a year to pass.

At some point in every case, discovery must end. A party cannot be allowed to continually add witnesses and expand a case (after all expert discovery and summary judgment briefing) by simply arguing that a deposition could theoretically be conducted before the trial begins. Guardant's prejudice is self-evident here. Guardant never had an opportunity—or a reason—to conduct discovery of or depose Ms. Perettie before submitting expert reports, crystalizing its theories of the case, or presenting its dispositive and *Daubert* motions to the Court. Requiring Guardant to expend resources for a "do over" of fact discovery to add FMI's most senior employee should not be tolerated. Because FMI's failure to supplement at the appropriate time is neither substantially justified nor harmless, the Court should preclude Ms. Perettie from testifying at trial under Fed. R. Civ. P. 37(c)(1).

FMI is now attempting to take advantage of this Court's permissive approach to their addition of fact witnesses so late and for no good reason.

### I.   Ms. Perettie should be precluded from testifying at trial

When considering whether to preclude evidence related to an untimely disclosure "the United States Court of Appeals for the Third Circuit has directed district courts to weigh certain factors, known as 'the *Pennypack* factors': (1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply; and (5) the importance of the testimony sought to be excluded." *Integra LifeSciences Corp. v. Hyperbranch Med. Tech., Inc.*, Civil Action No. 15-819-LPS-CJB, 2018 WL 3814614, at *1 (D. Del. Mar. 23, 2018) (Burke, J.). "Courts applying the Pennypack factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007). Each one of these factors weighs towards exclusion.

#### A.   *Pennypack* Factor 1: The Surprise Or Prejudice To Guardant

Over two years ago, FMI served its original initial disclosures. Seven employees were listed. FMI's CEO at the time was not included. Ex. 7 at 2. In January 2019, FMI updated its initial disclosures to *remove* 3 of the employees leaving only 4 employees and a generic entry for a "corporate representative" to testify about "marketing operations for the accused product." Again, the CEO was not included. Ex. 8 at 2. The fact that FMI now claims it needs to add Ms. Perettie, the CEO and a veteran of the industry, is undoubtedly a surprise to Guardant.

The prejudice to Guardant is clear. FMI has violated the scheduling order, which, if permitted, inflicts delay and obvious expense. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *8 (D. Del. Mar. 26, 2012) ("When scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense."). Further, FMI is introducing new testimony—perhaps its most significant testimony— well after the experts prepared their reports, and the parties crystalized their theories and presented dispositive motions. As such, this factor weighs towards exclusion. The prejudice is irreparable.

#### B.   *Pennypack* Factor 2: The Ability Of Guardant To Cure The Prejudice

While FMI has offered to make Ms. Perettie available for a deposition and "consider running certain of the previously-agreed upon search terms across her documents," this is too little too late. Ex. 3. As discussed above, Ms. Perettie could testify regarding a wide range of relevant

topics, all of which may necessitate follow up discovery,[3] both fact and expert. While FMI claims that it only *intends* to call Ms. Perettie "to introduce FMI to the jury, and testify about the company, its organization, and its mission," FMI should not be able to pick and choose the topics as a sword and shield. *Id*. The discovery will be far reaching regardless of how FMI tries to contain it.

Even if no follow up discovery is needed—which is exceedingly unlikely, the expenditure of additional resources to add such a significant witness alone prejudices Guardant and is simply not justified. As such, this factor weighs towards exclusion.

### C. *Pennypack* Factor 3: The Extent To Which Allowing The Testimony Would Disrupt The Order And Efficiency Of Trial

Cases are staged for a reason. Parties complete fact discovery before expert discovery so that experts can incorporate the relevant information into their reports. Dispositive motion briefing occurs later so that the Court can be presented with a complete evidentiary record. FMI's attempt to add its own CEO at this late stage completely upends the orderly flow of the Court's schedule. As discussed above, it is likely that additional discovery will be needed depending on Ms. Perettie's testimony thus delaying preparations for trial. As such, this factor weighs towards exclusion.

### D. *Pennypack* Factor 4: Bad Faith Or Willfulness In Failing To Comply

This is the second time that FMI has introduced untimely witnesses into this case. As explained above, FMI injected three new witnesses in the middle of expert discovery which the Court found to be a Rule 26 violation. D.I. 263. Now, FMI is willfully disregarding the Court's scheduling order again. This factor weighs towards exclusion.

### E. *Pennypack* Factor 5: The Importance Of The Testimony Sought To Be Excluded

As discussed above, FMI claims that Ms. Perettie is intended "to introduce FMI to the jury, and testify about the company, its organization, and its mission." Ex. 3. Given that FMI added Ms. Perettie 10 months after the end of fact discovery, this is unlikely. However, if FMI's claim is true, Ms. Perettie's testimony would be of little relevance and could be easily offered by FMI's other witnesses. For example, Mark Kennedy, FMI's Director of Genomics Platform Initiatives, and Jeff Palmer, FMI's Vice President of Finance, appear to be current FMI employees, have already been deposed, and are more than capable of fulfilling this role to the extent that it is even necessary. Ex. 9, Ex. 1 at 2. Further, FMI has chosen to keep Mr. Clark and Dr. Lipson on its disclosures and could still call them to testify.

An "introduction" to the jury is clearly not the type of evidence that "might ultimately" lead to a different judgment as contemplated by the Third Circuit. *See Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904 (3d Cir. 1977). It is not critical to the upcoming trial proceedings. As such, this factor weighs towards exclusion.

## II. CONCLUSION

For these reasons, Guardant respectfully requests that Ms. Perettie be precluded from testifying at trial.

---

[3] Further, Ms. Perettie was previously the Senior Vice President, Global Product Strategy Oncology, of Roche, who purchased FMI during this litigation in 2018. Depending on Ms. Perettie's testimony, it is likely that additional third party discovery of Roche will be needed.

3

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-File)