**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1616-LPS-CJB |
| | ) | |
| FOUNDATION MEDICINE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| GUARDANT HEALTH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1623-LPS-CJB |
| | ) | |
| PERSONAL GENOME DIAGNOSTICS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

In these related patent cases, a jury trial between Plaintiff Guardant Health Inc. ("Guardant") and Defendant Personal Genome Diagnostics, Inc. ("PGDx") is currently scheduled to begin on June 8, 2020. Another jury trial between Guardant and Defendant Foundation Medicine, Inc. ("FMI") is currently scheduled to begin on November 6, 2020. Scheduling the trials in these matters has been complicated, for reasons including the Court's other commitments and the extensive motions practice (including numerous objections to Reports and Recommendations ("R&R") from the Magistrate Judge) in which the parties have chosen to engage. It was only after extensive consultation with the parties in February that the

1

current trial dates were established. (*See* C.A. No. 17-1616 D.I. 391, 393, 394)[1]

Thereafter, due to the coronavirus pandemic, and the state of emergency in the nation and the existence of stay-at-home and similar orders in many states, the Court directed the parties to file several joint status reports with their proposals for how to proceed. They did so on March 24 and April 14. (*See* D.I. 401, 405, 407, 414) The Court held a status teleconference with the parties yesterday, April 22.

The parties' positions can be summarized as follows. Guardant wants the trial dates, including the jury trial on June 8, to remain on the calendar; for the remaining discovery to be completed as soon as possible, even assuming this requires some or all of the four remaining depositions to be taken remotely; and for preparation of the proposed pretrial order to continue unabated. Guardant agrees that the Court should not conduct trial on June 8 if it cannot do so safely, but it suggests that in light of the evolving and unpredictable situation in which we are all operating, the Court should order another status report in two weeks and evaluate, on or around May 7, whether the trial against PGDx can proceed on June 8.

PGDx, by contrast, "***urgently requests that the Court postpone the current June 8 trial date – including all pretrial deadlines***," now. (D.I. 414 at 3) PGDx points to what it characterizes as a significant amount of discovery remaining to be completed and contends that at least one of the scheduled depositions – relating to spoliation allegations against Plaintiff's CEO – cannot be effectively conducted remotely, as this witness's "credibility is paramount." (*Id.* at 5) PGDx also observes that Judge Burke just yesterday issued another lengthy R&R and has other motions still pending before him, and his recommendations are likely to generate many additional objections, all of which need to be briefed and then decided by the Court. In addition, due to the impact of coronavirus, even if the Court were to deem it safe to choose a jury on June 8, PGDx indicates that at least several of its witnesses, and possibly some attorneys, may be unavailable to attend, due to (among other things) their greater need to be doing their clinical and other medical work (e.g., M.D. witnesses have patients and research that need to take priority), health and age characteristics that place them among those most vulnerable to coronavirus, and

---

[1] All citations to the docket index ("D.I.") are to C.A. No. 17-1616, unless otherwise noted.

the possibility that safely traveling to Delaware for trial preparation and trial may not be possible. (*Id.* at 7) PGDx requests that trial be rescheduled for October or November. FMI generally supports PGDx's position and prefers to keep its November trial date.

Having carefully considered the parties' positions, and in full recognition of the uncertainties with which we are all dealing, IT IS HEREBY ORDERED that:

A. The June 8, 2020 jury trial between Guardant and PGDx is CONTINUED to a date to be determined, as further explained below.

B. The November 6, 2020 trial between Guardant and FMI remains on the Court's calendar and no dates or deadlines specific to the FMI trial are altered by operation of this Order.

C. The parties shall meet and confer and submit a further joint status report on April 28.

The Court has reached these conclusions for the reasons stated below.

1. The Court's primary concern regarding the June 8 trial is whether it will be safe and consistent with the public interest to conduct jury selection (a process likely to involve more than 40 citizens and an approximately equal number of Court staff, lawyers, and party representatives) and empanel a jury (which would then, in normal practice, consist of 8 jurors confined to a jury box and a jury room during working hours for at least a week). While the Court remains hopeful this may be possible, the Court cannot be confident of it.

2. The Court's secondary concern is that, even if it is possible to select and empanel a jury by June 8, it does not necessarily follow that it will be safe and prudent for counsel and all required witnesses and party representatives to travel from their homes at various locations around the country and spend a week or more together (in hotels or temporary residences, in restaurants, in the courtroom, etc.) in Delaware. With trial barely more than six weeks away, if any member of a trial team or any witness expected to testify live is part of an especially vulnerable population, or has commitments (to patients, to medical research, to loved ones who need care) that under current circumstances have to take precedence over the Court's strong interest in keeping its cases moving and conducting trials in a timely manner, the Court will be compelled to continue trial. From the vantage point of today, it seems nearly certain that

one or more individuals currently associated with the June 8 trial will fall into this category.

3.  While the Court is also concerned about the amount of discovery and motions practice that remain to be completed, these concerns are not sufficiently strong on their own to continue the June 8 trial. The parties will be required to proceed in a timely manner to complete the remaining discovery and the preparation of the pretrial order. Briefing on objections to R&Rs will proceed under the Court's ordinary schedule and the Court will resolve all objections in sufficient time to keep these cases moving toward trial on PGDx's rescheduled date and FMI's November 6 date.

4.  The Court intends to reschedule the PGDx trial to begin either on July 29 or October 29, 2020. Regardless of which of these dates the Court selects, the additional time will permit the parties to adjust, if necessary, their plans as to which attorneys need to be present for trial and which witnesses need to be called to testify live. That is, assuming the Court deems it safe to empanel a jury on the rescheduled trial date, the Court will be disinclined to again continue the PGDx trial to accommodate a lawyer or witness conflict that is known and foreseeable today.

5.  The Court intends the additional time being provided to increase the chance that at least the deposition of Plaintiff's CEO might be able to be safely conducted in person. However, the Court will not continue trial again due simply to an inability to timely take depositions in person.

6.  Whatever dates the Court sets in these matters after reviewing the forthcoming status report will be subject to reevaluation based on the evolving emergency situation.

April 23, 2020  
Wilmington, Delaware

_____  
HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE