

September 30, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

      Re:    Guardant Health, Inc. v. Foundation Medicine, Inc.
                C.A. No. 17-cv-1616-LPS-CJB

Dear Chief Judge Stark,

Pursuant to Your Honor's September 25, 2020 Oral Order (D.I. 471), the parties submit this joint status report for how this case should proceed. The parties' positions are set forth below.

**Plaintiff's Position**

Guardant respectfully requests that the Court plan to proceed with the currently scheduled jury trial on November 6, 2020. The trial was originally scheduled for May 18, 2020 (D.I. 24) before being continued due to COVID-19. D.I. 394. Guardant and FMI are undisputedly direct competitors, and Guardant is seeking a permanent injunction. As FMI admits, the stakes in this case "are enormous for the parties, for cancer patients, and for the companies who are developing personalized treatments for those patients." Any additional delay threatens to cause further irreparable harm to Guardant. FMI argues for an indefinite continuance due to COVID-19, but with reasonable safeguards, a trial can be conducted safely now and with minimal prejudice to the parties.

Given the previous 6-month continuance, there is no case-reason why the parties cannot be ready for trial as scheduled. Exchanges of the proposed pretrial order, exhibit lists, deposition designations, and proposed motions *in limine* have already occurred. As with any case, there are pending motions, but there is more than sufficient time to resolve them.

Guardant thus respectfully requests that, at this time, the Court plan to try this case on November 6, 2020.

Guardant is open to any reasonable set of safeguards and suggests the following protections for the Court's consideration:

- Any witness may be permitted to testify remotely by video, if requested

- All attorneys, party representatives, witnesses, and jurors shall be required to wear masks at all times and comply with the Court's social distancing policies to the extent practicable.

- The parties shall be limited to a total of 4 attorneys, assistants, consultants or corporate representatives each in the courtroom at a time.

- The parties will take all necessary steps to eliminate paper exhibits and present them electronically.

- The Court will simulcast a video feed of the trial into another room in the courthouse, in which the Court's policies for social distancing and face covering will be enforced. The public, the media and overflow members of the trial teams will be in that room. Alternatively, the Court will, through a vendor provided by the parties, permit remote viewing of the trial.

**Defendant's Position**

The stakes in this large complex patent case are enormous for the parties, for cancer patients, and for the companies who are developing personalized treatments for those patients. Guardant has said it seeks an injunction barring FMI from making, using and/or selling its liquid biopsy products, and is also seeking tens of millions of dollars in lost profits damages. Both parties in this case have requested a jury trial on all issues so triable. In light of the extraordinary circumstances, the unique facts of this case, and continuing challenges attributable to the ongoing coronavirus pandemic, FMI does not believe it is possible for the jury trial to commence as scheduled on November 6, 2020, and asks that it be continued to a date to be determined.

If this case were to proceed as scheduled, it is FMI's understanding that it would be one of the first complex jury trials to occur in Federal Court in any jurisdiction since the beginning of the pandemic earlier this year. This fact underscores that courts have recognized the significant challenges to conducting a jury trial in a manner that is both safe and protective of litigants' due process rights to a trial that does not unfairly restrict a jury's ability to evaluate the evidence and make determinations about the credibility of the witnesses. This case involves unusual evidence concerning, among other things, the timing and circumstances of Guardant's alleged conception of the inventions claimed in the patents-in-suit, the contributions of Guardant's co-founders to those inventions, their misappropriation of tens of thousands of confidential documents from their prior employer (Illumina), their use of Illumina's information in the weeks leading up to their alleged conception date, a record of inconsistent sworn testimony, and the spoliation of evidence, including the admission by Guardant's CEO that he deleted all of his pre-2014 emails after his first deposition revealed that those emails were relevant and inconsistent with the testimony of Guardant's founders. For these reasons, the jury's credibility determinations in this case are even more critical than in a typical patent case.

Moreover, based on the parties' disclosures to date, no less than 13 total witnesses have been identified as "will call" witnesses. While Guardant has indicated that it intends to bring at least some of its witnesses to testify live at trial "subject to changing conditions"[1], including its primary fact witnesses and Guardant co-founders Helmy Eltoukhy and AmirAli Talasaz, at least

---

[1] FMI notes that health and safety conditions are changing on a weekly basis. Such equivocal language from Guardant as to whether it will or will not bring live witnesses prejudices FMI's ability to adequately defend itself at such a high-stakes trial.

one of FMI's primary fact witnesses, Doron Lipson, lives and works in Israel and would not be able to attend the trial if it proceeds in November. Furthermore, at least one other expected FMI witness, Thomas Civik, has said he will not come to Delaware in the current circumstances, and all of FMI's remaining fact and expert witnesses must travel to get to Delaware and have expressed discomfort at the idea of doing so in the current public health environment, and some may need to quarantine upon returning. Although FMI recognizes that it is theoretically possible to have Mr. Lipson and/or other witnesses testify remotely, FMI believes that, given the complicated and unique nature of the issues in this case, conducting in-person witness testimony is absolutely necessary for a fair trial. Nor should FMI be put in the position where some witnesses are live while others, including its primary fact witness, must testify remotely. Should Guardant bring its primary witnesses live to trial while FMI is unable to do the same, FMI would be unfairly prejudiced. Among other things, the jury's ability to determine witness credibility would be severely hampered, which would in turn raise a substantial risk of unfairly impacting several critical issues – and the outcome – in this case.[2]

Additionally, there are several matters that remain outstanding that would make a November 6 trial date challenging even in normal circumstances. These matters include FMI's pending spoliation motion filed on September 24, 2020, FMI's renewed *Daubert* motion, and the parties' pending summary judgment objections.

In order to mitigate complications that could result from further delay, FMI respectfully suggests that the Court hold regular status conferences with the parties to discuss when a new date certain for a traditional in-person trial is feasible. FMI respectfully submits that the November 6 date might be useful for a hearing on spoliation, which seeks dispositive relief.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)

---

[2] FMI has reviewed the Court's previously issued case-specific guidance relating to safety measures for trial proceedings, which included limiting the number of representatives present in the court room at any one time and preventing any witnesses from testifying in the courtroom. *See, e.g.*, *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC and Magellan Midstream Partners, L.P.*, C.A. No. 17-cv-1390, D.I. 583 (issued July 2, 2020). Respectfully, FMI contends that the complicated issues in this case – including the number of witnesses and attorneys and the importance of credibility determinations – make this case unsuitable for these types of limitations.