# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUARDANT HEALTH, INC.,                        )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )   C.A. No. 17-1616 (LPS) (CJB)
                                              )
FOUNDATION MEDICINE, INC.,                    )
                                              )
            Defendant.                        )


**DECLARATION OF JEREMY A. TIGAN IN SUPPORT OF FOUNDATION
MEDICINE'S MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE**

I, Jeremy A. Tigan, hereby declare:

1.     I am a member of the bar of the State of Delaware and an attorney at the law firm of Morris, Nichols, Arsht & Tunnell LLP, counsel to Defendant Foundation Medicine, Inc. ("Foundation Medicine").  I submit this declaration in support of Foundation Medicine's Motion for Sanctions Based on Spoliation of Evidence.

2.     To the best of my knowledge and belief, the following appended documents, Appendix Exhibits 2-45 at A002-A572, are true and correct copies of the documents described in Foundation Medicine's Appendix in Support of its Motion for Sanctions Based on Spoliation of Evidence.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: September 24, 2020

                                              /s/ Jeremy A. Tigan
                                              Jeremy A. Tigan (#5239)

A001

# EXHIBIT 2

# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 4

# REDACTED IN ITS ENTIRETY

# EXHIBIT 5

# REDACTED IN ITS ENTIRETY

# EXHIBIT 6

| | |
|---|---|
| **From:** | Helmy Eltoukhy <helmye@gmail.com> |
| **Sent:** | Fri, 14 Oct 2011 09:36:30 -0700 (PDT) |
| **To:** | "AmirAli H. Talasaz" <atalasaz@gmail.com> |
| **Subject:** | Fwd: Forming a New Corp |

**Eltoukhy
Exhibit 64
(9-18-20)**
WWW.DIGITALEVIDENCEGROUP.COM

A020

GUARDFM00932893

OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION

# EXHIBIT 7

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 8

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 9

REDACTED

IN ITS

ENTIRETY

# EXHIBIT 10

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 11

# REDACTED IN ITS ENTIRETY

# EXHIBIT 12

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 13

**From:** Helmy Eltoukhy <helmye@gmail.com>
**Sent:** Wed, 27 Jun 2012 18:53:06 -0700 (PDT)
**To:** Michael Wiley <mwiley@guardanthealth.com>; "AmirAli H. Talasaz" <atalasaz@gmail.com>
**Subject:** Guardant Health values

OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION

A062

GUARDFM00933411

# EXHIBIT 14

| | |
|---|---|
| **From:** | "Helmy Eltoukhy" <helmye@gmail.com> |
| **Sent:** | Wed, 27 Jun 2012 16:28:35 -0700 (PDT) |
| **To:** | "AmirAli Talasaz" <atalasaz@gmail.com> |
| **Subject:** | Fwd: randomers |

A063

OUTSIDE ATTORNEYS' EYES ONLY INFORMATION                    GUARDFM00908601

# EXHIBIT 15

# REDACTED IN ITS ENTIRETY

# EXHIBIT 16

**From:**      "Helmy Eltoukhy" <helmye@gmail.com>
**Sent:**      Thu, 28 Jun 2012 11:05:46 -0700 (PDT)
**To:**        "AmirAli H. Talasaz" <atalasaz@gmail.com>
**Subject:**   Fwd: FW: randomers

A067

OUTSIDE ATTORNEYS' EYES ONLY INFORMATION                                    GUARDFM00908602

# EXHIBIT 17

# REDACTED IN ITS ENTIRETY

# EXHIBIT 18

# REDACTED IN ITS ENTIRETY

# EXHIBIT 19

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 20

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 21

# REDACTED IN ITS ENTIRETY

# EXHIBIT 22

REDACTED
IN ITS
ENTIRETY

# EXHIBIT 23

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 24

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 25

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 26

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 27

# REDACTED

# IN ITS

# ENTIRETY

# EXHIBIT 28

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-01616-LPS-CJB |
| | ) | |
| v. | ) | |
| | ) | |
| FOUNDATION MEDICINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FOUNDATION MEDICINE, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO PLAINTIFF GUARDANT HEALTH, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Foundation Medicine, Inc. ("Foundation Medicine" or "Defendant") hereby requests that within 30 days of service of this request, or as otherwise required by the Federal Rules of Civil Procedure and/or local rules of this Court, Plaintiff Guardant Health, Inc. ("Guardant") (a) respond in writing separately to each item or category of items set forth herein, and (b) produce to the offices of Choate Hall & Stewart, LLP, located at Two International Place, Boston MA 02110, all documents and things set forth in this request. These Requests are deemed continuing in nature, requiring amended or supplemental responses as necessary.

