# EXHIBIT 31

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUARDANT HEALTH, INC.,

    Plaintiff,

v.

PERSONAL GENOME DIAGNOSTICS, INC.,

    Defendant.

C. A. No. 17-cv-1623-LPS-CJB

**FILED UNDER SEAL**

### DECLARATION OF DR. HELMY ELTOUKHY REGARDING
### COURT'S ORDER ON DISCOVERY TELECONFERENCE

    I, Helmy Eltoukhy, am Chief Executive Officer of Plaintiff Guardant Health, Inc. ("Guardant"). If called upon as a witness, I could testify competently to the truth of the facts and circumstances set forth below.

    1.    During the second half of 2012, I was a founding member of the Board of Directors of Guardant (and am still on the board), one of the largest investors in Guardant and also an advisor to Guardant. At the time, Guardant had only a handful of employees. Dr. AmirAli Talasaz was the only other member of the Board of Directors.

    2.    Documentation from the second half of 2012 shows that I advised Guardant on its founding and handled confidential Guardant information. I helped obtain funding,

Consistent with the above, I was designated as part of the Guardant team on presentations that Guardant made to potential investors. *See* Ex. I (GUARDPG00029409-49) at GUARDPG000294445. Likewise, during the second half of 2012, I had an email address associated with Guardant's domain name. *See* Ex. B at GUARDPG00276312. Early on in the

A186

OUTSIDE ATTORNEYS' EYES ONLY INFORMATION

second half of 2012, my Guardant email signature also designated me as a cofounder of Guardant. Ex. I at GUARDPG00029409.

     3.     Accordingly, as the documents listed above show, during the second half of 2012, I did not have an arms-length relationship with Guardant often typical of a traditional investor or stockholder. Rather, my relationship as a member of the Board of Directors, an advisor and one of the largest investors was that of corporate agent and fiduciary of Guardant. As a fiduciary of Guardant, I was expected to maintain Guardant's information in confidence, which is what I did.

     4.     Given my relationship with Guardant, I also was informed about the ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In my role as a Board member, an advisor, investor and fiduciary to Guardant, Guardant and I had the same interest in ensuring early, robust intellectual property to protect Guardant's inventions. As such, I reviewed Guardant's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ I did not share them with outsiders to Guardant.

     5.     Since my deposition, I have reviewed every document I have been informed by my attorneys that Personal Genome challenged as not privileged. This includes the documents and attachments associated with Guardant's privilege log entry Nos. 1115, 1117, 1120, 1121, 1126, 1127, 1153, 1154, 1157, 1158, 1162, 1168, 1169, 1183, 1211, 1212, 4214, and 4255 (*See* Dkt. No. 230-1 at Exhibits 4 & 5). After my review I can confirm that I participated in those communications in my role as a board member, advisor, investor, and cofounder with the understanding that the documents contained confidential information, and I maintained them in confidence.

2

A187

6.     Challenged documents Nos. 1115, 1117, 1120, 1121, 1126, 1168, and 4255 were provided to me as part of ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████

7.     Challenged document No. 1127 includes legal advice from ████████████████

████████████████████████████████████████████████████████████████████████

8.     All the other challenged documents, that is Nos.1153, 1154, 1157, 1158, 1162, 1169, 1183, 1211, 1212, and 4214, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████     In general, Dr. Talasaz forwarded me ████████████████████

████████████████████████████████████████████████████████████████████████

████

9.     Accordingly, as the challenged documents listed above show, I received legal advice because of my role with Guardant as a Board member, advisor, investor, and cofounder. I received the Guardant information in the challenged documents listed above in my role as a board member, advisor, investor, and cofounder to Guardant, and in no other role.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2019, at Redwood City, California.

/s/ _____

Dr. Helmy Eltoukhy
CEO Guardant Health, Inc.

3

A188

OUTSIDE ATTORNEYS' EYES ONLY INFORMATION

# EXHIBITS A-I

# REDACTED IN THEIR ENTIRETY

# EXHIBIT 32

# REDACTED
# IN ITS
# ENTIRETY

# EXHIBIT 33

# REDACTED

# IN ITS

# ENTIRETY

# EXHIBIT 34

REDACTED

IN ITS

ENTIRETY

# EXHIBIT 35

| From: | Stephen.Larson |
|---|---|
| Sent: | Monday, November 25, 2019 1:15 PM |
| To: | Constant, Justin |
| Cc: | Baraa.Kahf; Reines, Edward; Guardant Health II Service; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx; FM-GuardantService; Tigan, Jeremy A.; Jacobs, Karen; Jack Phillips; Jeremiah.Helm; dab@pgmhlaw.com |
| Subject: | RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms |

Justin:

Even if Guardant were able to recover some or all of the missing emails, the discovery Defendants seek would still be necessary.  As we have repeatedly explained, the founders' Gmail accounts must be preserved in their entirety to avoid further destruction of evidence.  The only documents preserved from those accounts are incidental archives which are clearly incomplete and error prone.  The fact that Eltoukhy felt the need to delete documents is, itself, important, and the scope, timing, and circumstances of Eltoukhy's destruction is directly relevant to Defendants' inequitable conduct claims.  Moreover, even if Guardant were able to recover some of the missing emails, that would still not explain why the same documents were deleted by Talasaz from his account, and the loss of evidence may go far beyond the bodiless emails.  Thus, Defendants should still provide a list of the laptops Eltoukhy and Talasaz used.  In addition, if Guardant has indeed located a source of highly relevant documents previously missing from its document collection, the initial search terms should be run on the entire collected laptop without limitation—as was done in the first instance—and the later search terms should be run on the laptop using the agreed-upon date limitations.   Finally, Defendants still require additional deposition time to probe Eltoukhy's actions.

The discovery of another source of documents that is apparently more complete for the relevant time period raises a number of questions.  Where was this source?  Why was it not identified and collected earlier?  In addition to those basic questions, Defendants ask that this new source be preserved in its entirety via forensic imaging and be made available for forensic analysis to ensure there was no selective deletion of evidence on that source.  In addition, please let us know when we will receive answers to our other questions below.

Thanks,
Steve

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Friday, November 22, 2019 5:40 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,

Guardant has located a backup of Dr. Eltoukhy's laptop that appears to contain many, if not all, of the bodiless emails from Dr. Eltoukhy's gmail account.  The backup is currently being processed by our document

vendor.  Guardant intends to have this new information reviewed and produced (subject to the previously agreed search limits) as quickly as practicable, and we will be able to provide you with an update on timing shortly.

Given this new development, Guardant requests that the current discovery dispute be placed on hold until the full scope of this new information can be ascertained.  Based on our initial review, we believe it will likely resolve any issues regarding the bodiless emails.   If you agree, we propose requesting that the Court stay the letter briefing and hearing pending a status update from the parties.

Sincerely,
Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, November 18, 2019 10:58 AM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Ed and Justin,
During the meet and confer, we asked for the details of Guardant's forensic image of Dr. Eltoukhy's laptop.  You asked that we put our questions in writing.  Please explain to us how that image was created, whether it was pre-filtered or screened in any way, and whether it was limited to certain folders or drives.  As we have explained, relevant information about Dr. Eltoukhy's actions may be in registry entries or other non-typical locations, and we want to make sure all of this information has been preserved.  Moreover, our concern is also related to changes to these drives that took place.  We therefore ask you to confirm you made a complete image of the drives of laptop computers used by the founders after it was determined that files were deleted.

At the meet and confer, we asked you a number of other questions, and you either said Dr. Eltoukhy would address the issue at his deposition, or asked that we put the question in writing.  Below are our additional questions following up on Guardant's answers to Defendants' numbered questions below.
2.      Guardant states that its "document collection on January 30, 2017 and July 20, 2018 were directly from Dr. Eltoukhy's laptop."  Please explain with specificity what files were collected from Dr. Eltoukhy's laptop and how they were collected.  Did that collection include gmails?  If so, how were such gmails collected from Dr. Eltoukhy's laptop?  Were there any gmails collected from sources other than Outlook files (e.g., OLM or PST files)?
3.      During the parties' meet and confer, Guardant stated that Drs. Eltoukhy and Talasaz both received copies of Guardant's hold letter.  When did they receive that letter?
5.      Guardant's November 3 email stated that "[o]n July 8, 2019, Guardant's counsel reviewed Dr. Eltoukhy's personal gmail account via the Google website.  At that time, the personal gmail account contained no messages prior to 2014."  Defendants' November 7 email asked why Guardant's counsel took no action at that time to recover those emails (such as by contacting Google).  In response, Guardant's November 11 asserts, "As stated above, the collection on July 8, 2019 was a mechanical process where emails were searched using the ESI terms."  Please clarify: did Guardant's "counsel" personally review Dr. Eltoukhy's gmail account on July 8, 2019, as indicated in Guardant's original email?  Or is Guardant now asserting it performed only a "mechanical" document collection on July 8, 2019 and thus its counsel did not actually review Dr. Eltoukhy's emails via the Google website on July 8, 2019?  More broadly, what exactly occurred on July 8, 2019?
6.      Guardant states it has "no information suggesting that Dr. Talasaz has deleted any relevant emails since the start of this litigation."  During the parties' meet and confer, Guardant represented that this assertion was based on a

reasonable inquiry.  As we explained, we believe Guardant's duty to preserve documents arose before the present litigation.  When did Dr. Talasaz delete his early gmails, for example, the forwarded Steemers email discussed below?  As you know, we believe these are very important documents, and we want to understand why there are no copies of these documents in either of Dr. Eltoukhy's or Dr. Talasaz's files or on Google's server.

Thanks,
Steve

---

**From:** Constant, Justin [mailto:Justin.Constant@weil.com]
**Sent:** Monday, November 11, 2019 7:45 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Stephen,

Guardant disagrees with your assertion that any of Guardant's actions raise "serious issues of spoliation and document preservation and collection."  We explain below.

On August 5, 2019, the parties attended a hearing wherein the Court ordered the production from a pool of "approximately 4,000-5,000 additional documents" that were *already* collected during the ESI discovery process and were communications between Dr. Eltoukhy and Guardant employees or advisors before 2013.  After a week, Defendants requested to substantially broaden this pool of documents by requesting all "documents in the custodial file of any active Guardant Health email address assigned to any Guardant employee" and proposed 197 search terms.  After Guardant pointed this out on August 15, 2019, the Defendants responded that it "is not Defendants' intention to expand the scope of discovery in this case" on August 20, 2019.  Defendants requested information on how the pool of 4,000-5,000 documents was collected.  Guardant provided this information.  As Guardant explained at the time, the document pool contained emails from both Dr. Eltoukhy's and Dr. Talasaz's gmail accounts.  Guardant also further explained on August 27, 2019 that "Guardant has searched and collected documents directly from the personal Google accounts of Dr. Eltoukhy and Dr. Talasaz, not just the emails that were included in Outlook."  This is entirely consistent with Guardant's disclosure below.

After Defendants requested additional information about the preservation and collection of Dr. Eltoukhy's Gmail account on September 6, 2019, Guardant responded the same day proposing a solution:

> The parties stipulated that activities in compliance with the duty to preserve information are protected from disclosure and discovery.  However, we do nonetheless have an interest in addressing unwarranted fears.  If we can reach an agreement to share such information trilaterally, that might be a solution.  Are defendants willing to share information about the preservation and collection of documents from the personal email files of Doron Lipson, Doug Ward, and Victor Velculescu?  If so, we will certainly consider such an arrangement.

Defendants responded on September 10, 2019 stating that they would consider Guardant's proposal but never followed up, provided a counter proposal, or otherwise responded.

After substantial back and forth on the issues of which email addresses should be considered "between Dr. Eltoukhy and Guardant" and a substantial culling of the initial 197 search terms to less than 40, Guardant agreed to conduct the search on the pool of documents on September 13, 2019 (September 17, 2019 for the personal accounts).  Guardant made a production on September 20, 2019.  On September 21, 2019, Defendants raised the issue that some of the emails that had been produced did not contain a body.   The parties discussed the issue on September 26, 2019 and on October 3, 2019, Defendant's responded with requests for additional information on Guardant's process regarding the pool of documents and the basis for Guardant's assertion that it was confident  that "the corrupted emails are not currently available on Google's servers and could not be found by, for example, directly logging into the inventors' accounts."   Guardant responded on October 7, 2019:

> As for our assertion that these documents are not currently available on Google's servers in Dr. Talasaz's and Dr. Eltoukhy's Gmail account, this is based on the fact that we searched these accounts as part of this search.  Since the bodiless emails passed the filters and Guardant searched the Gmail accounts using the same filters, corresponding versions of the bodiless emails would have also been produced if they existed.

None of the parties' extensive correspondence described above or the exchange at the August 5, 2019 hearing indicates a "failure to disclose" by Guardant.

Regarding your request that the entirety of the Gmail accounts be collected at this point, as we explained on October 16, 2019, this makes little sense at this stage:

> We are months past the end of discovery, and the parties have already come to an agreement on what the parameters of the search should be. Guardant has conducted the search per the agreement.  We explained that if the bodiless emails were available in the Gmail account, they would have been produced in the latest production.  Whether every single email was exported to Relativity or if the search was first limited by some or all of the agreed upon limits before export makes no difference.  The identified emails would have been produced if they were available.

We did not receive a response.

Further, as we stated before, Guardant will not agree to the examination of the forensic images of Dr. Eltoukhy's or Dr. Talasaz's laptops for the reasons we have given below.  We have provided the declaration of a forensics expert who attempted to recover the bodiless emails and was partially successful. These images have been preserved.

Your request for every pre-2014 bodiless email without any to/from/cc/bcc limitations also does not make sense and is overbroad.  As discussed above, the Court already ruled on this issue and ordered production of the pre-2013 emails limited to those between Dr. Eltoukhy and Guardant.  The parties worked together to identify the relevant emails and agreed on a search.  A boundless search for such emails is unreasonable and unduly burdensome, and you have not explained why this would make sense.

As for Dr. Eltoukhy's deposition, you have not justified why you need more than another 3-hours.   Dr. Eltoukhy was already deposed for 14 hours.

Responses to your specific questions are below:

1.       What documents, if any, did Guardant produce from the Google server that hit on Defendants' search terms?  None of the thirteen emails identified in Justin Constant's correspondence as originating directly from the Google server appear to have been produced in response to Defendants' requested supplemental searches.  Please let us know if that is incorrect.

A392

We have provided the list of emails that were produced that originated from the Google server.

2.       What was the scope of Guardant's collection of Dr. Eltoukhy's emails on January 30, 2017 and/or July 20, 2018?  Based on our understanding, Guardant's document collection did not include collecting documents directly from Google's server and/or Dr. Eltoukhy's laptop.  Please let us know if that is incorrect.

This is incorrect.  Guardant's document collection on January 30, 2017 and July 20, 2018 were directly from Dr. Eltoukhy's laptop.

3.       What steps did Guardant take to make sure Drs. Eltoukhy, Talasaz and Mr. Wiley preserved their documents?  We assume Guardant instituted a litigation hold and that Drs. Eltoukhy, Talasaz and Mr. Wiley received a copy of the hold letter at the outset of this litigation.  Please let us know if that is incorrect.  If Guardant did circulate such a letter, please provide a copy of that letter and a list of individuals who received it.

Communications between Drs. Eltoukhy, Talasaz and Mr. Wiley and Guardant's attorneys regarding preservation and litigation holds are privileged.  This would include the hold letter sent at the outset of the litigation.  Guardant does not waive its privilege.

4.       What day and time did Dr. Eltoukhy (1) delete his pre-2014 emails on his laptop and (2) delete his pre-2014 emails on the Google server?  And what was the basis for Dr. Eltoukhy's understanding that the deleted files and messages on the Google server were previously collected and preserved and that it would be permissible to delete documents?  At this point Guardant has provided a nearly three-month window where this deletion took place.

Given that any pre-2013 messages were 4 or more years old at the time this litigation commenced, many of these could have been, and were likely deleted long before this litigation given the age of the emails.  For any remaining issues regarding Dr. Eltoukhy's understanding, you have already stated that you intend to take Dr. Eltoukhy's deposition on the issue.

5.       Upon learning, on July 8, that Dr. Eltoukhy had deleted his pre-2014 emails, what steps, if any, did Guardant take to preserve and/or recover those documents?  In particular, why didn't Guardant immediately reach out to Google to recover Dr. Eltoukhy's pre-2014 Gmails during the critical 30-day time period in which these documents may have been easily recoverable?

As stated above, the collection on July 8, 2019 was a mechanical process where emails were searched using the ESI terms.

