

October 6, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building                **FILED UNDER SEAL**
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

      Re:    **Guardant Health, Inc. v. Foundation Medicine, Inc.**
              C.A. No. 17-cv-1616-LPS-CJB

Dear Chief Judge Stark,

      Pursuant to Your Honor's October 5, 2020 Oral Order (D.I. 471), the parties submit this joint status report for how this case should proceed. The parties' positions are set forth below.

**Plaintiff's Position**

      Guardant respectfully requests that the Court proceed with a jury trial on November 30, 2020. The trial was originally scheduled for May 18, 2020 (D.I. 24) before being continued twice due to COVID-19. D.I. 394, D.I. 476. Guardant and FMI are undisputedly direct competitors, and Guardant is seeking a permanent injunction. Any additional delay threatens to cause further irreparable harm to Guardant. Indeed, the other accused infringer, PGDx, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. FMI argues for an indefinite continuance due to COVID-19, but with reasonable safeguards, a trial can be conducted safely in November.

      There is no case-reason why the parties cannot be ready for trial as scheduled. Initial exchanges of the proposed pretrial order, exhibit lists, deposition designations, and proposed topics for motions *in limine* have already occurred.

      Guardant is not aware of any members of its trial team, party witnesses, or experts that cannot travel to Delaware and be physically present in the Courtroom. Guardant also intends to call Victor Velculescu, a PGDx employee, who has informed Guardant that he is resistant to traveling to Delaware to testify. However, with the Court's permission, Guardant has no objection to Dr. Velculescu appearing by video conference. With the exception of Dr. Velculescu, Guardant proposes having all its witnesses appear live.

      Guardant has no objection to FMI's witnesses appearing by video conference. It is typical for a trial to present some live witnesses and some via deposition video. To the extent that the Court deems the presence of live witnesses to be prejudicial, the Guardant witnesses can also appear via video. FMI points to its Damages expert, Julie Davis as an example of a potential conflict. However, as FMI admits, there is no trial yet set in that case, and there is no indication on the docket that the Court in the Western District of Texas or the parties in that case would agree to such a date. *VLSI Technology LLC v. Intel Corporation,* Case No. 1-19-cv-00977 (W.D. Tex.). FMI also points to Doron Lipson (located in Israel) as an example of a witness who will not appear

in person. However, it is not clear when he will ever be able to appear in person given the position they are taking relative to COVID-19. The trial should not be indefinitely delayed based on the inability of a single witness to travel.

Guardant is open to any reasonable set of safeguards and suggests the following protections for the Court's consideration:

- Any witness may be permitted to testify remotely by video, if requested

- All attorneys, party representatives, witnesses, and jurors in the courtroom shall be required to wear masks at all times and comply with the Court's social distancing policies to the extent practicable.

- The parties shall be limited to a total of 6 attorneys, assistants, consultants or corporate representatives each in the courtroom at a time.

- The parties will take all necessary steps to eliminate paper exhibits and present them electronically.

- The Court will simulcast a video feed of the trial into another room in the courthouse, in which the Court's policies for social distancing and face covering will be enforced. The public, the media and overflow members of the trial teams will be in that room. Alternatively, the Court will, through a vendor provided by the parties, permit remote viewing of the trial.

**Defendant's Position**

For the reasons below, those stated during the teleconference held on October 2, and those contained in the joint status report submitted to the Court on September 30 (D.I. 473), FMI respectfully requests that the Court not reschedule the jury trial in this case for November 30, 2020, and instead postpone the trial until a time in 2021 when the public health situation will permit a full, in-person jury trial.

As an initial matter, FMI's sole expert on the issue of damages, Julie Davis, was scheduled to testify at a trial in the Western District of Texas (Austin Division) pending before Judge Albright beginning on November 16. Based on information it obtained today, FMI understands that the trial is expected to be pushed back and that both parties have requested a November 30 trial date. As such, Ms. Davis is now scheduled to be in Texas during the weeks of November 30 and December 7 to attend and testify at that trial. As a result, she would not be available to prepare for and testify at the trial in this case if it begins on November 30. Even if she were asked to testify remotely in this case, forcing Ms. Davis to divide her preparation time and to coordinate her attendance and testimony between two trials at the same time would be unduly difficult and prejudicial to FMI (as well as her other client). Moreover, she would be unable to observe trial testimony from key fact and expert witnesses relevant to her opinions in both cases. Thus, a November 30 trial date is not feasible for FMI.

FMI has additional, serious concerns with moving forward with a jury trial on November 30. First, there is a risk that the jury pool and jury will not be representative due to the situation that exists in Delaware (and several other states). At minimum, potential jurors who are of older age and/or who fall into other high-risk categories are unlikely to attend. See, e.g. United States v. Shaw, C.A. No. 4-20-cr-00012, 2020 WL 3216494, at *2 (D. Utah June 15, 2020) (continuing a jury trial because, inter alia, "there is a significantly reduced ability to obtain an adequate spectrum of jurors" due to the pandemic); In re: Court Operations Under the Exigent Circumstances Created by COVID-19 (D. Conn. May 19, 2020) (expressing concern about "the Court's reduced ability to obtain an adequate spectrum of prospective jurors" for the same reason); see also COVID-19 General Order 20-9 (E.D. La. June 26, 2020) (same) (Exhibits A-B).

