IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., : | |
|    Plaintiff, : | |
|  v. : | C.A. No. 17-1616-LPS-CJB |
| FOUNDATION MEDICINE, INC., : | |
|    Defendant. : | |

**MEMORANDUM ORDER**

  A jury trial in this patent infringement dispute between competitors in the field of cancer testing was scheduled to begin on May 18, 2020. (*See* D.I. 24) It has been continued twice, in part due to the ongoing COVID-19 pandemic. (*See* D.I. 394, 476)

  For reasons to be explained, IT IS HEREBY ORDERED THAT a jury trial, in the form described further below, will commence on November 30, 2020; the pretrial conference, to be conducted via videoconference technology with no counsel present in the courtroom, will be held on November 13, 2020 beginning at 2:00 p.m.; and the proposed final pretrial order is due on November 6, 2020. IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than October 19, submit a proposed order setting any interim dates and deadlines.

  The parties – Plaintiff Guardant Health, Inc. ("Guardant" or "Plaintiff") and Defendant Foundation Medicine, Inc. ("FMI" or "Defendant") – both wish to exercise their right to a jury trial. (*See, e.g.*, D.I. 480 at 3) While agreeing that the trial should not be converted to a bench trial, the parties disagree as to when the jury trial should occur. In the parties' September 30,

1

2020 joint status report, Guardant requested that trial be held on the date on which it was at that point scheduled: November 6, 2020. (D.I. 473 at 1) FMI opposed a November 6 trial and requested that trial be continued to a date to be determined. (*Id.* at 2)

On October 2, 2020, the Court held a status teleconference during which it announced that trial would not begin on November 6 but (given space and personnel limitations in the courthouse, as well as the Court's other commitments) could potentially start as soon as November 30. (*See* D.I. 475, 476) The Court ordered the parties to consider the November 30 option and report back with their positions. (D.I. 476)

In an updated joint status report dated October 6, Guardant requested that trial be scheduled for November 30, while FMI asked the Court to "postpone the trial until a time in 2021 when the public health situation will permit a full, in-person jury trial." (D.I. 480 at 1-2)

The Court has decided to hold trial on November 30 for multiple reasons, including those to be listed now. This is a patent infringement case between competitors that has been pending in this Court for almost precisely three years. It is ready for trial and the parties have adequate time to complete their pretrial preparations (and the Court has sufficient time to resolve the remaining pretrial motions). Trial has previously been scheduled twice and moved, due in part to the pandemic. The Court entered Phase II of its Reopening Guidelines on September 15, 2020, which permits jury trials, and the Court believes it can conduct a jury trial safely – by making certain modifications to its ordinary procedures – while also providing the parties a fair trial.[1] If trial were delayed once again, it is entirely unclear when it would occur. There are at least 200 civil jury trials scheduled for 2021 in the District of Delaware (a count which does not

---

[1] *See* https://www.ded.uscourts.gov/news/phase-2-announcement.

include criminal trials, which must take priority, and also does not include civil trials that have been continued and are still awaiting a new trial date), and due to current restrictions only one jury trial can proceed at a time.

Trial will be conducted in accordance with the following provisions:[2]

*No witnesses will testify in the courtroom.* It is clear that not all of the witnesses can travel to Delaware and testify in person. The Court is concerned that unless all witnesses do so, there is a risk of unfair prejudice to one side, should more of its witnesses (or a more "important" witness) not be able to come to the courtroom than is the case for the other side. The Court therefore adopts the parties' suggestions that all witnesses testify remotely.[3]

Given this determination, the Court expects that the parties will be able to work out the scheduling conflict they identified with respect to FMI's damages expert, Ms. Julie Davis. (*See* D.I. 480 at 2) Ms. Davis does not have to travel to Delaware and may instead be present in another court on or around November 30 should she be needed in that court for trial. She can observe this Court's trial remotely and/or review trial transcripts to prepare for her testimony.

---

[2] *See also generally Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, C.A. No. 17-1390 D.I. 583 (D. Del. July 2, 2020).

