IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., : | |
| Plaintiff, : | |
| v. : | C.A. No. 17-1616-LPS-CJB |
| FOUNDATION MEDICINE, INC., : | |
| Defendant. : | |

## MEMORANDUM ORDER

Defendant Foundation Medicine Inc.'s ("FMI") spoliation motion (D.I. 467) is currently pending before the Court. FMI's motion asserts that Plaintiff Guardant Health, Inc.'s ("Guardant") CEO, Dr. Eltoukhy, deleted certain files and emails from his computer. The Court held telephonic hearings on the motion on October 29, 2020 (D.I. 503) and November 2, 2020 (D.I. 505). The Court also considered a joint status report on discovery (D.I. 507) and issued an Order on November 17, 2020 (D.I. 513) granting additional discovery and requiring the parties to submit a proposal on how to structure that discovery and, more generally, the schedule and procedure to enable the Court to resolve the spoliation motion. The Court advised the parties it would schedule a one-day evidentiary hearing on the motion, to be held after the completion of discovery. (*See id.* at 7) Thereafter, the parties submitted a 17-page stipulation and proposed order, which contained certain agreements but also numerous disputes. (D.I. 516) The Court will now address the disputes and set out the schedule that will govern further proceedings through the resolution of the spoliation issues.

*The Court agrees with FMI that discovery should proceed in the order that FMI prefers.*

1

In the November 17 Order, the Court provided FMI the opportunity to take individual discovery, including interrogatories and a Rule 30(b)(6) deposition. (D.I. 513 at 6-7) Guardant proposes that FMI's expert conduct his forensic review and provide an expert report before Guardant has to respond to interrogatories and provide a witness or witnesses for the deposition. (D.I. 516 at 4-5) Generally, Federal Rule of Civil Procedure 26(d)(3)(A) provides that "methods of discovery may be used in any sequence." The discovery ordered by the Court is FMI's discovery to take. If FMI prefers to obtain interrogatory responses and deposition testimony before serving its expert report (which is the common way of proceeding), there is nothing about the situation before the Court that provides a persuasive basis for imposing Guardant's preferred order on FMI. Any fear that Guardant has it will not be fully heard (*see generally id.* at 4) is unfounded, as Guardant will be submitting a pre-hearing statement and post-hearing brief and will, of course, make its presentation at the evidentiary hearing.

*The Court agrees with FMI on the scope of its expert's review of the forensic image.*

"The parties have agreed on a process for FMI's expert to review the forensic images of the devices that the Court ordered Guardant to produce, except for the scope of the review and whether there needs to be a procedure for the technical experts, Stroz Friedberg, to raise issues with FMI's counsel identified based on its review of the images." (*Id.* at 11)[1] The Court declines to impose the additional limitations on the scope of discovery that Guardant requests. As FMI notes, "[t]he Court granted FMI's request [for forensic images] and did not limit the

---

[1] The forensic images and all information contained therein will be designated Highly Confidential Attorney's Eyes Only under the protective order. Furthermore, FMI's forensic expert, Stroz Friedberg, will provide a signed declaration agreeing to all of the terms set out in the protective order and this Order.

2

review of the forensic images." (*Id.* at 14) Relevant to FMI's spoliation is not only ***whether*** documents were deleted but also ***what*** those documents contain(ed). (*See* D.I. 468)

It appears to be undisputed that, as Guardant insists, the "backup forensic image contains countless privileged documents and extremely sensitive trade secrets." (D.I. 516 at 13) The Court is not today ordering that such materials be produced to FMI. But, if in the course of the forensic investigation FMI's expert views materials that he somehow believes are relevant, he may advise FMI of this fact (with no particularity or revelation of content)[2] and (unless FMI prefers this not occur) he must then identify the specific items to Guardant. Guardant must then, after time for an appropriate internal review, either produce the items identified by the expert to FMI or provide a log of those items it is withholding. If good faith efforts to meet and confer cannot resolve any disputes relating to the log and entries on it, the parties may use the Court's Discovery Matters procedure to bring issues to the Court.[3]

*The Court agrees with Guardant on the timing and nature of the pre-hearing statements.*

It will be most helpful to the Court for FMI, as the moving party, to set out – in advance of the evidentiary hearing – precisely what spoliation it intends to prove at the evidentiary

