IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1616 (LPS) (CJB) |
| | ) | |
| FOUNDATION MEDICINE, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN SUPPORT OF
FOUNDATION MEDICINE, INC.'S MOTION FOR LEAVE TO
AMEND ITS ANSWER AND COUNTERCLAIMS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Foundation Medicine, Inc.*

OF COUNSEL:

Eric J. Marandett
G. Mark Edgarton
Sophie F. Wang
Diane C. Seol
John C. Calhoun
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA  02110
(617) 248-5000

**Confidential Version Filed: April 16, 2021**

**Public Version Filed: May 5, 2021**

Page 1

Dear Judge Burke:

Foundation Medicine, Inc. ("FMI") respectfully requests leave to amend its Answer and Counterclaims to assert two new defenses to Guardant Health, Inc.'s ("Guardant") Third Amended Complaint.[1]  Because FMI has acted diligently and in good faith, and amendment is neither prejudicial to Guardant nor futile, FMI's Motion should be granted. Guardant does not consent to FMI's motion to amend.

**I.    Factual Background**

In addition to non-infringement and invalidity, FMI's current defenses and counterclaims (D.I. 168) allege that the Patents-in-Suit are unenforceable due to the inequitable conduct of Drs. Helmy Eltoukhy and AmirAli Talasaz (the "Founders"). As set forth in FMI's pleadings and briefing, the Founders orchestrated a scheme to defraud the USPTO that included (i) misappropriating documents from Illumina, their former employer, to conceive of what Guardant now claims as its inventions; and (ii) concealing Dr. Eltoukhy's material contributions to the conception of Guardant's claimed invention; and (iii) omitting and in some cases removing him as a named inventor to avoid his assignment obligations to Illumina. *See, e.g.*, D.I. 168, at 18-35; D.I. 327, at 1-22; D.I. 419, at 4-18; D.I. 482. Dr. Eltoukhy *twice* deleted documents after his first deposition -- including documents directly relevant to FMI's defenses and counterclaims -- further evidencing his attempt to conceal his efforts to deceive the USPTO, Illumina, and FMI. *See, e.g.*, D.I. 468, at 2-9.

On November 2, 2020, the Court postponed the November 2020 trial date so that it could evaluate "very serious" allegations raised by FMI's motion for sanctions based on Dr. Eltoukhy's spoliation of evidence. *See* D.I. 505, at 37-47; D.I. 513, at 4-5. The Court ordered further discovery, with an evidentiary hearing on May 13, 2021, at which Dr. Eltoukhy will testify. D.I. 513, at 6-7; D.I. 517. The Court declined to set a new trial date until resolution of the motion. It also is unclear when trial could be set in the future because of the backlog of cases on the Court's docket due to the pandemic.



---

[1] The Court granted summary judgment of non-infringement of the asserted claims of U.S. Patent No. 9,598,731. D.I. 432; D.I. 482. The remaining claims allege that FMI infringes U.S. Patent Nos. 9,834,822, 9,840,743, and 9,902,992.

### II. "Good Cause" Exists For FMI's Amendment Because FMI Acted Diligently

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Boston Scientific Corp. v. Nevro Corp.*, 2020 WL 5331561, *1 (D. Del. Sept. 15, 2020) (internal citation omitted). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (internal citation omitted).

Good cause exists here because FMI acted diligently and in good faith to amend its Answer as soon as possible. *See Evonik Degussa GMBH v. Materia Inc.*, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) ("good cause" to modify scheduling order where movant "demonstrated sufficient diligence in pursuing its claim"). Following meet and confers with Guardant on April 5 and April 12, 2021, Guardant indicated it would not consent and FMI filed this Motion 4 days later, on April 16, 2021. Thus, FMI acted promptly, diligently, and in good faith.[2]

### III. Guardant Will Not Be Prejudiced By FMI's Amendment

If a movant meets its burden to establish good cause under Rule 16(b)(4), the Court then considers whether the proposed amended pleading meets the standard under Rule 15(a)(2), which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Boston Scientific Corp.*, 2020 WL 5531561, at *1 (internal citations omitted). Under this rule, leave to amend should be "freely given" absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This standard is readily met here.



Nor will Guardant suffer any prejudice because discovery is still ongoing and no trial date has been set. The parties are actively engaged in spoliation-related discovery, including expert discovery and an evidentiary hearing. *See* D.I. 513, at 5-7; D.I. 517. Indeed, as recently as March

---

[2] For these reasons, there is also no undue delay. *See TC Tech.*, 2019 WL 529678, at *3 (finding no undue delay for the same reasons the moving party was diligent under Rule 16(b)).

27, 2021, Guardant produced an additional 7,010 documents in the course of spoliation discovery.[3] Because no trial date is set, the parties have time to conduct any additional narrowly tailored discovery related ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[4] Notably, this Court has granted motions for leave to amend filed after the applicable deadline even where trial dates were set. *See, e.g.*, *TC Tech., LLC v. Sprint Corp.*, 2019 WL 529678 (D. Del. Feb. 11, 2019).

Regardless, any alleged prejudice to Guardant is outweighed by the significant prejudice FMI would suffer if its motion were denied. FMI would be significantly prejudiced if deprived of the ability ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 2009 WL 395223, at *2 (D. Del. Feb. 17, 2009) ("[I]f prejudice to the nonmovant exists, the Court must balance the prejudice to the non-moving party against the harm to the movant if leave to amend is not granted….").

## IV. FMI's Amendment Is Not Futile

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or advances a claim or defense that is legally insufficient on its face. *ICU Med., Inc.*, 674 F. Supp. 2d at 579; *BigBand Networks, Inc. v. Imagine Commc'ns., Inc.*, 2010 WL 2898286, *3-4 (D. Del. July 20, 2010). This is the same standard of legal sufficiency under Rule 12(b)(6). *TC Tech.*, 2019 WL 529678, at *1. FMI's new defenses easily satisfy this standard.



For the reasons set forth above, FMI respectfully requests that the Court grant FMI leave to amend its Answer and Counterclaims.

---

[3] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[4] Guardant also filed a new lawsuit against FMI in this Court on November 23, 2020 and a motion for a preliminary injunction in that case December 10, 2020. FMI has similarly sought leave to amend its Answer in that case to add the same defenses that are the subject of the instant motion.

[5] Indeed, issues relating to the Founders' inequitable conduct of the Patents-in-Suit have already survived a motion to dismiss and summary judgment. *See* D.I. 343; D.I. 404; D.I. 419; D.I. 482.

        Respectfully,

        */s/ Jeremy A. Tigan*

        Jeremy A. Tigan (#5239)

JAT/rs  
Enclosure  
cc:    Clerk of the Court (by CM/ECF)  
        Counsel of Record (by CM/ECF and email)