**DEFINITIONS**

1.     "Plaintiff" or "Guardant" means Guardant Health, Inc., including any of their divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Plaintiff and all other persons acting or purporting to act on behalf of Plaintiff, their subsidiaries, affiliates, divisions, or predecessors.

-1-

A133

2.      "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

3.      "USPTO" means the United States Patent and Trademark Office.

4.      "Document" shall mean all original documents or electronically stored information, and all copies or versions thereof (whether or not different from the original because of, e.g., notes made on or attached to certain copies), encompassed by Rule 1001 of the Federal Rules of Evidence or Federal Rule of Civil Procedure 34(a), including, without limitation: e-mail, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, such as electronically stored, magnetically stored, optically stored, and visually and aurally reproduced material of any kind, whether or not privileged.

5.      The terms "device," "thing," and "item" shall mean all tangible objects of any type, composition, construction, or nature.

6.      The terms "person," "individual," and "entity" shall include both natural persons and corporate or other business entities, and the acts and knowledge of a person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents, attorneys, and all other forms of legal entities.

7.      "Representative," when used to refer to the representative of a corporation or other legal or governmental entity, means and includes its present and former officers, directors, employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on its behalf.

A134

8.      "Representative," when used to refer to the representative of a natural person, means and includes that person's present and former employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on said person's behalf.

9.      "Communication" means any contact between two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives, thereof, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, or any other documents, oral contact by such means as face-to-face meetings and telephone conversations, and electronically or magnetically transferred or stored information that is or has been transmitted between any two persons or companies, including, but not limited to, voice mail.

10.     "You" and "your" means Plaintiff as defined herein.

11.     The "'731 patent" means U.S. Patent No. 9,598,731, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

12.     The "'822 patent" means U.S. Patent No. 9,834,822, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

13.     The "'743 patent" means U.S. Patent No. 9,840,743, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

14.     The "'992 patent" means U.S. Patent No. 9,902,992, entitled "Systems and Methods to Detect Rare Mutations and Copy Number Variation."

15.     "Patents-in-Suit" means the '731 patent, '822 patent, '743 patent, and '992 patent, and any other patent that may be added to this case in the future.

16.     "Related Applications" means all continuations, continuations-in-part, divisionals, reexaminations or reissue patent applications, and foreign counterparts, whether U.S. or foreign,

A135

claiming priority from or relating to any of the applications for the Patents-in-Suit, or claiming priority from or relating to any of the Patents-in-Suit and all parent (including grandparent or other predecessor application or priority application) applications of any of the Patents-in-Suit, regardless of whether or not such applications have issued as patents.

17. "Related Patent" or "Related Patents" shall mean any patent or patent application, whether foreign or domestic, that the patent-at-issue claims priority to, or any patent or patent application, whether foreign or domestic, that claims priority to (i) the patent-at-issue, or (ii) any patent or application to which the patent-at-issue claims priority.

18. "Inventor" means any of the individuals listed on the face of any of the Patents-in-Suit, whether collectively or individually.

19. The terms "concerning," "referring to," or "relating to" any given subject matter mean (in addition to their usual meanings) any document, communication or thing pertaining to, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, involving, defining, covering, describing, evidencing, reflecting, referring directly or indirectly to, relating to, embodying, identifying, or having any logical or factual connection with the matter discussed.

20. The term "Prior Art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103, including the case law regarding those subdivisions.

21. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.     The term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

23.     The term "including" means without limitation (including, but not limited to, any of the specific documents or categories of documents requested).

24.     "Complaint" refers to the Complaint filed by Plaintiff in the District of Delaware, Case No. 1:17-cv-01616, and to any Amended Complaint.

25.     The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests for production any information, documents, or things that might otherwise be construed to be outside their scope.

## **INSTRUCTIONS**

1.     Produce all documents specified below that are in your possession, custody, or control, or otherwise known and available to you, your agents, employees, representatives, investigators, attorneys or their agents, employees, representatives, or investigators at the time and place indicated.

2.     The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

3.     References to natural persons shall be deemed to include, in addition to the person named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnership of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4.     References to entities other than natural persons, including Plaintiff, shall be deemed to include, in addition to the entity named, its predecessors, officers, directors,

A137

employees, agents, representatives, accountants, and attorneys.

5.      In the event that any document called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

6.      Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7.      Each request for a document calls for and requires production of the document in its entirety, without abbreviation, redaction or expurgation.

8.      The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

9.      If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

10.     If, in responding to these Requests, Plaintiff encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

11.     In the event that any response is limited or documents called for by a request are withheld from disclosure on a claim of attorney-client privilege, attorney work product, or any other privilege or immunity, identify: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer

at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

12.    The term "thing(s)" is used in the most comprehensive and inclusive sense permitted by the Federal Rule of Civil Procedure 34 and includes, but is not limited to, chemicals, compounds, substances, prototypes, specimens, and commercially manufactured items.

13.    All documents, including metadata, shall be produced in accordance with the requirements of the Delaware Default Standard for Discovery, Including Discovery Of Electronically Stored Information unless otherwise subject to an agreement between the parties.

14.    Documents that include color graphs, charts or tables shall be produced in color.

15.    These Requests apply to all documents and things in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, regardless of their location and regardless of whether such documents and things are held, known by or available to any of Plaintiff's agents, employees, representatives, attorneys, or any other person.

16.    If documents or things do not exist in response to a particular request, Plaintiff shall state so in writing.

17.    If any documents and things requested were, but are no longer, in the possession, custody or control of Plaintiff, or otherwise known or available to Plaintiff, state what disposition was made of them, including identifying the person presently in control and the present location of the documents and things.

18.    In the event any document called for by these Requests has been destroyed, lost,

discarded or otherwise disposed of, provide a written statement identifying in detail: (1) the nature and content of each document; (2) all author(s), recipient(s) and sender(s) of each such document; (3) the date each such document was prepared or transmitted; and (4) the date on which each such document was lost or disposed of and, if disposed of, the conditions of and reason for such disposal, the person(s) authorizing such disposal, the person disposing of the document and any person(s) currently in possession of copies of the document.

19.     Each of the Requests seeks production of a document or thing in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

20.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff is obligated to produce or make available for inspection all documents responsive to these Requests, as those documents are kept in the usual course of business, including:

a.     All associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

b.     All documents that cannot be legibly copied shall be produced in their original form; otherwise, Plaintiff may produce photocopies; and

c.     Each page shall be given a discrete production number.

21.     In producing documents, all documents that are physically attached to each other in any of Plaintiff's files shall be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files, sub-files or by use of dividers, tabs or any other method, shall be left so segregated or separated.  Documents shall be retained in the order in which they were maintained, in the file where they were found.

22.     If the requested documents are maintained in a file, the file folder shall be

included in the response to these Requests for production of those documents.

23.    If Plaintiff produces annual, semi-annual or quarterly data in response to these Requests, identify whether the data is supplied on a calendar year or fiscal year basis.  If the data is supplied on a fiscal year basis, identify the month in which the fiscal year begins and ends.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 90:**

All communications between Helmy Eltoukhy and Guardant, including any employee or agent of Guardant, prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 91:**

All communications between Helmy Eltoukhy and either AmirAli Talasaz or Michael Wiley prior to January 1, 2013 related to Guardant or the subject matter disclosed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 92:**

All documents provided by Helmy Eltoukhy to Guardant or by Guardant to Helmy Eltoukhy prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 93:**

All documents relating to or evidencing Helmy Eltoukhy's relationship with and/or work with or on behalf of Guardant prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 94:**

All Helmy Eltoukhy calendar entries, notes, journals or records relating to Guardant and/or the subject matter of the Patents-in-Suit prior to January 1, 2013.

A141

**REQUEST FOR PRODUCTION NO. 95:**

All Illumina documents marked or identified as confidential or proprietary to Illumina in the possession of Guardant, including in the possession of any Guardant employee or officer.

**REQUEST FOR PRODUCTION NO. 96:**

All emails (1) sent by Helmy Eltoukhy from his Illumina email account to his Guardant email account; (2) sent by Helmy Eltoukhy from his Illumina account to his gmail account after January 1, 2012; and/or (3) sent by Helmy Eltoukhy from his gmail account to any Guardant email account.

**REQUEST FOR PRODUCTION NO. 97:**

All emails between or among the personal and/or business email accounts of Helmy Eltoukhy and AmirAli Talasaz relating to Guardant and/or the subject matter disclosed in the Patents-in-Suit prior to January 1, 2013.

**REQUEST FOR PRODUCTION NO. 98:**

All documents or communications prior to January 1, 2013 related to notifying or otherwise disclosing to Illumina Helmy Eltoukhy's relationship with Guardant.

**REQUEST FOR PRODUCTION NO. 99:**

All documents or communications related to whether Helmy Eltoukhy had authorization from Illumina to provide confidential information to Guardant.

**REQUEST FOR PRODUCTION NO. 100:**

All documents or communications related to Illumina's policy related to confidential information.

**REQUEST FOR PRODUCTION NO. 101:**

All documents or communications related to Illumina's policy related to intellectual property developed by an employee, including inventions conceived by an Illumina employee.

**REQUEST FOR PRODUCTION NO. 102:**

All documents or communications related to Illumina's policy related to a code of ethics or code of conduct for employees.

**REQUEST FOR PRODUCTION NO. 103:**

All documents or communications related to Helmy Eltoukhy's obligation to disclose and/or assign inventions to Illumina.

**REQUEST FOR PRODUCTION NO. 104:**

A copy of any agreements, including employment agreements, between Helmy Eltoukhy and Illumina and/or AmirAli Talasaz and Illumina.

**REQUEST FOR PRODUCTION NO. 105:**

A copy of any documents related to Guardant's formation, including the Certificate of Incorporation filed in 2011.

**REQUEST FOR PRODUCTION NO. 106:**

All documents relating to AmirAli Talasaz and/or Helmy Eltoukhy's involvement and/or awareness of the prosecution of the '731, '743, '822 and/or '992 patents, including all documents relating to oaths, declarations, power of attorney, and application data sheets prepared, signed and/or authorized by AmirAli Talasaz and/or Helmy Eltoukhy.

**REQUEST FOR PRODUCTION NO. 107:**

All documents relating to any decision to name or omit AmirAli Talasaz and/or Helmy Eltoukhy as inventor(s) on the '731, '743, '822, '992 patents, U.S. Patent Application No. 61/696,734 and/or U.S. Patent Application No. 61/704,400.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and communications relating to whether Illumina has any ownership interests in the '731, '743, '822 and/or '992 patents.

**REQUEST FOR PRODUCTION NO. 109:**

All documents supporting or relating to Guardant's representation to the PTO that "[t]he inventors of the present invention have unexpectedly realized" the value of "non-unique identifiers, e.g., non-uniquely tagging the individual polynucleotide fragments," '992, 41:25-30, including document sufficient to show the identity of the "inventors."

**REQUEST FOR PRODUCTION NO. 110:**

All documents supporting or relating to Guardant's statement in its Technical Tutorial that "the inventors, who teamed up to found Guardant, reached an innovative solution to this problem," Technical Tutorial at 11, including documents sufficient to show the identity of the "inventors."

**REQUEST FOR PRODUCTION NO. 111:**

All documents relating to any employment agreement, consulting agreement and/or independent contractor agreement between Guardant and Helmy Eltoukhy, AmirAli Talasaz, and/or Michael Wiley.

A144

Dated: April 15, 2019

*/s/ Matthew S. Barrett*
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
jtigan@mnat.com

Eric J. Marandett
emarandett@choate.com
Margaret Ives
mives@choate.com
Matthew S. Barrett
mbarrett@choate.com
Diane Seol
dseol@choate.com
CHOATE HALL & STEWART L.L.P.
2 International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

*Attorneys for Plaintiff Foundation Medicine, Inc.*

A145

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document is being served on counsel of record via electronic mail this 15th day of April, 2019:

/s/ Matthew S. Barrett
Matthew S. Barrett

A146

# EXHIBIT 29

# REDACTED IN ITS ENTIRETY

# EXHIBIT 30

# REDACTED IN ITS ENTIRETY