6.       Did Dr. Talasaz likewise delete pre-2014 emails?  If so, what pre-2014 emails did Dr. Talasaz delete and when did he delete them?  Based on your representation that you sought to obtain copies of the corrupted emails from Dr. Talasaz's account, we understand that at a minimum Dr. Talasaz deleted his copies of any emails sent to his account by Dr. Eltoukhy.  Given that Guardant produced almost no pre-2014 emails from Dr. Talasaz's Gmail account—and no emails responsive to any search terms—it appears Dr. Talasaz may have deleted other relevant emails from his Google account.  Please let us know if Dr. Talasaz likewise engaged in the deletion of evidence and the extent of that deletion.  For example, one of the bodiless emails is an email from Dr. Eltoukhy█████████ to Dr. Talasaz ██████ dated April 26, 2012 with bates numbers GUARDFM00908540, GUARDPG00908906.  Despite the fact that Dr. Eltoukhy deleted this after his April 2019 deposition, why was this document not found in Dr. Talasaz's file?

A393

Guardant has no information suggesting that Dr. Talasaz has deleted any relevant emails since the start of this litigation.  When searching Dr. Talasaz's personal Gmail account, there were a small number of emails that met the date and to/from/cc/bcc limitations.  The non-privileged emails were then produced (without ESI term limits).

We are available Wednesday morning to meet and confer.  Would 10am PT work?

Sincerely,
Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, November 11, 2019 2:03 PM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Counsel,

We have not received any response to our email below.  Please let us know when you are available tomorrow to meet and confer on Defendants' request for additional deposition time with Helmy, Defendants' request that Guardant produce all the bodiless emails, and Defendants' request that Guardant answer the questions below.  In addition, please be prepared to explain Guardant's position, if any, as to why Guardant's conduct does not justify a finding of spoliation, justifying relief for Defendants.

Thanks,
Steve

---

**From:** Stephen.Larson
**Sent:** Thursday, November 7, 2019 1:20 PM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Counsel,

Guardant's revelation that, after he was deposed, Dr. Eltoukhy deleted pre-2014 emails off his laptop and Google's server raises serious issues of spoliation and document preservation and collection.  We are also surprised by Guardant's

revelation that it learned of this problem in early July.  Despite this knowledge, Guardant did not bring it to our attention during the parties' many communications (some of which are documented below).

Guardant also failed to disclose this problem during the discovery hearing on August 5 with the Court that was based on Defendants' requests for these precise documents.  After many months of correspondence, where we repeatedly asked Guardant directly for information on this issue, and repeatedly raised concerns about Guardant's preservation and collection of documents, we are left with the impression that Guardant's goal was to obfuscate the problem in the hope it would go away.  Guardant's inconsistent responses on this important issue are inexplicable.  For example, on August 20, 2019 at 3:05 PM ET, Defendants asked Guardant to confirm that "it had preserved and collected all documents and emails from the personal Google accounts of its founders, Helmy Eltoukhy, AmirAli Talasaz, and Michael Wiley."  Guardant responded on August 27, 2019 at 12:43 PM ET and stated it "ha[d] searched and collected documents directly from the personal Google accounts of Dr. Eltoukhy and Dr. Talasaz, not just the emails that were included in Outlook."

After additional email exchanges and a meet and confer on August 28, 2019, where we were again left wondering about Guardant's preservation and collection, on August 30, 2019 at 6:21 PM ET, Defendants asked Guardant to clarify whether at least Dr. Eltoukhy's and Dr. Talasaz's Google accounts were preserved in their entirety.  Throughout this entire correspondence, Guardant knew that Dr. Eltoukhy had deleted pre-2014 gmails because, as stated in your email on November 3, 2019, Guardant's counsel reviewed Dr. Eltoukhy's personal gmail account on July 8, 2019 and it contained no messages prior to 2014.

We repeat our request that Guardant immediately collect and preserve the <u>entirety</u> of <u>all</u> of the founders' Gmail accounts, to ensure that no further documents are deleted, an issue on which the parties have already met and conferred.  We also repeat our request that Guardant provide forensic images for all laptop computers used by the founders, an issue on which the parties have also fully met and conferred.  It is particularly important that we examine a forensic image of the laptop computer on which Dr. Eltoukhy deleted his emails.  At a minimum, we ask you to preserve any such images pending resolution of the parties' disputes.

We also request that Guardant provide a copy of <u>every</u> pre-2014 bodiless email, without any to/from/cc/bcc limitations and without the use of search terms so we can determine the scope of the documents that have been lost.  Limiting document production to emails that hit on search terms makes no sense, since the content of these emails is missing.

Given these new developments, we also believe it is imperative that Guardant make Dr. Eltoukhy available to explain his actions.  As you know, the parties will be scheduling Dr. Eltoukhy's follow-on deposition, ordered by the Court to be three hours.  D.I. 261.  We believe the best course of action is to make Dr. Eltoukhy available for a total of seven hours, and for the scope of that deposition to also include questions as to document collection, production and the destruction of evidence.  Please confirm Guardant will agree to this proposal.

Finally, we ask that Guardant answer the questions below.  We have asked questions for months in an effort to get clear answers.  In response, Guardant has provided evasive and inconsistent answers.  Nonetheless, we believe it is worthwhile to provide Guardant one last opportunity to squarely address these issues before we seek relief from the Court.

1.    What documents, if any, did Guardant produce from the Google server that hit on Defendants' search terms?  None of the thirteen emails identified in Justin Constant's correspondence as originating directly from the Google server appear to have been produced in response to Defendants' requested supplemental searches.  Please let us know if that is incorrect.

2.    What was the scope of Guardant's collection of Dr. Eltoukhy's emails on January 30, 2017 and/or July 20, 2018?  Based on our understanding, Guardant's document collection did not include collecting documents directly from Google's server and/or Dr. Eltoukhy's laptop.  Please let us know if that is incorrect.

3.      What steps did Guardant take to make sure Drs. Eltoukhy, Talasaz and Mr. Wiley preserved their documents?  We assume Guardant instituted a litigation hold and that Drs. Eltoukhy, Talasaz and Mr. Wiley received a copy of the hold letter at the outset of this litigation.  Please let us know if that is incorrect.  If Guardant did circulate such a letter, please provide a copy of that letter and a list of individuals who received it.

4.      What day and time did Dr. Eltoukhy (1) delete his pre-2014 emails on his laptop and (2) delete his pre-2014 emails on the Google server?  And what was the basis for Dr. Eltoukhy's understanding that the deleted files and messages on the Google server were previously collected and preserved and that it would be permissible to delete documents?  At this point Guardant has provided a nearly three-month window where this deletion took place.

5.      Upon learning, on July 8, that Dr. Eltoukhy had deleted his pre-2014 emails, what steps, if any, did Guardant take to preserve and/or recover those documents?  In particular, why didn't Guardant immediately reach out to Google to recover Dr. Eltoukhy's pre-2014 Gmails during the critical 30-day time period in which these documents may have been easily recoverable?

6.      Did Dr. Talasaz likewise delete pre-2014 emails?  If so, what pre-2014 emails did Dr. Talasaz delete and when did he delete them?  Based on your representation that you sought to obtain copies of the corrupted emails from Dr. Talasaz's account, we understand that at a minimum Dr. Talasaz deleted his copies of any emails sent to his account by Dr. Eltoukhy.  Given that Guardant produced almost no pre-2014 emails from Dr. Talasaz's Gmail account—and no emails responsive to any search terms—it appears Dr. Talasaz may have deleted other relevant emails from his Google account.  Please let us know if Dr. Talasaz likewise engaged in the deletion of evidence and the extent of that deletion.  For example, one of the bodiless emails is an email from Dr. Eltoukhy ███████████████ to Dr. Talasaz ██████████████ dated April 26, 2012 with bates numbers GUARDFM00908540, GUARDPG00908906.  Despite the fact that Dr. Eltoukhy deleted this after his April 2019 deposition, why was this document not found in Dr. Talasaz's file?

Thanks,

Steve

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Sunday, November 3, 2019 8:23 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Stephen,

Guardant provides the following information under the parties' agreement that it is not a waiver of privilege, and Guardant does not waive privilege beyond the information provided below.

On January 30, 2017, Dr. Eltoukhy's email was collected in connection with another litigation.  On July 20, 2018, Dr. Eltoukhy's emails were again collected, including Dr. Eltoukhy's emails sent or received between January 31, 2017 and July 20, 2018. This collection included folders from Dr. Eltoukhy's laptop that contained email

repositories (such as ".pst" and ".olm" files).  Information from Dr. Eltoukhy's personal gmail account was collected as confirmed by the various gmail messages produced during discovery.

All of this information was provided to Transperfect for processing and eventual production to the Defendants.  On April 8 and 9, 2019, Dr. Eltoukhy was deposed by the Defendants.  With the understanding that these files and messages had previously been collected and preserved as part of this litigation, Dr. Eltoukhy then deleted older files containing messages and messages from his personal gmail account prior to 2014 from both the Google servers and his laptop.  On July 8, 2019, Guardant's counsel reviewed Dr. Eltoukhy's personal gmail account via the Google website.  At that time, the personal gmail account contained no messages prior to 2014.

After several emails were eventually determined to be bodiless, Guardant, Guardant's counsel, and Transperfect searched for information to reconstruct the bodiless emails by collecting images of each of Dr. Eltoukhy's, Dr. Talasaz's, and Mr. Wiley's laptops and also searching Dr. Talasaz's gmail account, Mr. Wiley's gmail account, and Mr. Wiley's cypress-peak account on October 16th and 17th, the results of which were produced to the Defendants.  A more detailed account of Transperfect's efforts are set forth in Mr. Moore's declaration.

Sincerely,

Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Tuesday, October 29, 2019 5:36 AM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Baraa.Kahf <Baraa.Kahf@knobbe.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** Re: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

Yes, we will agree it is not a waiver.

Steve

On Oct 28, 2019, at 4:37 PM, Constant, Justin <Justin.Constant@weil.com> wrote:

Counsel,

Our forensics expert was able to recover the information for a subset of the bodiless emails.  We intend to produce them shortly.  Further, we have determined for a small number corresponded to complete emails already in Guardant's production.  We will provide a table correlating these emails to the identified bodiless emails.  Further, as stated on our call on Friday, Guardant will provide the list of all gmail messages produced that were collected directly from Google servers.  We will send this shortly.

9

A397

If the Defendants will agree that it is not a waiver of privilege (see Model eDiscovery order at 1.d.(iii)), Guardant will provide "information regarding activities undertaken in compliance with the duty to preserve information" relating to bodiless emails. Specifically, Guardant will provide the dates that Guardant collected and preserved information regarding Dr. Eltoukhy's and Dr. Talasaz's accounts. Further, Guardant will provide information known to Guardant regarding the date of deletion of any of the bodiless messages. Please let us know if you agree.

Sincerely,
Justin

**From:** Baraa.Kahf <Baraa.Kahf@knobbe.com>
**Sent:** Monday, October 28, 2019 5:03 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin:

Attached are our requests for documents from Google to be attached to a subpoena for documents. Please let us know if you would like to discuss.

Thanks.

Baraa

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Sunday, October 27, 2019 2:09 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,
We have not heard back from you regarding the draft subpoena to Google. In order to gain a prompt resolution to this issue and recover as much information as possible, Guardant will proceed unilaterally with serving a subpoena on Google for information regarding the bodiless emails if we have not heard back from you by tomorrow close of business eastern time. Please let us know if you have any questions.
Sincerely,

A398

Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, October 24, 2019 1:37 PM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

We will send you a draft subpoena to Google shortly.  We disagree with Guardant's other positions for the reasons we already stated.  Let's discuss at 3 pm CT today.

Thanks,

Steve

---

**From:** Constant, Justin [mailto:Justin.Constant@weil.com]
**Sent:** Thursday, October 24, 2019 8:33 AM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,
As an update to my two previous emails, our expert's initial indication is that the data from the bodiless emails cannot be retrieved from Dr. Eltoukhy's computer.  While we are continuing to exhaust all possible options for recovering all or even a portion of the bodiless emails, we continue to not be optimistic.

I am also following up on Guardant's offer to join a request or subpoena sent last Friday.  Please let us know how you would like to proceed.
Sincerely,
Justin

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Friday, October 18, 2019 8:48 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service

<Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-
GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen
<kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm
<Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-
CJB): Defendants' Proposed Search Terms

Steve,
In furtherance to our previous email, we are continuing our efforts to recover the bodiless emails
and expect to have an indication from the expert early next week.  We will share that indication with
you and later provide the full declaration detailing the expert's efforts as soon as practicable.

Because we are not optimistic that the bodiless emails will be recoverable based on information in
Guardant's possession, Guardant will join in a request and/or subpoena to Google for the content
of or any information relating to the bodiless emails.  Of course, if the content of any of these
bodiless emails can be recovered, Guardant will need to review the information first for an
assessment of privilege.  Please let us know how you would like to proceed.

If you would like to discuss, we are available Monday at 11am PT.

Sincerely,
Justin

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Wednesday, October 16, 2019 3:37 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service
<Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-
GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen
<kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm
<Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-
CJB): Defendants' Proposed Search Terms

Steve,

Thank you for your email.  As we stated before, Guardant is working diligently to determine if
there is any possibility of recovering the data for these bodiless emails.  However, it does not
make sense to us to have a PGDx or FMI forensic analyst make a copy of Dr. Eltoukhy and Dr.
Talasaz's computers for offsite analysis for many reasons.  First, these computers contain
extremely valuable and sensitive trade secret information that are irrelevant to your inquiry and
for which security is a paramount concern.  Second, these machines contain substantial amounts
of privileged attorney client communications and work product information that is protected
from discovery.  And third, these computers contain highly sensitive personal information that is
completely irrelevant to any issue in this case.  The only question at issue here is whether it is
possible to recover the data in the bodiless emails, and Guardant has employed an outside expert
in digital forensics to make that determination.  It would be inappropriate and unduly
burdensome for Guardant to permit the copying of such sensitive, valuable, and privileged email

A400

by an FMI or PGDx consultant.   To reassure you of our interest in recovering the information from the corrupted emails,  the expert's credentials are attached, and we will provide a sworn declaration from him once his analysis is complete detailing his work.

For the native files, we can produce the msg files for those emails.  They will be coming shortly.

Regarding the gmail accounts, it's not clear what you are asking for at this point.  We are months past the end of discovery, and the parties have already come to an agreement on what the parameters of the search should be. Guardant has conducted the search per the agreement.  We explained that if the bodiless emails were available in the gmail account, they would have been produced in the latest production.  Whether every single email was exported to Relativity or if the search was first limited by some or all of the agreed upon limits before export makes no difference.  The identified emails would have been produced if they were available.

Regarding Google, we have not completed the recovery efforts described above and are working diligently to do so.   We will engage with you on this topic promptly after we get the results.

Sincerely,
Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Tuesday, October 15, 2019 11:00 AM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

Thank you for your email.  First, with regard to the forensic analysis, we appreciate your efforts, but we would like to have our own expert carry out the imaging and analysis of the relevant computers.

Second, we received a production of "native" emails from you last week.  But these "native" emails were produced as html files, and are not the original archived copies of the emails.  Please let us know if you will produce the original native archive files to us.

Third, we disagree it is premature to contact Google regarding the missing emails, particularly because of the time-sensitivity of any such recovery.  We also believe that, even if the emails are not recoverable, Google will be able to provide metadata information regarding, for example, when the emails were deleted, which will help us focus our efforts.  If you have information regarding when the emails were deleted, please provide that information immediately because, as outlined on that Google support page you cited, emails deleted more than 30 days ago may be more difficult to recover.

A401

Fourth, regarding your collection of gmail, we believe it is important that the founders' Google accounts be preserved in their entirety, and not via pre-filtering, particularly since some Google emails have already been lost. Once imported into Relativity, the accounts can then be searched using filters, except at a minimum, the original ESI search terms should be run without such filters, just as Guardant's original production was searched. Pre-screening the accounts opens the document collection process to an unnecessary step and could give rise to problems. For example, it is unclear how documents could be inadvertently added to the production. But those inadvertent documents are the only emails with metadata from an MBOX file (which is the file format for Google Takeout) that we could locate in the production. If there are other emails collected and produced with Google Takeout, please identify them in your production.

Please let us know when you are available for a meet and confer Wednesday to discuss these issues.

Thanks,

Steve

---

**From:** Constant, Justin [mailto:Justin.Constant@weil.com]
**Sent:** Monday, October 7, 2019 6:29 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,

With respect to the search parameters performed, all of this information is below. However, to be clear, the pool of documents consisted of Dr. Talasaz's and Dr. Eltoukhy's emails from Gmail (limited to emails between 1/1/2011 and 1/1/2013) and their Guardant computers and account (limited to emails before 1/1/2013). The pool was also limited (as stated below) to emails where: 1) the "email from" field is like one of the terms in the Guardant List (below) AND one of the "email to," "CC," or "BCC" fields is like one of the terms in the Helmy List (below) OR 2) the "email from" field is like one of the terms in the Helmy List (below) AND one of the "email to" "CC," or "BCC" fields is like one of the terms in the Guardant List (below). The "is like" search refers to standard Relativity search functionality. The Helmy list consisted of all the terms as listed in my 8/29 email plus Dr. Eltoukhy's Illumina address (as requested by Meg). The Guardant list consisted of all the terms as listed in my 8/29 email plus every term from the Helmy list. The ESI terms used consisted of the list provided in Meg's September 10, 2019 email and the original ESI terms. The three documents listed below were an inadvertent inclusion and were added to the pool without passing each of the filters. It should be limited to those three. Please let me know if that is not the case, and we will investigate it. As I stated before, no other ESI search terms were used.

As for our assertion that these documents are not currently available on Google's servers in Dr. Talasaz's and Dr. Eltoukhy's gmail account, this is based on the fact that we searched these accounts as part of this search. Since the bodiless emails passed the filters and Guardant searched the gmail accounts using the same filters, corresponding versions of the bodiless emails would have also been produced if they existed.

A402

Regarding the additional steps you request that Guardant take, I respond below.

First, please provide us native copies of the emails so we can confirm the text is not recoverable.

Guardant will make these available.  We are currently working to identify each of these emails, but if you have a list that you would like to be included, please provide it.

Second, please let us know if Guardant is willing to provide a copy of the archive file to an outside forensics expert to confirm the emails are not recoverable.

Guardant has already utilized a forensics team to determine that no other information could be recovered from the archive.  Although we have performed a reasonably diligent inquiry, we are willing to go through the process yet again to confirm that this information is not available on laptops, images, backups or other media in its possession and will provide an update as soon as practicable.

Third, please provide us a list of the laptops Drs. Eltoukhy and Talasaz have used since 2012 (including the Apple laptop Dr. Eltoukhy mentioned in his recent declaration) and let us know if Guardant will allow an outside forensics expert to create an image of one or more of the laptops.  For both the archive file and the laptops, the forensics expert would not share with Defendants any emails other than the emails at issue here, if recovered, absent an order of the Court or agreement by the parties.

See response above.

Fourth, please investigate whether there are any backup tapes or other media at Guardant that may have captured and preserved these files.

Although we have performed a reasonably diligent inquiry, we are willing to go through the process yet again to confirm that these emails are not are located on any backup media.

Fifth, please explain to us Guardant's efforts to collect documents directly from Google's servers, so we can determine whether additional efforts may be fruitful.

The Gmail messages were collected using Google's takeout feature.  Emails that passed the filters described above were labeled and exported.

Sixth, please determine when these files were deleted on Google's server so we can focus our efforts.

Guardant will investigate the issue, but it is unclear if there is a feature in Gmail that would allow such a determination.

Finally, please let us know if Guardant will consent to and/or join a subpoena to Google to obtain recovered copies of these emails and/or information showing the metadata for these emails, including when they were deleted.

Guardant believes that is premature to consider a third party subpoena at this point and references the responses above.  We have no reason to believe that Google would still have copies of these emails.  *See* https://support.google.com/mail/answer/7401?hl=en.

Sincerely,
Justin

---

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, October 7, 2019 12:33 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

We write to follow up on the below.  Please confirm Guardant will provide the list we requested and will take the other requested steps, or let us know when you are available to meet and confer tomorrow.

Thanks,

Steve

---

**From:** Stephen.Larson
**Sent:** Thursday, October 3, 2019 3:15 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

As I explained during our call yesterday, and during the parties' meet and confer last week, our request is that Guardant provide in one communication a definitive list of the search parameters Guardant used for the personal emails and for Guardant's original pool of 4,000-5,000 Guardant emails, including all to/from/cc/bcc limits.  As I explained, we are unable to string together the various emails below and determine with clarity what searches Guardant performed.  Some of the documents Guardant produced appear to be inconsistent with search limitations in certain emails below.  For example, GUARDPG00911002, GUARDPG00911001, and GUARDPG00911000 do not appear to comply with the to/from/cc/bcc limits you identified below.  During our call yesterday, I understood you were going to provide us the definitive list we requested, as required by the ESI Order.  I repeat that request.

With regard to the corrupted emails, thank you for confirming the "created by" and "modified on" date on the archive.olm file in question is November 5, 2015.  During our call yesterday, you also stated you

were confident the corrupted emails are not currently available on Google's servers and could not be found by, for example, directly logging into the inventors' accounts. Please explain the basis for that assertion.

As I mentioned on the call yesterday, our focus is on obtaining and/or recovering these emails. Our review indicates they are highly relevant and critical to Defendants' allegations. For example, the emails indicate that Dr. Eltoukhy shared the Steemers email with Dr. Talasaz, and that the two inventors were discussing intellectual property and other highly relevant matters around the time of the alleged conception. Unfortunately, these emails, and indeed many of Drs. Eltoukhy's and Talasaz's gmails in the critical time period, are missing text in the body. Given the critical importance of these documents, we believe it is in all the parties' interests to make every effort to find and/or recover these documents to ensure a complete factual record.

The unexplained loss and deletion of these files is prejudicing Defendants' ability to properly defend against Guardant's claims. Thus, we ask that Guardant take the following additional steps. First, please provide us native copies of the emails so we can confirm the text is not recoverable. Second, please let us know if Guardant is willing to provide a copy of the archive file to an outside forensics expert to confirm the emails are not recoverable. Third, please provide us a list of the laptops Drs. Eltoukhy and Talasaz have used since 2012 (including the Apple laptop Dr. Eltoukhy mentioned in his recent declaration) and let us know if Guardant will allow an outside forensics expert to create an image of one or more of the laptops. For both the archive file and the laptops, the forensics expert would not share with Defendants any emails other than the emails at issue here, if recovered, absent an order of the Court or agreement by the parties. Fourth, please investigate whether there are any backup tapes or other media at Guardant that may have captured and preserved these files. Fifth, please explain to us Guardant's efforts to collect documents directly from Google's servers, so we can determine whether additional efforts may be fruitful. Sixth, please determine when these files were deleted on Google's server so we can focus our efforts. Finally, please let us know if Guardant will consent to and/or join a subpoena to Google to obtain recovered copies of these emails and/or information showing the metadata for these emails, including when they were deleted.

We would appreciate your cooperation and agreement to these requests, given the importance of these documents.

Thanks,

Steve

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, October 3, 2019 2:18 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,

As we discussed, the created by and modified on date on the archive.olm file in question was November 5, 2015.

Further with respect to the search parameters, we confirm that Guardant's search was conducted in accordance with the agreement as reflected in the correspondence between the parties below.

Sincerely,
Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Thursday, September 19, 2019 8:41 PM
**To:** Reines, Edward <edward.reines@weil.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Ed, there is no "snide innuendo" in my emails, and your statement that I should "change" is not well taken.  My emails below were sent on behalf of both Defendants and are directed to serious and substantive issues.  Guardant has steadfastly refused to answer simple questions about its collection and production of documents.  Your attempts to personalize these interactions to criticize me personally are unhelpful and unfortunate.  Please stick to the issues and address our concerns.

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Thursday, September 19, 2019 3:22 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** Re: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

A tone of concern is perfectly appropriate.   The snide innuendo makes it tough to want to cooperate but we will do so fully and professionally.   I just ask you to change.

On Sep 19, 2019, at 1:19 PM, Stephen.Larson <Stephen.Larson@knobbe.com> wrote:

Justin,
My tone is one of concern, as it has become apparent that Guardant did not collect documents from the founders' personal email accounts as part of its original document productions.  Instead, Guardant is apparently only doing so now.  Moreover, Guardant has not addressed this issue forthrightly and instead, as demonstrated by the long email

chain below, has repeatedly failed to directly answer our straightforward questions regarding this issue.

Your email below amplifies our concerns.  Rather than address the *collection* of documents from personal email accounts, you assert that "emails from Dr. Eltoukhy's personal account were *included* in Guardant's *production*."  Obviously, that Guardant happened to *include* a small number of personal emails in its *production* does not resolve the issue.  The metadata for those emails suggest they were saved to a Guardant computer in 2015 and collected from that computer—and not from a Google account.  Please confirm Guardant is running its original and supplemental ESI search terms, and the additional search terms below, directly on the founders' personal email accounts.

Also, while we appreciate your confirmation that Guardant included Dr. Eltoukhy's Illumina account and emails sent from Dr. Eltoukhy to himself, we are asking you to provide the final search terms used, as required by the ESI order.  Please provide the full set of search terms you are using, including the search terms used to narrow the pool of documents in the first instance.

We understand that Guardant will be making a substantial production of relevant documents on Friday, notwithstanding our outstanding questions.  In addition to providing responses to the issues raised above, please confirm Guardant is still on track to make that production tomorrow.

Thanks,

Steve

**Stephen Larson**
Partner

949-721-5301 **Direct**

**Knobbe Martens**

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Wednesday, September 18, 2019 3:39 PM
**To:** Reines, Edward <edward.reines@weil.com>; Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Steve,

Your tone is unproductive.   Below I address your issues.

To your first question, we included Dr. Eltoukhy's Illumina account and emails sent from Dr. Eltoukhy to himself, including all to/from/cc/bcc limits —as Ed stated.

To your second question, the original and supplemental ESI terms have been run on the entire pool.  As you can tell from the production, emails from Dr. Eltoukhy's personal account were included in Guardant's production long ago.  See e.g., GUARDFM00192833 GUARDPG00193199.  We disagree that Guardant has been anything but diligent and accommodating with respect to its collection and production efforts.  Your contentiousness does not change that fact.

To your third question, Guardant included pre-2013 emails (identified by the agreed upon restrictions and terms) previously identified as non-responsive.

Sincerely,
Justin

---

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Tuesday, September 17, 2019 4:35 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Ives, Margaret E. <mives@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** Re: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

They seem more like irascible demands than questions.   We'll address your email.

On Sep 18, 2019, at 6:27 AM, Stephen.Larson <Stephen.Larson@knobbe.com> wrote:

Justin,

Defendants agree to the date restriction of after 1/1/2011 for Dr. Eltoukhy's and Dr. Talasaz's personal email accounts.  We have a few additional questions to ensure we understand the nature of Guardant's document production.

First, as required by the ESI order, please provide the final searches Guardant is using for these personal emails and for Guardant's original pool of 4,000-5,000 Guardant emails, including all to/from/cc/bcc limits.  We previously told you the to/from list you initially identified excluded key documents, including emails sent from Dr. Eltoukhy's Illumina account and emails sent from Dr. Eltoukhy to himself.  Ed confirmed these documents would be included in the final search pool.  We just want to confirm the final searches do not exclude such documents.

Second, from your emails below, we understand that Dr. Eltoukhy and Dr. Talasaz's personal email accounts were not included in the "pool" of documents originally collected by Guardant.  Will Guardant be running the original and supplemental ESI search terms on these personal emails, as it did on the documents Guardant originally collected?  Frankly, Guardant should have done so long ago.  A reasonable inquiry at the outset of this case would have revealed that Eltoukhy and Talasaz used their personal emails for Guardant business starting in 2011, and this was made clear at least as of the date of their depositions.  Guardant's failure to search these accounts earlier is prejudicial and raises serious questions regarding Guardant's satisfaction of its discovery obligations.

Third, we understand that the pool of 4,000-5,000 Guardant emails consists of emails that did not previously hit on Guardant's ESI search terms.  Has Guardant examined the pre-2013 emails that <u>did</u> hit on Guardant's ESI search terms but were <u>not</u> previously produced to determine if they are responsive to Defendants' inequitable conduct document requests?  As you know, Defendants' document requests contain additional topics beyond the scope of their previous document requests.  Thus, we would like confirmation that Guardant has examined, or will examine, pre-2013 emails that were previously marked as non-responsive to either produce them or confirm they are non-responsive to Defendants' inequitable conduct requests.

Thanks,

Steve

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Tuesday, September 17, 2019 10:47 AM
**To:** Ives, Margaret E. <mives@choate.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Jeremiah.Helm <Jeremiah.Helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Meg,
Guardant agrees to include the emails in Dr. Eltoukhy and Dr. Talasaz's personal email accounts in the pool of documents to be searched (subject to the agreed upon restrictions), with the additional limitation that it will only include emails after 1/1/2011.

As for the production, we expect to make a substantial production on Friday, if not earlier.  If there are any remaining documents, they will be produced shortly thereafter.

Sincerely,

Justin

---

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Tuesday, September 17, 2019 9:24 AM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com>
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

When we spoke last, we had understood that you would be getting back to us promptly regarding Guardant's position on searching the personal emails of Dr. Eltoukhy and Dr. Talasaz. What is Guardant's position?

Also, please confirm that Guardant will be in a position to roll out a production of documents responsive to our search terms not later than close of business on Friday, September 20.  As I stated in my earlier email to Ed, Weil has had five months to review less than 5,000 documents.  We expect that you are now in a position to make a production of at least some subset of those documents, or very soon will be.  To the extent you are not, please provide an explanation.

Meg

Margaret E. Ives
<image001.gif>
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Friday, September 13, 2019 3:58 PM

**To:** Reines, Edward <edward.reines@weil.com>; Ives, Margaret E. <mives@choate.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

**\*\*External Email\*\***

Meg,

We are still considering your request with respect to the personal emails of Dr. Eltoukhy and Dr. Talasaz and will get back to you shortly.  With respect to the other collected communications discussed below, Guardant agrees use the proposed terms to perform the search and has already begun reviewing the documents.  We are working diligently and will make a production shortly.  We can confirm that Guardant is not including any additional terms in conjunction with this search.  Guardant reserves the right to request further limits on the personal emails.

- Justin

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Thursday, September 12, 2019 2:06 PM
**To:** Ives, Margaret E. <mives@choate.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Yes.  It is going slowly.  Defending the breadth of your request and the relevance of your terms is not easy.

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Thursday, September 12, 2019 11:02 AM
**To:** Reines, Edward <edward.reines@weil.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Guardant Health II

Service <Guardant.Health.II.Service@weil.com>;
mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>;
Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>;
Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm
<jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Hi Ed – any updates today?

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Wednesday, September 11, 2019 1:02 PM
**To:** Ives, Margaret E. <mives@choate.com>
**Cc:** Constant, Justin <Justin.Constant@weil.com>; Guardant Health II
Service <Guardant.Health.II.Service@weil.com>;
mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>;
Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>;
Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm
<jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** Re: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

**External Email**

---

Thanks, Meg.   My desire is undiminished.   However, to respond we have to run searches.   So it takes us a bit more time.   We're doing our best.

On Sep 11, 2019, at 9:02 AM, Ives, Margaret E.
<mives@choate.com> wrote:

> Ed – just following up on my email from yesterday, as I
> know you would like to keep this issue moving.

> ---
> **From:** Ives, Margaret E.
> **Sent:** Tuesday, September 10, 2019 1:57 PM
> **To:** 'Reines, Edward' <edward.reines@weil.com>;
> Constant, Justin <Justin.Constant@weil.com>
> **Cc:** Guardant Health II Service
> <Guardant.Health.II.Service@weil.com>;
> mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
> knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A.
> <jtigan@mnat.com>; Jacobs, Karen
> <kjacobs@mnat.com>; Jack Phillips
> <jcp@pgmhlaw.com>; Stephen.Larson

24

A412

<stephen.larson@knobbe.com>; Jeremiah.Helm
<jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation
Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed Search Terms

Ed,

Defendants disagree that running any of the terms
listed in Plaintiff's last email will be overbroad or unduly
burdensome.  The fact that one term may hit on several
hundred documents (including families) is not
overbroad or burdensome if the documents are
relevant.  The search terms are intended to avoid false
hits, not to limit the volume of otherwise relevant
documents.

Indeed, without a full hit report it is not clear what you
mean when you say that our search terms hit on 50% of
the documents and/or whether the terms are hitting on
discrete or overlapping documents.  In any event, even
to the extent our search terms are hitting on even 2,500
or 3,000 documents, that is certainly not an
unreasonable amount.  Moreover, the work of
Guardant's earliest R&D employees and consultants,
█████████████████, are
directly relevant to Defendants' defenses and
counterclaims.  It is, therefore, Defendants' position
that those employee's names are limited enough in
scope and unlikely to hit on a large number of irrelevant
documents.  Indeed, the mere fact that there are 654
hits on ████████████████████████
█████████████████████████████
████████████████████, suggests that
those documents are all highly relevant and may
contain information not otherwise available from any
other source.

Nor does your email make clear whether Drs. Eltoukhy's
and Talasaz's gmail accounts were searched with the
prior search terms and/or whether Guardant will agree
to search them with these terms.  We will consider your
proposal regarding preservation, but in the interest of
moving this forward and addressing what we hope are
unwarranted fears, please confirm that you are running
these terms against the Google accounts of the
founders limited only by date, and that, additionally,
you already ran the original ESI terms against the
unlimited Google accounts of the founders and identify
where those documents are in the existing production.

Finally, as required by the ESI order, please provide the full set of the search terms used by Guardant in forming the pool of documents to be used in conjunction with our further proposed search terms.

Assuming we can get further clarity on our questions above, and in an effort to resolve this dispute without seeking the court's assistance, we have once again attempted to narrow the terms as follows.



Please confirm that these terms are now acceptable to you or let me know when this afternoon you are available to discuss.

Best,

Meg


Margaret E. Ives
<image001.gif>
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com


**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Tuesday, September 10, 2019 12:44 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Ives, Margaret E. <mives@choate.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

**\*\*External Email\*\***

Meg, let's please keep this issue moving for everyone's sanity (selfishly my own included).   Best, Ed

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Monday, September 9, 2019 11:06 AM
**To:** Ives, Margaret E. <mives@choate.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A.

A415

<jtigan@mnat.com>; Jacobs, Karen
<kjacobs@mnat.com>; Jack Phillips
<jcp@pgmhlaw.com>; Stephen.Larson
<stephen.larson@knobbe.com>; Jeremiah.Helm
<jeremiah.helm@knobbe.com>; dab@pgmhlaw.com
**Subject:** RE: Guardant Health v. Foundation
Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed Search Terms

Meg,

The terms you have provided still hit on over 50% of the
documents in the pool.   In an effort to resolve this issue
and as discussed below, ███████████████████"
(plus family) hit on 654 documents.  Likewise, ███████
██████████████████ (plus family) hit on 605
documents, and ████████████████ (plus family) hit
on 411 documents. Given the number of hits, it is
inappropriate to include these terms without some
additional subject matter limitation.  Further, the term
█████████ is returning hits on uses of any ████████
email address regardless of relevance.  This term should
also be subject to an additional subject matter
limitation as well as limiting the date to only those
communications sent after 1/1/2011.   Finally, the term
█████████████████████████████ plus family) hit on 599
documents.  Like the preceding terms on your list, it
should be limited to "w/20 Guardant."  If Defendants
will provide appropriate subject matter limitations as
discussed above and agree to the other changes,
Guardant will conduct the search as specified.

Sincerely,
Justin

---

**From:** Ives, Margaret E. <mives@choate.com>
**Sent:** Friday, September 6, 2019 6:05 PM
**To:** Reines, Edward <edward.reines@weil.com>
**Cc:** Guardant Health II Service
<Guardant.Health.II.Service@weil.com>;
mfarnan@farnanlaw.com; bfarnan@farnanlaw.com;
knobbe.pgdx@knobbe.com; FM-GuardantService <FM-
GuardantService@choate.com>; Tigan, Jeremy A.
<jtigan@mnat.com>; Jacobs, Karen
<kjacobs@mnat.com>; Jack Phillips
<jcp@pgmhlaw.com>; Stephen.Larson
<stephen.larson@knobbe.com>; Jeremiah.Helm
<jeremiah.helm@knobbe.com>; dab@pgmhlaw.com;
Constant, Justin <Justin.Constant@weil.com>
**Subject:** RE: Guardant Health v. Foundation

Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Ed:

Thank you. We look forward to receiving the hit report on Monday.

Meg

**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Friday, September 6, 2019 6:45 PM
**To:** Ives, Margaret E. <mives@choate.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com; knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com; Constant, Justin <Justin.Constant@weil.com>
**Subject:** RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

**\*\*External Email\*\***

Meg:

Thank you for your note.   I endeavor below to address your points and move this issue towards conclusion.   My responses are below in green.

Ed

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Thank you for reaching out directly about this issue.  As we have consistently expressed to Justin, we would also very much like to resolve this dispute in a timely and efficient manner, without the Court's assistance.

> o  I am delighted that we share the same spirit to resolve this project.

To help that process, I summarize for you below the still-outstanding questions that we have asked your team regarding the scope of the documents that Guardant has collected:

- Does the set of 4,000 to 5,000 documents include emails sent from Dr. Eltoukhy to himself, for example from his Illumina account to his Google account or Guardant account, and vice versa?  We believe they should be included.
    - Yes.

- Does the set of 4,000 to 5,000 documents include emails sent from Dr. Eltoukhy at his Illumina account and received by a Guardant-associated person, and vice versa?  We believe they should be included.
    - As we have communicated, Guardant is not undertaking to produce documents from Dr. Eltouky's Illumina account.  However, if the documents were received by a Guardant employee that is a custodian, they might be included for that reason.

- Were Dr. Eltoukhy's and Dr. Talasaz's Google accounts preserved in their entirety, searched, and produced already in this litigation?  If so, when did the preservation, search, and production take place?  We are unable to identify documents in Guardant's production that were collected and produced from a Google account, and only see a small number of emails that include Dr. Eltoukhy's or Dr. Talasaz's Google email addresses that were apparently produced incidental to, e.g., a collection from a Guardanthealth.com email account.
    - The parties stipulated that activities in compliance with the duty to preserve information are protected from disclosure and discovery.   However, we do nonetheless have an interest in addressing unwarranted fears.  If we can reach an agreement to share such information trilaterally, that might be a solution.   Are defendants willing to share information about the preservation and collection of documents from the personal email files of Doron Lipson, Doug Ward, and

Victor Velculescu?  If so, we will certainly consider such an arrangement.

Your assistance in obtaining answers to these questions quickly will certainly expedite this process.

- o  I am delighted that we share the same spirit to resolve this project.

 I also understand from our phone conversation that you are no longer requesting that we arbitrarily limit our search terms to 10, provided the search terms are reasonable.  Thank you for that concession. I think it will go a long way in moving the ball forward.

- o  The request for 10 terms is based on our conclusion that it is a reasonable number.   In that sense it is no more arbitrary than any other number of terms.   Whether termed a concession or a compromise, we are flexible to try to reach an argument --  but will not abide overreaching.

On our end, we have endeavored in good faith to narrow our proposed list of search terms to a smaller set of discrete terms that we believe are highly likely to produce highly relevant documents.

- o  We appreciate your statement of good will.   We will have this search performed to see if it is still excessive in our eyes.   We wanted to respond promptly otherwise to keep this moving.

Provided you can provide me with answers to our questions above, we can agree to limit our list of proposed search terms as follows:



31



To the extent that you believe this list is still too large, please provide us with a hit report for these terms so that we can work with you to further narrow them.  Our understanding is that our last set of proposed search terms collectively hit on approximately 50% of the documents collected (i.e., 2000-2500 documents), but that no single search term had an inordinate number of hits.  Is that correct?

- Your original list of more than 200 terms and your more recent list of 40 terms both hit much more than 50% of the documents.

If you are not willing to provide us with a hit report, would you be willing to at least tell us how many documents the search term ████████████ hit upon?

- Yes, we will tell you that.

Also, to the extent that Guardant has preserved both Dr. Eltoukhy's and Dr. Talasaz's Google accounts, will you also agree to run any agreed-upon search terms across those accounts?

- See above.

A420

I very much appreciate your intercession in this dispute,
and look forward to receiving your answers to our
questions above on Monday.

- o   As noted we respond today on your
    questions.   The hits will have to await
    Monday.

Have a great weekend, and please don't hesitate to call
me anytime.

---

**From:** Ives, Margaret E.
<mives@choate.com>
**Sent:** Friday, September 6, 2019 3:22
PM
**To:** Reines, Edward
<edward.reines@weil.com>; Constant,
Justin <Justin.Constant@weil.com>;
Miller, Emily <emiller@choate.com>;
Guardant Health II Service
<Guardant.Health.II.Service@weil.com>
; farnan@farnanlaw.com;
bfarnan@farnanlaw.com
**Cc:** knobbe.pgdx@knobbe.com; FM-
GuardantService <FM-
GuardantService@choate.com>; Tigan,
Jeremy A. <jtigan@mnat.com>; Jacobs,
Karen <kjacobs@mnat.com>; Jack
Phillips <jcp@pgmhlaw.com>;
Stephen.Larson
<stephen.larson@knobbe.com>;
Jeremiah.Helm
<jeremiah.helm@knobbe.com>;
dab@pgmhlaw.com
**Subject:** RE: Guardant Health v.
Foundation Medicine/PGDx (1:17-cv-
01616-LPS-CJB; 1:17-cv-01623-LPS-CJB):
Defendants' Proposed Search Terms

Ed,

Thank you for reaching out directly
about this issue.  As we have
consistently expressed to Justin, we
would also very much like to resolve
this dispute in a timely and efficient
manner, without the Court's
assistance.

33

A421

To help that process, I summarize for you below the still-outstanding questions that we have asked your team regarding the scope of the documents that Guardant has collected:

- Does the set of 4,000 to 5,000 documents include emails sent from Dr. Eltoukhy to himself, for example from his Illumina account to his Google account or Guardant account, and vice versa?  We believe they should be included.

- Does the set of 4,000 to 5,000 documents include emails sent from Dr. Eltoukhy at his Illumina account and received by a Guardant-associated person, and vice versa?  We believe they should be included.

- Were Dr. Eltoukhy's and Dr. Talasaz's Google accounts preserved in their entirety, searched, and produced already in this litigation?  If so, when did the preservation, search, and production take place?  We are unable to identify documents in Guardant's production that were collected and produced from a Google account, and only see a small number of emails that include Dr. Eltoukhy's or Dr. Talasaz's Google email addresses that were apparently produced incidental to, e.g., a collection from a Guardanthealth.com email account.

Your assistance in obtaining answers to these questions quickly will certainly expedite this process.

 I also understand from our phone conversation that you are no longer requesting that we arbitrarily limit our search terms to 10, provided the search terms are reasonable.  Thank you for

34

that concession. I think it will go a long way in moving the ball forward.

On our end, we have endeavored in good faith to narrow our proposed list of search terms to a smaller set of discrete terms that we believe are highly likely to produce highly relevant documents.

Provided you can provide me with answers to our questions above, we can agree to limit our list of proposed search terms as follows:

1.       "cell-free" or (cell w/2 free) or



A423

████████████████

To the extent that you believe this list is still too large, please provide us with a hit report for these terms so that we can work with you to further narrow them.  Our understanding is that our last set of proposed search terms collectively hit on approximately 50% of the documents collected (i.e., 2000-2500 documents), but that no single search term had an inordinate number of hits.  Is that correct?

If you are not willing to provide us with a hit report, would you be willing to at least tell us how many documents the search term ████████████ hit upon?

Also, to the extent that Guardant has preserved both Dr. Eltoukhy's and Dr. Talasaz's Google accounts, will you also agree to run any agreed-upon search terms across those accounts?

I very much appreciate your intercession in this dispute, and look forward to receiving your answers to our questions above on Monday.

Have a great weekend, and please don't hesitate to call me anytime.

Warmly,

Meg


Margaret E. Ives
<image001.gif>
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4907
f 617-248-4000
mives@choate.com
www.choate.com

36

A424

**From:** Reines, Edward
<edward.reines@weil.com>
**Sent:** Thursday, September 5, 2019 6:18
PM
**To:** Constant, Justin
<Justin.Constant@weil.com>; Ives,
Margaret E. <mives@choate.com>;
Miller, Emily <emiller@choate.com>;
Guardant Health II Service
<Guardant.Health.II.Service@weil.com>
; farnan@farnanlaw.com;
bfarnan@farnanlaw.com
**Cc:** knobbe.pgdx@knobbe.com; FM-
GuardantService <FM-
GuardantService@choate.com>; Tigan,
Jeremy A. <jtigan@mnat.com>; Jacobs,
Karen <kjacobs@mnat.com>; Jack
Phillips <jcp@pgmhlaw.com>;
Stephen.Larson
<stephen.larson@knobbe.com>;
Jeremiah.Helm
<jeremiah.helm@knobbe.com>;
dab@pgmhlaw.com
**Subject:** RE: Guardant Health v.
Foundation Medicine/PGDx (1:17-cv-
01616-LPS-CJB; 1:17-cv-01623-LPS-CJB):
Defendants' Proposed Search Terms

**External Email**

Meg, thanks for discussing this with
me in such good spirit. As I said, we
look to move and hopefully resolve
this issue via mutual and efficient
compromise. We look forward to
hearing from you with a proposal. I
think I speak for everyone on this
distribution when I say it would be
nice to resolve this soon. Best, Ed

-----Original Message-----
From: Constant, Justin
<Justin.Constant@weil.com>
Sent: Thursday, September 5, 2019
3:12 PM
To: Ives, Margaret E.
<mives@choate.com>; Miller, Emily
<emiller@choate.com>; Guardant
Health II Service
<Guardant.Health.II.Service@weil.c
om>; farnan@farnanlaw.com;

bfarnan@farnanlaw.com; Reines, Edward <edward.reines@weil.com> Cc: knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com Subject: RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Adding Ed.

-----Original Message-----
From: Ives, Margaret E. <mives@choate.com>
Sent: Wednesday, September 4, 2019 5:18 PM
To: Constant, Justin <Justin.Constant@weil.com>; Miller, Emily <emiller@choate.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; farnan@farnanlaw.com; bfarnan@farnanlaw.com Cc: knobbe.pgdx@knobbe.com; FM-GuardantService <FM-GuardantService@choate.com>; Tigan, Jeremy A. <jtigan@mnat.com>; Jacobs, Karen <kjacobs@mnat.com>; Jack Phillips <jcp@pgmhlaw.com>; Stephen.Larson <stephen.larson@knobbe.com>; Jeremiah.Helm <jeremiah.helm@knobbe.com>; dab@pgmhlaw.com Subject: Re: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed

Search Terms

Justin,

Please let us know if you have a response to my email below. Otherwise, we intend to seek the Court's assistance in resolving this issue.

Best,

Meg


---
Sent from Workspace ONE Boxer<https://whatisworkspaceone.com/boxer>

On August 30, 2019 at 6:21:19 PM EDT, Ives, Margaret E. <mives@choate.com> wrote:
Justin:

We were very surprised to receive your email. As I had indicated in my email to you, it was our belief and understanding that the parties had made significant progress during our meet and confer. However, it seems as though your position has shifted materially since then.

In particular, during our meet and confer, you appeared to understand that a larger number of search terms would be necessary given the collection process Guardant previously engaged in, our review of the documents you previously produced, and our earnest attempt to provide you with a narrowed set of terms that were all designed to hit on only highly relevant documents based on that previous review. Not once during our call did you ever assert that we needed to arbitrarily limit our terms to any specific number, let alone 10. Moreover, you only raised specific issue regarding

39

A427

the breath of a handful of our terms, for which you merely asked us to further narrow with connectors (e.g., █████████████████████), which we indicated that we would be willing to do if you provided us with a hit report for each term.

You now demand (without discussion) that we arbitrarily limit the number of terms you will use. The Court's order did not limit Defendants to a particular number of terms, however. Rather, the Court's order contemplated that the parties would work together to try to determine a reasonable search that would serve to identify responsive documents amongst those Guardant has already identified as potentially relevant given their timestamps. We have participated in this process in good faith. You apparently have not.

For example, your new found reliance on the Default ESI Order is misplaced. The Order contemplates that a party will use search terms to locate potentially responsive ESI and that an opposing party may then request "10 additional terms." At this point, Guardant has not used any terms to search for the relevant documents Defendants seek and thus Guardant cannot use the Default ESI Order to limit the number of terms Defendants may request. Moreover, in this case, the parties agreed to an ESI order that did not set an upper limit and instead provided that FMI and PGDx may each request a minimum of 3 additional search terms. Regardless of any ESI Order, if you are aware now of relevant and responsive documents in Guardant's possession, they should be produced. You cannot use the ESI Order as a shield to prevent production of responsive documents you have already identified as responsive. Neither the Federal Rules, nor any

ESI Order, contemplate that a party may withhold relevant and responsive documents that it has already located because the other side failed to identify the exact set of search terms that hit on those documents.

During our meet and confer, you seemed to be receptive to our request for a detailed breakdown of the hits associated with each search term. As we indicated, that is the best way to enable us to propose more narrowly-tailored searches intended to address any purported burden caused by over-broad search terms. Now, however, you are only willing to vaguely state that around 50% of the documents hit on our search terms collectively. To begin with, that result (2,500 documents on the high end) appears reasonable to us given the specificity of the terms we provided. It certainly does not appear that amount would be burdensome for Guardant to produce them. You certainly have not articulated any reason that it would be burdensome for Guardant to just produce that set of documents.

In any event, without an understanding of the number of hits associated with each term, it is difficult to further narrow our searches. For example, you have repeatedly said that the term ███████ is broad, but you have not identified how many hits are associated with that term. Moreover, Dr. Eltoukhy's emails regarding ███████ are particularly important because Guardant's witnesses have testified that ███████████

Therefore, we continue to request that Guardant provide the number of hits associated with that term, as well as the other terms we have provided.

Additionally, while we appreciate that you finally explained how you identified the pool of documents that make up the "4,000 to 5,000" documents that you represented to the court were from the relevant timeframe (pre-2013), it is our opinion that your method of identifying those documents improperly narrowed the pool to exclude potentially relevant documents. For example, your method would not have captured documents transferred by Helmy Eltoukhy, as an Illumina employee, to Helmy Eltoukhy, as alleged Guardant founder, either directly or by using his Google or other account. Given the direct relevance of such communications, we request that you at least add the terms ████

████████████████████

████████████████ to what you termed the "Guardant List" to ensure those highly relevant and responsive documents are included in the pool. Moreover, we note that the current "Helmy List" excludes Eltoukhy's Illumina email address. Please include Eltoukhy's Illumina email address in the "Helmy List" to ensure those communications are included in the pool of documents.

During the meet and confer, we also

A430

asked you to clarify whether at least Dr. Eltoukhy's and Dr. Talasaz's Google accounts were (1) preserved in their entirety; (2) had already been searched using the search terms provided by Guardant or the parties pursuant to the ESI order; and (3) whether any documents hitting on those terms were already produced in this litigation. You informed us that the Google accounts were not part of the original collection, but you thought they had been collected at least in part by this point in time, and that you were going to confirm that was the case. As we explained during the call, we have been unable to identify any emails produced from a Google account—as opposed to merely including a Google address from either Dr. Eltoukhy or Dr. Talasaz, and collected from another Guardant source—in Guardant's production to date. This is particularly confusing since we can see evidence of those emails in the production, but no copies of the emails themselves. Your email does not address this issue at all, despite our request on the call, which you agreed to look into and confirm, and our request for confirmation in our follow up correspondence. To this point we still do not have a clear answer to the very basic question of when the Talasaz and Eltoukhy Google accounts were preserved, searched, and the subject of a production. Please confirm the date that Guardant preserved these accounts in their entirety and explain when Guardant produced documents from these accounts that hit on the original and modified ESI search terms.

Finally, on the call you indicated that you were open to running any search terms we agree upon on both the pool of previously identified 4,000-5,000 documents (which we believe

may not include at least some highly relevant documents), as well as against what you thought, but were not sure, were the entirely preserved Eltoukhy and Talasaz Google accounts, limited by date. Please confirm this is still the case.

Once you have addressed our inquiries above, and provided us with a term-by-term hit report, we would be willing to have another meet and confer call to discuss limiting our search terms, if appropriate. Please provide your report and the hit report by no later than COB Tuesday, so we can avoid having to revisit this issue with the Court.

Have a good weekend.

Meg


Get Outlook for iOS<https://aka.ms/o0ukef>


On Thu, Aug 29, 2019 at 10:01 PM -0400, "Constant, Justin" <Justin.Constant@weil.com<mailto:Justin.Constant@weil.com>> wrote:

**External Email**

———————————————
—

Meg,


As I have explained multiple times on the call and in the emails below, the 4000-5000 documents are the communications that were previously collected, have not been produced, are dated before 1/1/2013, and are between Helmy and Guardant. Thus, your

characterization of it being every single document that did not hit on a search term and are dated before 1/1/2013 is incorrect.

To further clarify, the 4,000-5,000 communications were identified by including all pre-2013 communications that Guardant has collected to date where 1) the "email from" field is like one of the terms in the Guardant List (below) AND one of the "email to" "CC," or "BCC" fields is like one of the terms in the Helmy List (below) OR 2) the "email from" field is like one of the terms in the Helmy List (below) AND one of the "email to" "CC," or "BCC" fields is like one of the terms in the Guardant List (below). The "is like" search refers to standard Relativity search functionality. Any documents that have been already produced are excluded.

Regarding the source of the communications collected to date, it includes all of the emails collected from the originally agreed upon ESI custodians. This collection is not limited to only documents that hit on the original ESI search terms, and included all of the Guardant email available at the time of collection. It also includes gmail messages collected from Drs. Eltoukhy and Talasaz.

As for the proposed terms, you have provided over 40 terms that hit on over 50% of the remaining documents. As I explained on the call, broad terms, such as ███████ ███████ are inappropriate. Further, attempting to limit the terms with

just "Guardant" provides little to no actual limitation. The Delaware Default Standard For ESI Discovery states that "[a]bsent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed." You have provided no reason why the parties should deviate from this standard. Please provide a reasonable list of 10 focused terms.



46



A435

A436



Sincerely,

Justin

-----Original Message-----
From: Ives, Margaret E.
<mives@choate.com>
Sent: Thursday, August 29, 2019
9:18 AM
To: Constant, Justin
<Justin.Constant@weil.com>;
Miller, Emily
<emiller@choate.com>; Guardant
Health II Service
<Guardant.Health.II.Service@weil.c
om>; farnan@farnanlaw.com;
bfarnan@farnanlaw.com
Cc: knobbe.pgdx@knobbe.com; FM-
GuardantService <FM-
GuardantService@choate.com>;
Tigan, Jeremy A.
<jtigan@mnat.com>; Jacobs, Karen
<kjacobs@mnat.com>; Jack Phillips
<jcp@pgmhlaw.com>;
Stephen.Larson
<stephen.larson@knobbe.com>;

49

A437

Jeremiah.Helm
<jeremiah.helm@knobbe.com>;
dab@pgmhlaw.com
Subject: Re: Guardant Health v.
Foundation Medicine/PGDx (1:17-
cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed
Search Terms

Justin,

Thank you for a productive meet and
confer yesterday.

We now understand that the 4,000-
5,000 documents that you are
agreeing to search were documents
collected from Guardant's original
ESI custodians that (1) did not hit on
the original search terms Guardant
ran; and (2) were dated before
January 1, 2013.

We further understand that you will
check and confirm (1) whether those
documents were collected from the
personal emails of any Guardant
employees, including AmirAli
Talasaz and Helmy Eltoukhy. To the
extent they were not, we understand
that you will check and confirm
whether Guardant is willing to now
run our proposed search terms
against the pre-2013 personal emails
of Dr. Eltoukhy (which, we
understand, you have preserved and
collected). We also understand that
you will check and confirm whether
Guardant is willing to provide us
with the list of custodians/custodial
sources from which the 4,000-5,000
documents were collected, as well as
any date restrictions (or other

restrictions) and/or search terms which were already applied to those documents. For example, we understand that the documents may have already been limited to communications between Helmy Eltoukhy and the Guardant employees, advisors, and investors that were known to you to have been communicating with Helmy Eltoukhy prior to 2013. Please confirm and provide a list of those individuals.

Regarding the search terms that we have proposed, we understand that it is Guardant's position that merely searching names of individuals may yield too many documents. Similarly, we understand that it is Guardant's position that our proposed searches directed to Guardant's formation, incorporation, domain registration, etc. may be too broad. To that end, we have requested a search term hit list so that we may attempt to narrow any such search terms further. As I said on the call, it is our current belief that those terms as they are will yield only a relatively discrete number of documents, and that the risk of mis-hitting on irrelevant documents is low. That said, we are certainly open to narrowing further to the extent we are incorrect in that assumption.

We look forward to receiving your further responses to our inquiries so that we can move forward with Guardant's production of documents and the supplemental deposition of Dr. Eltouky.

Best,

Meg

On Tue, Aug 27, 2019 at 4:44 PM -0400, "Ives, Margaret E." <mives@choate.com<mailto:mives @choate.com<mailto:mives@choate .com%3cmailto:mives@choate.com >>> wrote:

Justin,

As I am sure you know, your email is both misleading and unhelpful in resolving this dispute.

First, we have not proposed 62 search terms. Indeed, many of our proposed searches are merely variants of the same word and are therefore counted as a single search term under the Court's ESI Order – e.g., one search term contains variants of the word barcode (which we understand you have already run on this set of documents and produced all documents that hit on that term), another contains variants of the term cell free DNA. Moreover, each of the terms we included on our list has appeared in relevant documents produced by Guardant to date, thereby making it much more likely that they will yield relevant and responsive documents.

A440

Second, we continue not to understand what burden there is in, at minimum, your simply running these terms and producing a report indicating how many documents each term hit upon so that we can discuss the terms further. The universe of documents upon which you have agreed to run the terms is quite small to begin with (4,000-5,000 documents). To the extent these search terms hit on any of those documents, they will necessarily narrow the number of documents produced (all of which we continue to believe are relevant to this litigation). To the extent that any search term does not hit on any documents, that search term can simply be disregarded. Running each of the terms and generating a report for discussion should take your document vendor a mere matter of minutes.

Nonetheless, in an attempt to address the specific concerns raised in your email below, and to move this issue along so that Guardant may complete its production of documents and we may move further with the supplemental deposition of Dr. Eltoukhy, I have modified our list once again as follows:



54

Moreover, as I said in my last email, we are not asking you to expand the body of documents collected, we are merely asking you to explain what those documents are and how they were collected so that we can identify the most appropriate search terms to run. As I understand your last email, these are documents that Guardant collected from its ESI custodians (including personal addresses where such emails were within Guardant's custody and control) that did not hit on the search terms that Guardant originally ran at the beginning of this litigation. Is that correct? You suggest in your email that Guardant has already produced all responsive documents (excluding privileged communications) that hit on the original ESI terms. Therefore, I assume that these 4,000-5,000 documents that remain to be searched did not hit on those search terms, but have subsequently been identified by Guardant as documents in Guardant's possession that pre-date January 2013. Please confirm. Please also specify the exact custodians and custodial sources from which these documents come.

A443

I am available at 4pm ET tomorrow to confer further. We can use my dial in: 888 633 8784; 617 248 4907.

Best,

Meg

Margaret E. Ives

[logo]

Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617-248-4907

f 617-248-4000

mives@choate.com<mailto:mives@choate.com<mailto:mives@choate.com%3cmailto:mives@choate.com>>

www.choate.com<http://www.choate.com/<http://www.choate.com<http://www.choate.com/>>

From: Constant, Justin <Justin.Constant@weil.com<mailto:Justin.Constant@weil.com>>

Sent: Tuesday, August 27, 2019

A444

12:43 PM

To: Ives, Margaret E.
<mives@choate.com<mailto:mives@choate.com>>; Miller, Emily
<emiller@choate.com<mailto:emiller@choate.com>>; Guardant Health
II Service
<Guardant.Health.II.Service@weil.com<mailto:Guardant.Health.II.Service@weil.com>>;
farnan@farnanlaw.com<mailto:farnan@farnanlaw.com>;
bfarnan@farnanlaw.com<mailto:bfarnan@farnanlaw.com>

Cc:
knobbe.pgdx@knobbe.com<mailto:knobbe.pgdx@knobbe.com>; FM-
GuardantService <FM-GuardantService@choate.com<mailto:FM-GuardantService@choate.com>>;
Tigan, Jeremy A.
<JTigan@MNAT.com<mailto:JTigan@MNAT.com>>; Jacobs, Karen
<KJacobs@MNAT.com<mailto:KJacobs@MNAT.com>>; Jack Phillips
<jcp@pgmhlaw.com<mailto:jcp@pgmhlaw.com>>; Stephen.Larson
<Stephen.Larson@knobbe.com<mailto:Stephen.Larson@knobbe.com>>;
Jeremiah.Helm
<Jeremiah.Helm@knobbe.com<mailto:Jeremiah.Helm@knobbe.com>>;
dab@pgmhlaw.com<mailto:dab@pgmhlaw.com>

Subject: RE: Guardant Health v.
Foundation Medicine/PGDx (1:17-
cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed
Search Terms

**External Email**

_____

—

Meg,

Your email proposes a massive expansion the information collected to date and would require more than doubling the number of ESI custodians. For example, you are now requesting that Guardant search both the business and personal emails of Michael Wiley, Alain Mir, Hong Gao, Gangwu Mei, Hossein Kakavand, Weihong Xu, and Samantha Cooper. The Court's order does not require such an expansion and is instead limited to the "approximately 4,000-5,000 additional documents" that Guardant already collected. To be clear, and as we explained at the hearing, these 4000-5000 documents are the pre-2013 communications between Dr. Eltoukhy and Guardant employees (including personal addresses) that were previously collected and not produced. The collection includes documents collected not just from Dr. Eltoukhy, but from the other ESI custodians as well. Guardant has already searched the collection using the original ESI terms and produced the responsive documents (excluding privileged communications). Further, as I confirmed before, Guardant has searched and collected documents directly from the personal Google accounts of Dr. Eltoukhy and Dr. Talasaz, not just the emails that were included in Outlook.

We intend on complying with the Court's order and searching these "approximately 4,000-5000 additional documents" using agreed upon search terms.

A446

Regarding the search terms you propose below, 62 terms is still manifestly unreasonable. Not only are general terms included with no limitations (such as ███████ ████████████████), but even when there are limits, they make little sense. For example, there is no point in limiting █████████████ ███████████████ ████████. Please provide a reasonable list so that Guardant can reasonably evaluate them and the parties can meaningfully meet and confer. Assuming you provide a reasonable list, I am available Wednesday except for 12-2pm PT.

Also, please provide the terms Defendants have provided to Illumina for its search (proposed or agreed).

Sincerely,

Justin

From: Ives, Margaret E. <mives@choate.com<mailto:mives @choate.com<mailto:mives@choate .com%3cmailto:mives@choate.com >>>

Sent: Monday, August 26, 2019 3:06 PM

To: Constant, Justin <Justin.Constant@weil.com<mailto: Justin.Constant@weil.com<mailto:J ustin.Constant@weil.com%3cmailto: Justin.Constant@weil.com>>>;

A447

Miller, Emily
<emiller@choate.com<mailto:emille
r@choate.com<mailto:emiller@choa
te.com%3cmailto:emiller@choate.co
m>>>; Guardant Health II Service
<Guardant.Health.II.Service@weil.c
om<mailto:Guardant.Health.II.Servi
ce@weil.com<mailto:Guardant.Heal
th.II.Service@weil.com%3cmailto:G
uardant.Health.II.Service@weil.com
>>>;
farnan@farnanlaw.com<mailto:farna
n@farnanlaw.com<mailto:farnan@f
arnanlaw.com%3cmailto:farnan@far
nanlaw.com>>>;
bfarnan@farnanlaw.com<mailto:bfar
nan@farnanlaw.com<mailto:bfarnan
@farnanlaw.com%3cmailto:bfarnan
@farnanlaw.com>>

Cc:
knobbe.pgdx@knobbe.com<mailto:k
nobbe.pgdx@knobbe.com<mailto:kn
obbe.pgdx@knobbe.com%3cmailto:
knobbe.pgdx@knobbe.com>>>; FM-
GuardantService <FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com%3cm
ailto:FM-
GuardantService@choate.com>>>;
Tigan, Jeremy A.
<JTigan@MNAT.com<mailto:JTiga
n@MNAT.com<mailto:JTigan@MN
AT.com%3cmailto:JTigan@MNAT.
com>>>; Jacobs, Karen
<KJacobs@MNAT.com<mailto:KJa
cobs@MNAT.com<mailto:KJacobs
@MNAT.com%3cmailto:KJacobs@
MNAT.com>>>; Jack Phillips
<jcp@pgmhlaw.com<mailto:jcp@pg
mhlaw.com<mailto:jcp@pgmhlaw.c
om%3cmailto:jcp@pgmhlaw.com>>
>; Stephen.Larson
<Stephen.Larson@knobbe.com<mail
to:Stephen.Larson@knobbe.com<ma
ilto:Stephen.Larson@knobbe.com%
3cmailto:Stephen.Larson@knobbe.c
om>>>; Jeremiah.Helm

<Jeremiah.Helm@knobbe.com<mailto:Jeremiah.Helm@knobbe.com<mailto:Jeremiah.Helm@knobbe.com%3cmailto:Jeremiah.Helm@knobbe.com>>>; dab@pgmhlaw.com<mailto:dab@pgmhlaw.com<mailto:dab@pgmhlaw.com%3cmailto:dab@pgmhlaw.com>>

Subject: RE: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Justin,

Following up on my email below. Please let me know when you are available to meet and confer regarding Guardant's collection and production of additional documents.

Best,

Meg

Margaret E. Ives

[logo]

Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617-248-4907

A449

f 617-248-4000

mives@choate.com<mailto:mives@
choate.com<mailto:mives@choate.c
om%3cmailto:mives@choate.com>>

www.choate.com<http://www.choate
.com/<http://www.choate.com<http:/
www.choate.com/>>

From: Ives, Margaret E.
<mives@choate.com<mailto:mives
@choate.com<mailto:mives@choate
.com%3cmailto:mives@choate.com
>>>

Sent: Tuesday, August 20, 2019 3:05
PM

To: Constant, Justin
<Justin.Constant@weil.com<mailto:
Justin.Constant@weil.com<mailto:J
ustin.Constant@weil.com%3cmailto:
Justin.Constant@weil.com>>>;
Miller, Emily
<emiller@choate.com<mailto:emille
r@choate.com<mailto:emiller@choa
te.com%3cmailto:emiller@choate.co
m>>>; Guardant Health II Service
<Guardant.Health.II.Service@weil.c
om<mailto:Guardant.Health.II.Servi
ce@weil.com<mailto:Guardant.Heal
th.II.Service@weil.com%3cmailto:G
uardant.Health.II.Service@weil.com
>>>;
farnan@farnanlaw.com<mailto:farna
n@farnanlaw.com<mailto:farnan@f
arnanlaw.com%3cmailto:farnan@far
nanlaw.com>>;
bfarnan@farnanlaw.com<mailto:bfar
nan@farnanlaw.com<mailto:bfarnan
@farnanlaw.com%3cmailto:bfarnan
@farnanlaw.com>>

Cc:
knobbe.pgdx@knobbe.com<mailto:k
nobbe.pgdx@knobbe.com<mailto:kn
obbe.pgdx@knobbe.com%3cmailto:
knobbe.pgdx@knobbe.com>>; FM-
GuardantService <FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com%3cm
ailto:FM-
GuardantService@choate.com>>>;
Tigan, Jeremy A.
<JTigan@MNAT.com<mailto:JTiga
n@MNAT.com<mailto:JTigan@MN
AT.com%3cmailto:JTigan@MNAT.
com>>>; Jacobs, Karen
<KJacobs@MNAT.com<mailto:KJa
cobs@MNAT.com<mailto:KJacobs
@MNAT.com%3cmailto:KJacobs@
MNAT.com>>>; Jack Phillips
<jcp@pgmhlaw.com<mailto:jcp@pg
mhlaw.com<mailto:jcp@pgmhlaw.c
om%3cmailto:jcp@pgmhlaw.com>>
>; Stephen.Larson
<Stephen.Larson@knobbe.com<mail
to:Stephen.Larson@knobbe.com<ma
ilto:Stephen.Larson@knobbe.com%
3cmailto:Stephen.Larson@knobbe.c
om>>>; Jeremiah.Helm
<Jeremiah.Helm@knobbe.com<mail
to:Jeremiah.Helm@knobbe.com<ma
ilto:Jeremiah.Helm@knobbe.com%3
cmailto:Jeremiah.Helm@knobbe.co
m>>>;
dab@pgmhlaw.com<mailto:dab@pg
mhlaw.com<mailto:dab@pgmhlaw.c
om%3cmailto:dab@pgmhlaw.com>
>

Subject: RE: Guardant Health v.
Foundation Medicine/PGDx (1:17-
cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed
Search Terms

A451

Counsel,

It is not Defendants' intention to expand the scope of discovery in this case. To date, however, the only information Guardant has provided in response to Defendants' Requests for Production is that there are "approximately 4,000-5,000 additional documents" that were "collected as part of the ESI discovery process." We do not understand what you mean when you say that these documents "had been collected as part of the ESI discovery process." To the extent that these documents hit on the original search terms that Guardant employed, and were contained in the email files and other ESI of the custodians originally identified by Guardant in accordance with paragraph 2(a) of the ESI Order, why were they not previously produced? To the extent those documents did not hit on those search terms or were subsequently located in the email files and other ESI of other custodians, we would like to understand the circumstances of that subsequent search:

(1) Please explain how Guardant identified the pool of "approximately 4,000-5,000 additional documents" that it represented to the Court constituted all possible responsive documents remaining in this case.

(2) Please confirm that Guardant preserved and collected all documents and emails from the personal Google (or other non-guardanthealth.com<http://non-guardanthealth.com><http://non-guardanthealth.com<http://non-guardanthealth.com>>) accounts of its founders, Helmy Eltoukhy, AmirAli Talasaz, and Michael Wiley, and indicate when Guardant preserved and collected those documents.

(3) When you state that "the documents collected includes emails from both Dr. Eltoukhy's and Dr. Talasaz personal gmail account and Guardant accounts," were those documents actually collected from the preserved Google email accounts, or were they incidentally produced as the result of the collection of documents sent to or from a Guardant email address and/or because those emails were saved to a Guardant computer?

(4) When you state that "the documents collected includes emails from both Dr. Eltoukhy's and Dr. Talasaz personal gmail account and Guardant accounts," how did you identify those documents for collection? Was this similar to the collection from ██████████████████████████████████████████

(5) Please confirm that any documents, including emails, collected from Dr. Eltoukhy's, Dr. Talasaz's, and/or Mr. Wiley's non-guardanthealth.com<http://non-

A453

guardanthealth.com><http://non-guardanthealth.com<http://non-guardanthealth.com>> accounts were included in Guardant's initial document production as well as the pool of "approximately 4,000-5,000 additional documents" Guardant has subsequently identified.

(6) Please confirm that Guardant applied its initial search terms to the pool of "approximately 4,000-5,000 additional documents" and has already produced any that hit on those terms.

With respect to other early Guardant employees (e.g., Michael Wiley, Alain Mir, Hong Gao, Gangwu Mei, Hossein Kakavand, Weihong Xu, and Samantha Cooper), have their personal email and Guardant accounts been searched using Guardant's search terms? We understand from the emails that have been produced in this case that several of those early Guardant employees used their personal accounts to conduct business on behalf of Guardant. To the extent those employees' emails have not been separately searched, we believe Guardant should search for their names in Eltoukhy's and Talasaz's email files in order to identify communications that they sent and/or received as part of their work for Guardant.

66

Assuming you can provide us with further details as to the 4,000 to 5,000 documents Guardant represented was the complete set of potentially responsive documents in its possession, custody, or control on the August 5th call with the Court, and in attempt to ease the burden to the Court of having to hear further argument on this issue, Defendants agree to narrow our list of proposed search terms to the following:



A456



A457







Please let us know when you are
available to meet and confer on this
issue.

Meg

Margaret E. Ives

[logo]

Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617-248-4907

f 617-248-4000

mives@choate.com<mailto:mives@choate.com<mailto:mives@choate.com%3cmailto:mives@choate.com>>

www.choate.com<http://www.choate.com/<http://www.choate.com<http://www.choate.com/>>

From: Constant, Justin <Justin.Constant@weil.com<mailto:Justin.Constant@weil.com<mailto:Justin.Constant@weil.com%3cmailto:Justin.Constant@weil.com>>>

Sent: Thursday, August 15, 2019 1:55 PM

To: Miller, Emily <emiller@choate.com<mailto:emiller@choate.com<mailto:emiller@choate.com%3cmailto:emiller@choate.com>>>; Guardant Health II Service <Guardant.Health.II.Service@weil.com<mailto:Guardant.Health.II.Service@weil.com<mailto:Guardant.Heal

th.II.Service@weil.com%3cmailto:G
uardant.Health.II.Service@weil.com
>>>;
farnan@farnanlaw.com<mailto:farna
n@farnanlaw.com<mailto:farnan@f
arnanlaw.com%3cmailto:farnan@far
nanlaw.com>>;
bfarnan@farnanlaw.com<mailto:bfar
nan@farnanlaw.com<mailto:bfarnan
@farnanlaw.com%3cmailto:bfarnan
@farnanlaw.com>>

Cc:
knobbe.pgdx@knobbe.com<mailto:k
nobbe.pgdx@knobbe.com<mailto:kn
obbe.pgdx@knobbe.com%3cmailto:
knobbe.pgdx@knobbe.com>>; FM-
GuardantService <FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com%3cm
ailto:FM-
GuardantService@choate.com>>>;
Tigan, Jeremy A.
<JTigan@MNAT.com<mailto:JTiga
n@MNAT.com<mailto:JTigan@MN
AT.com%3cmailto:JTigan@MNAT.
com>>>; Jacobs, Karen
<KJacobs@MNAT.com<mailto:KJa
cobs@MNAT.com<mailto:KJacobs
@MNAT.com%3cmailto:KJacobs@
MNAT.com>>>; Jack Phillips
<jcp@pgmhlaw.com<mailto:jcp@pg
mhlaw.com<mailto:jcp@pgmhlaw.c
om%3cmailto:jcp@pgmhlaw.com>>
>; Stephen.Larson
<Stephen.Larson@knobbe.com<mail
to:Stephen.Larson@knobbe.com<ma
ilto:Stephen.Larson@knobbe.com%
3cmailto:Stephen.Larson@knobbe.c
om>>>; Jeremiah.Helm
<Jeremiah.Helm@knobbe.com<mail
to:Jeremiah.Helm@knobbe.com<ma
ilto:Jeremiah.Helm@knobbe.com%3
cmailto:Jeremiah.Helm@knobbe.co
m>>>;
dab@pgmhlaw.com<mailto:dab@pg
mhlaw.com<mailto:dab@pgmhlaw.c
om%3cmailto:dab@pgmhlaw.com>

A460

>

Subject: RE: Guardant Health v.
Foundation Medicine/PGDx (1:17-
cv-01616-LPS-CJB; 1:17-cv-01623-
LPS-CJB): Defendants' Proposed
Search Terms

**External Email**

_____

—

Counsel,

As Guardant explained at the
hearing, the unproduced pool of
"approximately 4,000-5,000
additional documents," referenced in
the Court's order, are
communications between Dr.
Eltoukhy and Guardant employees or
advisors before 2013 that had been
collected as part of the ESI discovery
process. To be clear, the documents
collected includes emails from both
Dr. Eltoukhy's and Dr. Talasaz
personal gmail account and Guardant
accounts. Guardant intends to
comply with the Court's order and
apply ESI search terms to this pool.

Your email seeks to improperly
expand this pool. Defendants
demand that Guardant collect and
search "all documents within its
possession, custody or control,
regardless of whether these
documents are possessed directly by
Guardant, or by its subsidiaries or
affiliates, or its present or past
officers, directors, agents,
employees, investigators, or
attorneys" including "documents in
the custodial file of any active

73

A461

Guardant Health email address assigned to any Guardant employee." This demand is extreme. In order to conduct such a search, Guardant would need to process every single document in the company's control or possession, filter by date, and then apply search terms. This is manifestly unreasonable and precisely why Courts regularly limit the number of ESI custodians. As stated above, Guardant intends to apply ESI search terms to the pool of documents referenced by the Court.

Despite the numbering you used below, Defendants are requesting that Guardant apply 197 different search terms. This is unreasonable on its face and substantially hinders any meaningful discussion between the parties. Further, many of these terms are exceedingly broad and are not targeted in any meaningful way to discoverable information. Just as a small example, Defendants have included the following terms: ██████ ████████████████████ ████████████████ Each of these terms without additional limits would likely find wide swaths of irrelevant information. Given that the original list of ESI terms consisted of 38 terms (23 of which were patent and patent application numbers), please provide a list of no more than 10 total proposed terms (excluding the original list of search terms) so that Guardant can reasonably evaluate them and the parties can meaningfully meet and confer.

In addition to the 197 different search terms, Defendants are also demanding that Guardant apply

74

additional undefined search terms "that refer in any way (including by all nicknames, code names, internal monikers, etc.) to the above-articulated search terms." This is also unreasonable on its face. The entire purpose of using ESI search terms is to limit the total number of documents to be reviewed. Demanding that Guardant unilaterally determine "nicknames" that might have been used for each of the 197 provided terms is unduly burdensome and unclear. To the extent that the Defendants are requesting that a search term be used, they must provide it.

Regarding your request for a privilege log, Guardant agrees to provide a log of any responsive documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege that are found.

Sincerely,

Justin

From: Miller, Emily <emiller@choate.com<mailto:emiller@choate.com<mailto:emiller@choate.com%3cmailto:emiller@choate.com>>>

Sent: Tuesday, August 13, 2019 4:43 PM

To: Guardant Health II Service <Guardant.Health.II.Service@weil.com<mailto:Guardant.Health.II.Service@weil.com<mailto:Guardant.Heal

A463

th.II.Service@weil.com%3cmailto:G
uardant.Health.II.Service@weil.com
>>>;
farnan@farnanlaw.com<mailto:farna
n@farnanlaw.com<mailto:farnan@f
arnanlaw.com%3cmailto:farnan@far
nanlaw.com>>>;
bfarnan@farnanlaw.com<mailto:bfar
nan@farnanlaw.com<mailto:bfarnan
@farnanlaw.com%3cmailto:bfarnan
@farnanlaw.com>>

Cc:
knobbe.pgdx@knobbe.com<mailto:k
nobbe.pgdx@knobbe.com<mailto:kn
obbe.pgdx@knobbe.com%3cmailto:
knobbe.pgdx@knobbe.com>>>; FM-
GuardantService <FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com<mailt
o:FM-
GuardantService@choate.com%3cm
ailto:FM-
GuardantService@choate.com>>>;
Tigan, Jeremy A.
<JTigan@MNAT.com<mailto:JTiga
n@MNAT.com<mailto:JTigan@MN
AT.com%3cmailto:JTigan@MNAT.
com>>>; Jacobs, Karen
<KJacobs@MNAT.com<mailto:KJa
cobs@MNAT.com<mailto:KJacobs
@MNAT.com%3cmailto:KJacobs@
MNAT.com>>>; Jack Phillips
<jcp@pgmhlaw.com<mailto:jcp@pg
mhlaw.com<mailto:jcp@pgmhlaw.c
om%3cmailto:jcp@pgmhlaw.com>>
>; Stephen.Larson
<Stephen.Larson@knobbe.com<mail
to:Stephen.Larson@knobbe.com<ma
ilto:Stephen.Larson@knobbe.com%
3cmailto:Stephen.Larson@knobbe.c
om>>>; Jeremiah.Helm
<Jeremiah.Helm@knobbe.com<mail
to:Jeremiah.Helm@knobbe.com<ma
ilto:Jeremiah.Helm@knobbe.com%3
cmailto:Jeremiah.Helm@knobbe.co
m>>>;
dab@pgmhlaw.com<mailto:dab@pg
mhlaw.com<mailto:dab@pgmhlaw.c
om%3cmailto:dab@pgmhlaw.com>

>

Subject: Guardant Health v. Foundation Medicine/PGDx (1:17-cv-01616-LPS-CJB; 1:17-cv-01623-LPS-CJB): Defendants' Proposed Search Terms

Counsel,

As stated at the hearing before Judge Burke on August 5, 2019, Defendants FMI and PGDx believe that any pre-2013 documents that refer to (1) Illumina, its technology and/or its employees, and (2) Guardant, its technology and/or its employees is directly relevant to the Defendants' inequitable conduct claims. Nonetheless, pursuant to the Court's order on August 7, 2019, Defendants propose the following subject matter search terms and additional search criteria. Defendants understand that the time period for the relevant documents is prior to January 1, 2013.

First, Defendants understand that the following is the original list of search terms Guardant used in collecting and producing documents to Defendants:

· "13/969,260"

· "14/425,189"

· "14/712,754"

· "14/855,301"

· "15/076,565"

· "15/467,570"

· "15/492,659"

· "61/696,734"

· "61/793,997"

· "61/845,987"

· "61/948,530"

· "13/969,260"

· "61/704,400"

· "9,598,731"

· "9,834,822"

A466

· "9,840,743"

· "9,902,992"

· 9598731

· 9834822

· 9840743

· 9902992

· "US2013/058061"

· "US2014/000048"



· FMI

· "foundation medicine"

· foundation act

· "foundation act"

· foundationone

· "foundation one"

· "personal genome"

· "PGDx"

· plasmaselect

· "plasma select"

Defendants request that Guardant
search for documents responsive to
the above terms, to the extent
Guardant has not already done so.

Second, Defendants request that

Guardant search for documents responsive to the following subject matter search terms:



A469



A470



A471



Guardant's search shall include all documents within its possession, custody or control, regardless of whether these documents are possessed directly by Guardant, or by its subsidiaries or affiliates, or its present or past officers, directors, agents, employees, investigators, or attorneys. This includes at least the following:

· documents in the custodial file of AmirAli Talasaz's Guardant Health email address and AmirAli Talasaz's personal email address (including, but not limited to, his Gmail account);

· documents in the custodial file of Helmy Eltoukhy's Guardant Health email address and Helmy Eltoukhy's personal email address (including, but not limited to, his Gmail account); and

· documents in the custodial file of any active Guardant Health email address assigned to any Guardant employee, including but not limited to, the Guardant Health email address of Michael Wiley.

To the extent any of the above search terms yield documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege, Guardant is obligated to produce a privilege log reflecting its claim(s) of privilege.

Thank you,

Emily

Emily Miller

Associate

[logo]

Choate, Hall & Stewart LLP

Two International Place

Boston, MA 02110

t 617-248-5043

f 617-502-5043

emiller@choate.com<mailto:emiller@choate.com<mailto:emiller@choate.com%3cmailto:emiller@choate.com>>

www.choate.com<http://www.choate.com/<http://www.choate.com<http://www.choate.com/>>

_____
—

Choate Hall & Stewart LLP
Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have

received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com<http://choate.com><http://choate.com<http://choate.com>>

_____

__

_____

__

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com<mailto:postmaster@weil.com<mailto:postmaster@weil.com%3cmailto:postmaster@weil.com>>, and destroy the original message. Thank you.

_____

__

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the

A475

individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com<http://choate.com><http://choate.com<http://choate.com>>

_____

_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com<mailto:postmaster@weil.com<mailto:postmaster@weil.com>%3cmailto:postmaster@weil.com>>, and destroy the original

A476

message. Thank you.

Choate Hall & Stewart LLP
Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com<http://choate.com>

_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or

89

A477

copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.


Choate Hall & Stewart LLP
Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

_____

Choate Hall & Stewart LLP
Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged

A478

or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice: This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice: This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to

A479

which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all

A480

copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

A482

# EXHIBIT 36

REDACTED

IN ITS

ENTIRETY

# EXHIBIT 37

**Cutler, Samantha**

| | |
|---|---|
| **From:** | Constant, Justin <Justin.Constant@weil.com> |
| **Sent:** | Tuesday, April 28, 2020 11:39 AM |
| **To:** | Miller, Emily |
| **Cc:** | FM-GuardantService; Knobbe.PGDx; Adam.Powell; Stephen.Larson; dab@pgmhlaw.com; Jacobs, Karen; Tigan, Jeremy A.; Guardant Health II Service; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | RE: Guardant v. FMI/PGDx: Bodiless Emails |

**\*\*External Email\*\***

Emily,

There was a slight miscommunication. The full-bodied versions of the bates numbers you have identified were withheld as privileged. The corresponding privilege log entries are identified below.

| Bodiless Email | Privilege Log # |
|---|---|
| GUARDFM00908489 | 4560 |
| GUARDFM00908490 | 4561 |
| GUARDFM00908491 | 4562 |
| GUARDFM00908493 | 4565 |
| GUARDFM00908494 | 4566 |
| GUARDFM00908495 | 4567 |
| GUARDFM00908643 | 4611 |
| GUARDFM00908496 | 4568 |

With respect to the produced documents, it was 82 additional emails with attachments, which accounts for the additional documents. Guardant has completed its production. To clarify regarding Guardant's production on March 23, 2020, that production was based on the emails provided by Sergio Kopelev and was only subject to a privilege review (and standard deduplication). Thus, there may have been bodiless and full bodied documents included that would not have been included in Guardant's production and recovery efforts that were subject to the agreed upon limitations including ESI terms and To/From/CC/BCC restrictions.

Regards,
Justin

**From:** Miller, Emily <emiller@choate.com>
**Sent:** Tuesday, April 21, 2020 3:22 PM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; dab@pgmhlaw.com; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. FMI/PGDx: Bodiless Emails

Justin,

1

A495

We have several questions and clarifications to your email below.  We note that all of the documents you claim are "full body versions" of bodiless documents in the chart below are also bodiless.  We also note that several of the documents you identified do not correspond to the metadata information of the bodiless document we identified.

I've reproduced the chart below and added notes for your reference.  As you can see, all of the documents you noted in the right-hand column (the "full body versions") are also bodiless.  If Guardant was able to locate full body versions of the documents in the left-hand column, please explain.  If we are misunderstanding what you mean by "full body versions," please also let us know.

| FM's Identification | Corresponding Beginning Bates Numbers for Full Body Version |
|---|---|
| GUARDFM00908489 (Mar. 1, 2012 9:35:40 (PST)) | GUARDFM00908485 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00908486 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933030 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00933031 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933035 (Mar. 1, 2012 9:41:14 (PST)) (BODILESS) |
| GUARDFM00908490 (Mar. 1, 2012 9:41:14 (PST)) | GUARDFM00908485 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00908486 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933030 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00933031 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933035 (Mar. 1, 2012 9:41:14 (PST)) (BODILESS) |
| GUARDFM00908491 (Mar. 1, 2012 10:49:55 (PST)) | GUARDFM00908485 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00908486 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933030 (Feb. 29, 2012 8:57:57 (PST)) (BODILESS)<br>GUARDFM00933031 (Feb. 29, 2012 9:26:59 (PST)) (BODILESS)<br>GUARDFM00933035 (Mar. 1, 2012 9:41:14 (PST)) (BODILESS) |
| GUARDFM00908493 (Mar. 4, 2012 21:27:50 (PST)) | GUARDFM00933040 (Mar. 4, 2012 21:27:50 (PST)) (BODILESS) |
| GUARDFM00908494 (Mar. 7, 2012 21:18:32 (PST)) | GUARDFM00933044 (Mar. 7, 2012 21:18:32 (PST)) (BODILESS) |
| GUARDFM00908495 (Mar. 9, 2012 7:12:12 (PST)) | GUARDFM00933045 (Mar. 9, 2012 7:12:12 (PST)) (BODILESS) |
| GUARDFM00908643 (Aug. 16, 2012 10:22:15 (PDT)) | GUARDFM00933531 (Aug. 16, 2012 10:22:15 (PDT)) (BODILESS) |
| GUARDFM00908496 (Mar. 11, 2012 00:39:42 (PST)) | GUARDFM00933046 (Mar. 11, 2012 00:39:42 (PST)) (BODILESS) |

With respect to the 332 documents, we understand Guardant investigated the issue and located 82 additional emails.  We note, however, that Guardant produced 241 documents in two production volumes on Thursday, April 16 and Monday, April 20.  Can you explain the discrepancy in the amount of documents Guardant located compared to the amount of documents produced?  Is it Guardant's position that it has attempted to recover all the bodiless emails and produced non-privileged documents that were recovered?  Or is Guardant still investigating the issue?  Should we be expecting additional document productions of recovered bodiless emails?

Thank you,
Emily

Emily Miller
t 617-248-5043
emiller@choate.com

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, April 16, 2020 11:35 PM
**To:** Miller, Emily <emiller@choate.com>
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; dab@pgmhlaw.com; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>; Guardant Health II Service

A496

<Guardant.Health.II.Service@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. FMI/PGDx: Bodiless Emails

**\*\*External Email\*\***

---

Emily,

With respect to your first spreadsheet with 42 documents listed, the documents  listed below appear to be intentionally left blank as the attachments were included and produced as we discussed on the meet and confer on Monday.  In other words, they are not from corrupted emails.  For example, one would not expect  the emails from a printer ████████████████████████████████████ to have text in the body.  As another example, the email with ████████████████████████ appears to have intentionally not contained text in the body.

- GUARDFM00903489
- GUARDFM00903812
- GUARDFM00903815
- GUARDFM00903824
- GUARDFM00903890
- GUARDFM00903920
- GUARDFM00904086
- GUARDFM00904294
- GUARDFM00904928
- GUARDFM00905354
- GUARDFM00905363
- GUARDFM00905487
- GUARDFM00906118
- GUARDFM00906193
- GUARDFM00906301
- GUARDFM00906632
- GUARDFM00907944
- GUARDFM00907951
- GUARDFM00907958
- GUARDFM00908065
- GUARDFM00908372
- GUARDFM00909422
- GUARDFM00909748
- GUARDFM00910170
- GUARDFM00910182
- GUARDFM00910183

For the following documents, we have located their full versions and have provided the corresponding bates ranges.

| FM's Identification | Corresponding Beginning Bates Numbers for Full Body Version |
|---|---|
| GUARDFM00908489 | GUARDFM00908485 GUARDFM00908486 GUARDFM00933030 |

| | GUARDFM00933031 |
| | GUARDFM00933035 |
| | GUARDFM00908485 |
| | GUARDFM00908486 |
| GUARDFM00908490 | GUARDFM00933030 |
| | GUARDFM00933031 |
| | GUARDFM00933035 |
| | GUARDFM00908485 |
| | GUARDFM00908486 |
| GUARDFM00908491 | GUARDFM00933030 |
| | GUARDFM00933031 |
| | GUARDFM00933035 |
| GUARDFM00908493 | GUARDFM00933040 |
| GUARDFM00908494 | GUARDFM00933044 |
| GUARDFM00908495 | GUARDFM00933045 |
| GUARDFM00908643 | GUARDFM00933531 |
| GUARDFM00908496 | GUARDFM00933046 |

For the following documents, their full versions have been found and Guardant is claiming privilege over them.  Below are the corresponding privilege log entry numbers.

| FM's Identification | Corresponding Privilege Log Entry for Full Body Version |
| --- | --- |
| GUARDFM00908540 | 5043 |
| GUARDFM00908541 | 5043 |
| GUARDFM00910604 | 4269 |
| GUARDFM00908530 | 4579 |

As for the 332 documents you identified from Guardant's production on March 23, 2020, Guardant simply processed the emails provided by Sergio Kopelev, as per the parties' agreement, and produced them all after a privilege review.  After our meet and confer on Monday discussing the documents in this list, we investigated the issue and located 82 additional emails.  Several of these are full body versions of the ones listed in the spreadsheet.

---

**From:** Miller, Emily <emiller@choate.com>
**Sent:** Wednesday, April 8, 2020 5:50 PM
**To:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Constant, Justin <Justin.Constant@weil.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Cc:** FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; dab@pgmhlaw.com; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** Guardant v. FMI/PGDx: Bodiless Emails

A498

Justin,

Defendants write to raise two outstanding issues relating to bodiless emails.

First, Guardant stated during the teleconference with Judge Burke on December 9, 2019, that with the exception of one document it claims privilege over, it had produced, in its December 6, 2019 production, all of the bodiless emails with the full content.  *See* Transcript of 12/9/2019 Teleconference, 31:15-17 (Mr. Reines discussing the one bodiless email Guardant did not produce, "So we didn't produce it as privileged.  It says ■ in the re line.  **And we believe all the bodiless e-mails are out.  So we went high and low and we got the e-mails**.") (emphasis added).

Defendants note that Guardant produced documents on December 6, 2019, December 17, 2019, December 18, 2019, and March 23, 2020.  Despite these four document productions, Defendants have identified **42** documents that *remain bodiless*.  These documents either do not have replacements, or, the replacements are also bodiless.  Please see the attached spreadsheet for reference.  Please confirm that these 42 documents are unrecoverable and/or please identify which documents, if any, Guardant claims privilege over.  Defendants observe that several documents match dates and information on Guardant's privilege log, however, without additional information, there is no way for us to be sure.

Second, with respect to Guardant's most recent production on March 23, 2020, Defendants have identified **332** bodiless documents.  We've searched across all of Guardant's productions to ensure that these were not previously produced with the full content.  Please see the attached spreadsheet for reference.  Please confirm that these documents are unrecoverable and/or please identify which documents, if any, Guardant claims privilege over.

Thank you,
Emily

Emily Miller
Associate



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5043
f 617-502-5043

emiller@choate.com
www.choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly

prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

A500

# EXHIBIT 38

REDACTED

IN ITS

ENTIRETY

# EXHIBIT 39

# Delete or recover deleted Gmail messages

When you delete a message, it stays in your Trash for 30 days. After that time, it will be permanently deleted from your account and can't be recovered.

**Computer**    Android    iPhone & iPad

## Delete messages

When you delete a message, it stays in your Trash for 30 days. After that time, it will be permanently deleted. If you want to remove a message from your inbox but you don't want to delete it, you can archive the message.

Delete a single message

Delete multiple messages

Empty your Trash

## Undelete messages

You can move messages out of your Trash if you deleted them in the last 30 days.

See the messages in your Trash

Recover messages from the Trash

🗨 Give feedback about this article

Was this helpful?

Yes    No

A555

# EXHIBIT 40

| | |
|---|---|
| **From:** | Reines, Edward <edward.reines@weil.com> |
| **Sent:** | Tuesday, March 10, 2020 10:03 PM |
| **To:** | Stephen.Larson; Marandett, Eric J.; Joe.Re |
| **Cc:** | Edgarton, G. Mark.; Walter, Derek; Guardant Health Service; FM-GuardantService; Knobbe.PGDx |
| **Subject:** | RE: Eltoukhy Depo & Illumina |

**\*\*External Email\*\***

Steve, in trial, but I'll get back to you shortly.

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Tuesday, March 10, 2020 10:28 AM
**To:** Reines, Edward <edward.reines@weil.com>; Marandett, Eric J. <emarandett@choate.com>;
Joe.Re <Joe.Re@knobbe.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>;
Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina

Ed, I write to follow up on the below.  Please confirm the location and starting time of the Eltoukhy deposition and confirm that Illumina's counsel can attend.

Thanks,

Steve

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, March 2, 2020 1:24 PM
**To:** Reines, Edward <edward.reines@weil.com>; Marandett, Eric J. <emarandett@choate.com>;
Joe.Re <Joe.Re@knobbe.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>;
Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina

A556

Please also let us know if Guardant objects to Illumina's counsel attending the deposition.  Thanks.


**From:** Stephen.Larson
**Sent:** Monday, March 2, 2020 10:02 AM
**To:** Reines, Edward <edward.reines@weil.com>; Marandett, Eric J. <emarandett@choate.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina


Ed, please confirm Dr. Eltoukhy's deposition will take place at Weil's office in Redwood Shores. Would a 9:30 am start time work?  Thanks.


**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Thursday, February 13, 2020 11:59 AM
**To:** Marandett, Eric J. <emarandett@choate.com>; Joe.Re <Joe.Re@knobbe.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina


Thanks, gentlemen.


**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Thursday, February 13, 2020 11:57 AM
**To:** Joe.Re <Joe.Re@knobbe.com>; Reines, Edward <edward.reines@weil.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina


It works for Foundation as well.   Thanks.

A557

**From:** Joe.Re <Joe.Re@knobbe.com>
**Sent:** Thursday, February 13, 2020 2:49 PM
**To:** Reines, Edward <edward.reines@weil.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** RE: Eltoukhy Depo & Illumina


**\*\*External Email\*\***

---

That works for PGDX.  Thanks


**From:** Reines, Edward <edward.reines@weil.com>
**Sent:** Thursday, February 13, 2020 11:20 AM
**To:** Joe.Re <Joe.Re@knobbe.com>
**Cc:** Edgarton, G. Mark. <gedgarton@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Guardant Health Service <Guardant.Health.Service@weil.com>; FM-GuardantService <FM-GuardantService@choate.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>
**Subject:** Re: Eltoukhy Depo & Illumina


How about March 31?


On Feb 8, 2020, at 4:01 PM, Joe.Re <Joe.Re@knobbe.com> wrote:

 Yes.  I checked with FMI and the week of March 30 is good for both parties. Thanks.

Joe


On Feb 8, 2020, at 3:55 PM, Reines, Edward <edward.reines@weil.com> wrote:


Thanks Joe.  Because I have a trial then I'm confident I never would have implied that time worked.   I'm happy to check the week of March 30.  Is that good for FMI too?


On Feb 8, 2020, at 3:43 PM, Joe.Re <Joe.Re@knobbe.com> wrote:

A558

Ed,   That day does not work for me. Are any of the days we offered before March 23 possible?  I thought we discussed conducting this deposition in February or early March.  If not, how about any days the week of March 30?

Joe


On Feb 8, 2020, at 9:13 AM, Reines, Edward <edward.reines@weil.com> wrote:

 Mark, thank you for your email and for your patience. The deposition dates you request are, among other things, in conflict with a trial we have. Dr. Eltoukhy is available on March 23. Please confirm that date if you can.

We have considered the declaration you negotiated with Illumina but we were not included in that negotiation! While the declaration is a good idea and much of it is fine or workable, obviously there are passages that are objectionable. We informed you of this in the context of prior discovery disputes. Anyway, it probably would have made more sense to engage us first, but we are happy to discuss now.

Best,

Ed

> On Feb 7, 2020, at 4:05 PM, Edgarton, G. Mark. <gedgarton@choate.com> wrote:
>
> Ed - need an answer on all these issues. Thanks.
>
>
>
>
> On February 4, 2020 at 11:24:16 PM EST, Reines, Edward <edward.reines@weil.com> wrote:
> **External Email**
>
> Thanks, Mark. Working on it.
>
>> On Feb 4, 2020, at 4:33 AM, Edgarton, G. Mark. <gedgarton@choate.com> wrote:
>>
>> Ed - please respond to the below when you can. Thanks.
>>
>>
>>
>>
>> On January 30, 2020 at 12:18:24 PM EST, Edgarton, G. Mark. <gedgarton@choate.com> wrote:
>>
>> Ed:
>>
>>
>>

A559

>> We want to get Dr. Eltoukhy's deposition on the calendar. Defendants are available to take his deposition on any of the following dates: February 25, 26, 27 or March 3, 4, 5, 9, 10, 11 or 12. Could you please let us know which date works best for you and Dr. Eltoukhy? We understand that Illumina's counsel has requested permission to attend the deposition. I can coordinate with him once you confirm some dates.
>>
>>
>>

>> We received the attached Declaration from Illumina in response to Defendants' subpoena. Illumina has asked Defendants to accept this Declaration in lieu of taking a deposition. Defendants are willing to forgo taking a deposition if Guardant will not object to the admission of the Declaration and the Exhibits in evidence at trial on grounds they are hearsay and/or not authentic. We agree that other standard evidentiary objections (e.g. relevance and prejudice) are reserved until the deadline for the parties to object to trial exhibits. Please confirm Guardant's position on these issues so we can determine whether a deposition will be necessary.
>>
>>
>>
>> Regards,
>>
>> Mark
>>
>>
>>
>>
>> G. Mark Edgarton
>> [logo]
>> Choate, Hall & Stewart LLP
>> Two International Place
>> Boston, MA 02110
>> t 617-248-5101
>> f 617-248-4000
>> medgarton@choate.com<mailto:gmedgarton@choate.com>
>> www.choate.com<http://www.choate.com><http://www.choate.com/><http://www.choate.com/>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> <2020-1-6 Sotomayor Declaration + Ex A (signed).pdf>
>>
>>
>> Choate Hall & Stewart LLP Confidentiality Notice:
>>
>> This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this

A560

message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.
>>
>> If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement<https://www.choate.com/terms-of-use.html#privacy-statement>.
>>
>> For more information about Choate, Hall & Stewart LLP, please visit us at choate.com<http://choate.com>
>> <image001.gif>
>
> _____
>
> The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.
>
>
> Choate Hall & Stewart LLP Confidentiality Notice:
>
> This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error

A561

# EXHIBIT 41

| | |
|---|---|
| **From:** | Constant, Justin <Justin.Constant@weil.com> |
| **Sent:** | Friday, March 13, 2020 8:59 AM |
| **To:** | FM-GuardantService; Knobbe.PGDx@knobbe.com |
| **Cc:** | Guardant Health II Service |
| **Subject:** | GH v. PGDx/FMI: Dr. Eltoukhy Deposition |

**\*\*External Email\*\***

---

Counsel,
Dr. Eltoukhy requests a short postponement of his deposition due to family medical issues and logistical difficulties from the COVID-19 outbreak.  He is available on April 16th or 17th or during the following week.  Please let us know your preference or if you would like us to schedule a call to discuss.
Sincerely,
Justin

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and dest

A562

# EXHIBIT 42

| | |
|---|---|
| **From:** | Marandett, Eric J. |
| **Sent:** | Wednesday, July 22, 2020 10:03 PM |
| **To:** | Constant, Justin; Reines, Edward; Walter, Derek |
| **Cc:** | Stephen.Larson; Joe.Re (Joe.Re@knobbe.com); Bill.Zimmerman; FM-GuardantService |
| **Subject:** | RE: Eltoukhy deposition |

Justin:  Following up.   Let me know where you are on this.  Eric

---

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Friday, July 17, 2020 2:00 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>; Walter, Derek <Derek.Walter@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>
**Subject:** RE: Eltoukhy deposition

Hi Justin:  Can you let me know where you are on dates for Dr. Eltoukhy?   Also, we think it would be helpful for us to talk live next week about logistics for the deposition.   Let me know how your schedule looks and we can schedule a call.  Thanks, Eric

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Sunday, July 5, 2020 4:37 PM
**To:** Marandett, Eric J. <emarandett@choate.com>; Reines, Edward <edward.reines@weil.com>; Walter, Derek <Derek.Walter@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>
**Subject:** RE: Eltoukhy deposition

**\*\*External Email\*\***

Eric,
We are still looking into Dr. Eltoukhy's availability in August and will let you know once we have dates.  Of course, the possibility of an in-person deposition will depend on the local restrictions at the time.
Sincerely,
Justin

---

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Sunday, July 5, 2020 3:27 PM
**To:** Reines, Edward <edward.reines@weil.com>; Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>
**Subject:** RE: Eltoukhy deposition

Please let me know if you have a response to the request below.   Thanks, Eric

A563

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Monday, June 22, 2020 3:16 PM
**To:** Reines, Edward <edward.reines@weil.com>; Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>
**Subject:** Eltoukhy deposition

All:

Please let us know available dates in August to conduct the continued deposition of Dr. Eltoukhy.   It remains our expectation that, consistent with evolving Covid restrictions in California, we will conduct the deposition in person.   We are, of course, prepared to work with you to ensure that appropriate safety precautions are taken for all participants.

Best regards,

Eric


Eric J. Marandett

## CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5287
f 617-248-4000
emarandett@choate.com
www.choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com.

---


The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

A564

# EXHIBIT 43

| | |
|---|---|
| **From:** | Marandett, Eric J. |
| **Sent:** | Tuesday, August 11, 2020 2:17 PM |
| **To:** | Constant, Justin |
| **Cc:** | Stephen.Larson; Joe.Re (Joe.Re@knobbe.com); Bill.Zimmerman; FM-GuardantService; Walter, Derek; Reines, Edward |
| **Subject:** | RE: Eltoukhy deposition |

Justin:   Following up the exchange below, yes, please consider that 9/11 date confirmed.   We will proceed on that day assuming we have 5 hours.   Note that we reserve all rights to seek additional time to the extent necessary as a result of technical difficulties associated with the remote deposition.  Also we fully expect cooperation from Dr. Eltoukhy and counsel in keeping the deposition moving at a normal pace and will go to the court in the event of any effort to delay the proceedings.   Thanks very much, Eric

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Friday, July 31, 2020 6:49 PM
**To:** Marandett, Eric J. <emarandett@choate.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Reines, Edward <edward.reines@weil.com>
**Subject:** RE: Eltoukhy deposition

**\*\*External Email\*\***

Eric,

As stated below, Guardant does not believe that any extension of time is warranted and does not agree to your request.  We will consider the September 11th date accepted for now and release the remainder of the days on Dr. Eltoukhy's schedule.

Sincerely,
Justin

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Thursday, July 30, 2020 3:33 PM
**To:** Constant, Justin <Justin.Constant@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Reines, Edward <edward.reines@weil.com>
**Subject:** RE: Eltoukhy deposition

Justin:

The dates that you have provided are too late.   As you know these cases are scheduled for trial in late October and early November and you have given us dates only in September and even as late as October 30, just on the eve of our trial.  We have been asking you for dates in August for weeks.     That said, as a final attempt at compromise, we will agree to proceed on September 11 if you also will agree to an extra 1 hour of deposition time to account for the slower

A565

pace of a remote deposition.   If you do not agree, we will have no choice but to take these issues to the Court.  Please let us know by end of the day tomorrow if this compromise is acceptable.

Thanks,

Eric

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, July 30, 2020 12:01 AM
**To:** Marandett, Eric J. <emarandett@choate.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>; Walter, Derek <Derek.Walter@weil.com>; Reines, Edward <edward.reines@weil.com>
**Subject:** RE: Eltoukhy deposition

**\*\*External Email\*\***

---

Eric,
Guardant does not agree to the additional two hours if the deposition is conducted virtually.  Dr. Eltoukhy has already been deposed for 14 hours, and the Court has already allowed two additional hours on top of the additional ordered 3-hour deposition.  An additional 2 hours is not justified simply because the deposition may occur remotely.

Guardant will agree that if the deposition is virtual, no Guardant lawyer (inside or outside) will be in the room with Dr. Eltoukhy during the examination.

Below are the dates that Dr. Eltoukhy is available:

September 11, 2020
September 22, 2020
October 2, 2020
October 9, 2020
October 30, 2020

Please let us know as soon as possible which date the Defendants accept.

Sincerely,
Justin

---

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Tuesday, July 28, 2020 9:52 AM
**To:** Constant, Justin <Justin.Constant@weil.com>; Reines, Edward <edward.reines@weil.com>; Walter, Derek <Derek.Walter@weil.com>
**Cc:** Stephen.Larson <Stephen.Larson@knobbe.com>; Joe.Re (Joe.Re@knobbe.com) <Joe.Re@knobbe.com>; Bill.Zimmerman <Bill.Zimmerman@knobbe.com>; FM-GuardantService <FM-GuardantService@choate.com>
**Subject:** Eltoukhy deposition

Hi Justin:   In follow-up to our call last week, we believe an additional 2 hours will be necessary in the event that Dr. Eltoukhy's deposition needs to be conducted virtually.   Please let us know if that is acceptable to Guardant.  Also, if the deposition is virtual, please confirm your agreement that no Guardant lawyer (inside or outside) will be in the room with Dr. Eltoukhy.   Finally, we look forward to getting proposed dates in August from you later today.   Thanks very much, Eric

A566

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

A567

# EXHIBIT 44

| | |
|---|---|
| **From:** | Constant, Justin <Justin.Constant@weil.com> |
| **Sent:** | Thursday, September 3, 2020 5:08 PM |
| **To:** | Miller, Emily; Reines, Edward; Guardant Health II Service; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Michael A. Amon; FM-GuardantService; Jacobs, Karen; Tigan, Jeremy A. |
| **Subject:** | RE: Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition |

**\*\*External Email\*\***

Counsel,

Unfortunately, we've learned Dr. Eltoukhy is unable to proceed with his deposition on September 11, 2020.  Briefly, due to the present COVID-19 situation, he is facing substantial child care responsibilities during the entire week of September 7th such that a deposition will not be possible that week.  Dr. Eltoukhy will be available the weeks of September 21st and September 28th, Monday through Friday, and we can proceed on any of those dates at your convenience.   We apologize for any inconvenience.

Sincerely,
Justin



**Justin Constant**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
justin.constant@weil.com
+1 713 546 5217 Direct
+1 832 331 3717 Mobile

---

**From:** Miller, Emily <emiller@choate.com>
**Sent:** Tuesday, September 1, 2020 5:29 PM
**To:** Reines, Edward <edward.reines@weil.com>; Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Michael A. Amon <Amon@fr.com>; FM-GuardantService <FM-GuardantService@choate.com>; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition

Counsel,

We are writing regarding the second deposition of Helmy Eltoukhy that is scheduled for next Friday, September 11, 2020.  At your convenience, please provide the following information.

- Start time.  We are prepared to start as early as you are willing but understand that the witness is likely in California so please let us know.
- Physical location of the witness (City/State).
- Names and contact information for **all** parties appearing remotely (phone number and email).

1

A568

We understand Illumina has expressed interest in attending this deposition.  We are copying counsel for Illumina on this email so everyone is on the same page.

Thank you,
Emily

Emily Miller
Associate

**CHOATE**

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5043
f 617-502-5043

emiller@choate.com
www.choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

A569

# EXHIBIT 45

| | |
|---|---|
| **From:** | Marandett, Eric J. |
| **Sent:** | Friday, September 4, 2020 12:10 PM |
| **To:** | Constant, Justin; Miller, Emily; Reines, Edward; Guardant Health II Service; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com |
| **Cc:** | Michael A. Amon; FM-GuardantService; Jacobs, Karen; Tigan, Jeremy A. |
| **Subject:** | RE: Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition |

Justin:   I understand that you connected with Mark on this earlier today.   While I certainly appreciate the complications of managing child care responsibility in normal circumstances, putting off this deposition at this late date in these circumstances is not acceptable.   To the extent there was a conflict like this, it should have been identified when you proposed this date in the first place, not just days before the deposition was to proceed.   If you do not agree to proceed on the 11th as you originally proposed, we will need to seek relief from the Court.   Based on our prior discussions and your conversation with Mark this morning, we believe we have met and conferred on this already.   Our co-counsel at Morris Nichols will reach out this afternoon to your co-counsel at Farnan to complete the process and arrange to file a joint letter with Judge Burke today.   Eric

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, September 3, 2020 11:07 PM
**To:** Marandett, Eric J. <emarandett@choate.com>; Miller, Emily <emiller@choate.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Michael A. Amon <Amon@fr.com>; FM-GuardantService <FM-GuardantService@choate.com>; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition

**\*\*External Email\*\***

Eric,
I'll be free after Ms. Atkinson's deposition tomorrow.  I'll send an email then to set up a time.
- Justin

---

**From:** Marandett, Eric J. <emarandett@choate.com>
**Sent:** Thursday, September 3, 2020 5:52 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Miller, Emily <emiller@choate.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Michael A. Amon <Amon@fr.com>; FM-GuardantService <FM-GuardantService@choate.com>; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition

Justin:   Are you available to discuss this tomorrow?   I would like to understand how this is just coming up now since that date has been set for weeks.   Let me know when you are free and I will call you.   Eric

---

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Thursday, September 3, 2020 5:08 PM
**To:** Miller, Emily <emiller@choate.com>; Reines, Edward <edward.reines@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com

1

A570

**Cc:** Michael A. Amon <Amon@fr.com>; FM-GuardantService <FM-GuardantService@choate.com>; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** RE: Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition

**\*\*External Email\*\***

Counsel,

Unfortunately, we've learned Dr. Eltoukhy is unable to proceed with his deposition on September 11, 2020.  Briefly, due to the present COVID-19 situation, he is facing substantial child care responsibilities during the entire week of September 7th such that a deposition will not be possible that week.  Dr. Eltoukhy will be available the weeks of September 21st and September 28th, Monday through Friday, and we can proceed on any of those dates at your convenience.   We apologize for any inconvenience.

Sincerely,
Justin



**Justin Constant**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
justin.constant@weil.com
+1 713 546 5217 Direct
+1 832 331 3717 Mobile

**From:** Miller, Emily <emiller@choate.com>
**Sent:** Tuesday, September 1, 2020 5:29 PM
**To:** Reines, Edward <edward.reines@weil.com>; Constant, Justin <Justin.Constant@weil.com>; Guardant Health II Service <Guardant.Health.II.Service@weil.com>; bfarnan@farnanlaw.com; mfarnan@farnanlaw.com
**Cc:** Michael A. Amon <Amon@fr.com>; FM-GuardantService <FM-GuardantService@choate.com>; Jacobs, Karen <KJacobs@MNAT.com>; Tigan, Jeremy A. <JTigan@MNAT.com>
**Subject:** Guardant Health, Inc. v. Foundation Medicine, Inc., 17-cv-1616 - Helmy Eltoukhy Deposition

Counsel,

We are writing regarding the second deposition of Helmy Eltoukhy that is scheduled for next Friday, September 11, 2020.  At your convenience, please provide the following information.

- Start time.  We are prepared to start as early as you are willing but understand that the witness is likely in California so please let us know.
- Physical location of the witness (City/State).
- Names and contact information for **all** parties appearing remotely (phone number and email).

We understand Illumina has expressed interest in attending this deposition.  We are copying counsel for Illumina on this email so everyone is on the same page.

Thank you,
Emily

Emily Miller
Associate

A571

## CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5043
f 617-502-5043

emiller@choate.com
www.choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

A572