Second, FMI is concerned about asking its counsel, staff, and witnesses, and the families of all involved, to expose themselves to serious and life-threatening health risks in view of the most recent guidance from the Centers for Disease Control and Prevention. See CDC, Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed Oct. 6, 2020). In view of the incubation period of COVID-19, the high rate of transmission (particularly when large groups of people congregate indoors, in close proximity, for long periods of time), the higher likelihood of illness in the coming colder months, and the already increased number of "super spreader" events across the country, there is also a risk that the parties and the Court could invest enormous resources into the trial only to have it discontinued should any member of either trial team (both present in or outside the courtroom), witnesses, the jury, or the Court develop COVID-19 or symptoms thereof, or be exposed to COVID-19. See, e.g., Sutphin v. Ethicon, Inc., C.A. No. 2:14-cv-01379, D.I. 405 (S.D. W. Va. Sept. 18, 2020) (declaring a mistrial three days into a jury trial "[d]ue to concerns of possible COVID-19 exposure"). Given the number of individuals involved in the trial who would need to be living and working in close quarters for an extended period of time, these risks do not significantly diminish even if the witnesses testify remotely. For these reasons, FMI believes a November 30 trial date would not avoid these serious safety concerns and may, in any event and despite best practices, result in a mistrial.

FMI's views on the remaining issues raised in the Court's October 5 order are as follows:

(1) <u>Foregoing Any Jury Trial In Favor of a Bench Trial</u>

Both parties in this case have requested a jury trial on all issues so triable. At this time, FMI is not willing to waive its right to a jury trial in favor of a bench trial. During the meet and confer, Guardant confirmed that it too was not willing to waive its right to a jury trial.

(2) <u>Members of the Trial Team or Any Party Who Cannot Travel to Delaware</u>

If the Court reschedules the trial for November 30, the three most senior members of FMI's trial team would travel from Boston to Delaware and be physically present in the courtroom, notwithstanding their own health and safety concerns. There are, however, at least three more junior lawyers and a paralegal on FMI's trial team who will play important supporting roles who would not travel to Delaware for a November 30 trial due to their own health situation and/or the health situation of those with whom they reside. But for the COVID-19 pandemic, these

individuals would travel to Delaware to assist with the trial preparation and presentation. Furthermore, one member of FMI's trial team falls in a high risk category that makes participation in trial more troublesome.

(3) <u>Witnesses Who Cannot Travel to Delaware</u>

In addition to Ms. Davis, there are at least three FMI fact or expert witnesses who either cannot or should not travel to Delaware for a November 30 trial. These include: (a) Doron Lipson – FMI's lead fact witness and the first witness FMI intends to call at trial – who currently resides in Israel (which is in strict lockdown) and is unable to travel to the United States; and (b) at least two other witnesses who should not travel to Delaware and be physically present in the courtroom due to their own health situation or the health situation of those with whom they reside. Two additional witnesses not falling in this category have nonetheless expressed discomfort about traveling to and attending trial in Delaware under the circumstances.

(4) <u>Identification of Witnesses to Testify In Person and Remotely</u>

As explained in the September 30 joint status report, the unique circumstances of this case require live witnesses so the jury's ability to make important credibility determinations will not be unduly impacted. Unfortunately, however, FMI's lead fact witness, Dr. Lipson (and certain other FMI witnesses), would not be able to testify in person at a November 30 trial. Guardant likewise has failed to commit that its witnesses would come to Delaware, previously hedging its response based on "changing circumstances." FMI respectfully contends that due process and fairness considerations justify continuing the trial until a date when the parties can present live witnesses at a traditional in-person trial.

In the event that the Court reschedules the trial for November 30, however, the Court should not allow Guardant to bring its witnesses to testify in person when, due to public health circumstances beyond its control, FMI will not be able to bring all of its witnesses to trial. Therefore, if the trial is rescheduled to November 30, FMI requests that the Court require all witnesses from both sides to testify via remote video conferencing technology. Although FMI does not favor this approach, it is the option that best minimizes the risk of unfair prejudice to either party. See Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC and Magellan Midstream Partners, L.P., C.A. No. 17-cv-1390, D.I. 583 (issued July 2, 2020) (determining, inter alia, that "[n]o witnesses will testify in the courtroom" and expressing a concern "that unless all witnesses can do so, there is a risk of unfair prejudice to the side which has more witnesses who end up being unable to come to the courtroom.").

(5) <u>Number of Attorneys and Trial Team Members Present In the Courtroom.</u>

If the Court nonetheless reschedules the trial to November 30, FMI requests that six attorneys and trial team members be permitted to be physically present in the courtroom for each side. We anticipate that this group would consist of the following for FMI: one Delaware counsel; three senior Choate attorneys; at least one member of FMI; and FMI's "hot seat" consultant.

In sum, FMI respectfully submits that the complicated issues in this case – including the number of witnesses and attorneys and the importance of credibility determinations – make it unsuitable for proceeding with a jury trial on November 30. More importantly, FMI believes there

is no compelling reason to bring this trial forward in November that outweighs the significant and potentially increasing risks of the pandemic in Delaware and across the country. Although Guardant has previously argued that "additional delay threatens to cause irreparable harm" (D.I. 473), Guardant has put forth readily calculable damages claims, which – if awarded at trial – will be adequate to address whatever harm Guardant claims to incur by any delay. For these reasons, FMI respectfully requests that the Court not schedule this trial for November 30, 2020.

                      Respectfully submitted,

                      /s/ Brian E. Farnan

                      Brian E. Farnan

cc: Counsel of Record (via E-Mail)