[3] While Guardant's preference is that witnesses who are able to testify in person be permitted to do so, Guardant also states: "To the extent that the Court deems the presence of live witnesses to be prejudicial, the Guardant witnesses can also appear via video." (D.I. 480 at 1; *see also id.* at 2 ("Guardant is open to any reasonable set of safeguards . . . .")) Given that at least three of FMI's witnesses cannot travel to Delaware to testify, due to health and lockdown reasons (*see id.* at 4), the Court determines that the presence of live witnesses would be unfairly prejudicial to FMI. Thus, the Court is granting FMI's alternative "request[] that the Court require all witnesses from both sides to testify via remote video conferencing technology." (*Id.*)

*Each side will be limited to a maximum of five representatives physically present in the courtroom at any one time.* At least one of the five slots must be used by Delaware counsel. The other four slots may be used for out-of-state counsel, staff assistants, jury consultants, and/or corporate representatives.[4]

It is ***not*** required that each slot be occupied by the same person on each day. Additionally, at appropriate points during a trial day (e.g., during a break in the proceedings), a party may elect to "swap out" a representative physically present in the courtroom with another representative.

Any trial participant, including counsel, may also participate remotely (i.e., not within the courthouse) and their remote participation ***does not count toward the maximum of five in-court participants.*** In other words, counsel may make opening statements or closing arguments, or conduct a direct or cross-examination, or present objections and argument to the Court remotely, without travelling to Delaware. Those lawyers who should not be traveling at this time (*see, e.g.*, D.I. 480 at 3-4) should avail themselves of this option.

Consistent with Guardant's suggestion, a video feed of the trial will be transmitted through a closed circuit to another courtroom in the courthouse. (*See* D.I. 480 at 2) The Court will also require the parties to make arrangements with a third-party vendor to enable remote participation by the trial teams and to permit public access. (*See id.*)

---

[4] The Court, of course, trusts that trial counsel will take all necessary and reasonable precautions in the weeks leading up to, and during, trial to maintain a safe environment. Trial counsel and all other representatives of a party must adhere to courthouse protocols related to screening, social distancing, and face coverings.

*The Court is confident that the jury will be able to assess witnesses' credibility.* The Federal Rules of Civil Procedure contemplate the use of remote witness testimony, even in jury trials. *See* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."). Indeed, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial . . . ." Fed. R. Civ. P. 43(a) Advisory Committee's note to 1996 amendment. Courts, including this Court, are regularly determining that the ongoing COVID-19 pandemic constitutes good cause for remote testimony. *See Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, 2020 WL 4794533, at *2 (D. Del. Aug. 18, 2020); *Argonaut Ins. Co. v. Marietta Enters., Inc.*, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020); *Centripetal Net., Inc. v. Cisco Sys., Inc.*, 2020 WL 3411385 (E.D. Va. April 23, 2020). In light of the parties' positions and the ongoing pandemic, the Court finds that the "good cause" requirements of Rule 43 are met.

The Court is not persuaded by FMI's contention that "the unique circumstances of this case require live witnesses so the jury's ability to make important credibility determinations will not be unduly impacted." (D.I. 480 at 4) Skillful trial counsel will be able to conduct effective examinations, including cross-examinations, even without the witnesses (and even without examining counsel, if that occurs) being in the courtroom (or in the same room as the witness). To date, the undersigned Judge has presided over three fully remote "video" bench trials (including a patent trial), each one of which involved challenges to the credibility of one or more

5

witnesses. In each case, the undersigned Judge felt that the examinations provided the evidence necessary to assess credibility. There is every reason to believe that the jury will be equally (if not better) able to do the same at this trial.

*The parties will need to work with the Court's staff to make all necessary arrangements to allow this trial to take place partially-remotely.* Counsel shall contact chambers, and the Court's IT staff, as soon as possible, to determine which equipment the Court can supply, which equipment the parties will have to supply, and to take necessary steps to eliminate (to the greatest extent possible) paper exhibits.

*The parties may state and preserve objections to the decisions reflected in this Order and with respect to any other details the Court considers as to how trial will be conducted.* Thus, for example, FMI's "additional, serious concern[]" that "there is a risk the jury pool and jury will not be representative due to the situation that exists in Delaware (and several other states)" (D.I. 480 at 3) (suggesting that "potential jurors who are of older age and/or who fall into other high-risk categories are unlikely to attend"), is an issue FMI may continue to press, including during jury selection. The Court believes it will be able to seat a jury that represents a fair cross-section of the community and is consistent with both parties' rights, but should any party disagree it should feel free to make its argument.

*The Court and the parties will have opportunities to further discuss the details of how trial will be conducted.* The parties shall familiarize themselves with the Court's Jury Trial Restart Guidelines, which were issued on October 7, 2020.[5] The Court will schedule a videoconference with the parties in the coming weeks to address further details about how the forthcoming partial-remote jury trial will proceed.

October 16, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[5] Jury Restart Guidelines, https://www.ded.uscourts.gov/sites/ded/files/news/10.7.20%20JURY%20RESTART%20GUIDELINES.pdf

7