---

[2] The parties agree that FMI's expert "may discuss and provide information about files and emails to FMI's counsel, excluding the contents of user files, emails, and the subject line of emails." (D.I. 516 at 11-12) ("No dispute.") Further, "[b]oth FMI and Guardant agree that, under those circumstances [i.e., during their review the experts at Stroz identify files or emails that relate directly to the spoliation issue], Stroz should first contact Guardant to see if Guardant agrees to share those files with FMI." (*Id.* at 15)

[3] Notwithstanding Guardant's attacks on what it calls "intrusive discovery" and "boundless review" (D.I. 516 at 13-14), the Court finds that the procedures it has set out, and the scope of discovery it is permitting, are consistent with what it previously ordered and, more importantly, with what is reasonable and appropriate to permit the very serious spoliation allegations to be litigated to a correct conclusion.

hearing, with as much clarity as it can, including by identifying which witness(es) it intends to have testify and documents on which it will rely. The allegations that have been made against Dr. Eltoukhy are serious and he is entitled to know what he is accused of, to defend himself and to provide the Court confidence that the decision it makes (including about his intent) is correct and well-supported in the record. Although the Court does not agree with much of Guardant's characterization of how FMI has handled the spoliation issue (*see, e.g., id.* at 4-6), the Court does agree that Guardant's proposal for pre-hearings statements is more reasonable and appropriate than FMI's proposal.

*The following schedule and procedure shall govern, to the extent any of the listed obligations have not already been satisfied.*

| Event | Deadline |
|---|---|
| Guardant will provide to Stroz Friedberg forensic images of:<br><br>a) the hard drive received by FTAC on August 7th, 2018 and forensically imaged by FTAC, as identified in paragraph 3 of the November 8, 2019 Affidavit of Britton Moore, and<br><br>b) the two drives ("TLS Evidence ID numbers 056-0006 and 056- 0007"), received by FTAC on November 18, 2019, and forensically imaged by FTAC, as identified in paragraph 3 of the October 15, 2020 Declaration of Britton Moore. | December 30, 2020 |
| Guardant will produce all non-privileged emails from FMI's list of 298 bodiless emails (D.I. 470-4).<br><br>Guardant will produce all bodiless emails from the 4000-5000 identified on the August 5, 2019 teleconference that could not be located on the March 2019 Backup, regardless of whether they hit on search terms. | January 7, 2020 |
| Guardant will produce all non-privileged files that can be recovered responsive to the list of 389 files FMI identified as deleted in October 2019, regardless of whether they are responsive to discovery requests or search terms. | January 14, 2020 |

| | |
|---|---|
| Guardant shall also produce a log describing any of the emails that it seeks to withhold as privileged. Guardant will search for other backups to see if there might be complete copies of emails, including copies of bodiless emails, that could not be restored from the March 2019 backup (such as the CNV email) and promptly produce them. Guardant will file a certification with the Court that it completed this search. | |
| FMI will serve no more than 5 interrogatories. | Within 10 days of Guardant certifying that its production of documents and forensic images is complete |
| Guardant will respond to FMI's interrogatories. | Within 14 days of service of FMI's interrogatories |
| Guardant shall provide a Rule 30(b)(6) witness regarding nonprivileged information on the topic of Guardant's document collection, preservation, and recovery efforts. The deposition will be conducted remotely. | No earlier than 7 days after Guardant's interrogatory responses at a date mutually agreeable to the parties |
| FMI will serve its opening expert report. | Within 14 days of completion of the 30(b)(6) deposition. |
| Guardant will serve a responsive expert report. | Within 21 days of service of FMI's opening expert report |
| FMI will serve a reply expert report, if necessary. | Within 14 days of service of Guardant's responsive expert report |
| Parties will complete any depositions of the parties' experts. The depositions will be conducted remotely. | Within 14 days of service of FMI's expert reply report |
| FMI will serve and file a pre-hearing statement identifying precisely what spoliation it intends to prove at the evidentiary hearing, with as much clarity as it can, including by identifying which witness(es) it intends to have testify and documents on which it will rely; limited to ten pages (double-spaced) | April 30, 2021 |
| Guardant will serve and file a pre-hearing statement detailing its responses to FMI's spoliation allegations, including by identifying which witness(es) it intends to have testify and documents on which it will rely, limited to ten pages (double-spaced) | May 7, 2021 |
| One-day remote evidentiary hearing | May 13, 2021 at 9:00 a.m. (each side will be allocated 3 hours for its evidence and argument) |
| FMI will file its post-hearing brief (20 pages). | May 27, 2021 |

| Guardant will file its opposition brief (20 pages). | June 10, 2021 |
| FMI will file its reply brief (10 pages). | June 15, 2021 |

December 17, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE