IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1616 (LPS) (CJB) |
| | ) | |
| FOUNDATION MEDICINE, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE**
<u>**REGARDING DISCOVERY DISPUTE**</u>

                                                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                               Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Foundation Medicine, Inc.*

OF COUNSEL:

Eric J. Marandett
G. Mark Edgarton
Sophie F. Wang
Diane C. Seol
John C. Calhoun
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA  02110
(617) 248-5000

**Confidential Version Filed: April 23, 2021**

**Public Version Filed: May 5, 2021**

Dear Judge Burke:

Defendant Foundation Medicine, Inc. ("FMI") respectfully requests leave to serve a second supplemental expert report of its damages expert, Julie L. Davis ("Davis Report"). Ex. 1. The parties have stipulated that FMI may serve a supplemental report to respond to the third supplemental report of Plaintiff Guardant Health, Inc.'s ("Guardant") damages expert, Stephen L. Becker ("Becker Report"), ████████████ ████████████ D.I. 466. FMI seeks leave to supplement Ms. Davis's reasonable royalty analysis to address a ████████████ ████████████ and thus unavailable at the time of Ms. Davis's initial rebuttal report. After a lengthy meet-and-confer process that began in December 2020, Guardant changed its position on March 31, 2021, withdrawing consent to the supplementation and necessitating this motion.

FMI respectfully requests that the Court grant leave because good cause exists to permit Ms. Davis to account for ████████████ as it is highly relevant and probative to a reasonable royalty in this case, and FMI acted promptly after ████████ to supplement Ms Davis's opinions. Guardant will suffer no prejudice, particularly where it has had Ms. Davis's proposed supplement for months and no trial date has been set. Any prejudice that Guardant claims to have suffered may be cured by additional discovery, to which FMI has already agreed.

I. **Relevant Factual Background**

Expert discovery closed in this action on November 7, 2019. D.I. 224. Well after that date, in September 2020, Guardant sought leave to serve a third supplemental Becker Report in which Dr. Becker for the first time asserted tha ████████████ ████████████ is relevant to his reasonable royalty calculations. Notwithstanding the late disclosure, FMI consented to the supplement, reserving the right to serve responsive reports, as necessary.[1] Ex. 2. The parties filed a stipulation memorializing that agreement. D.I. 466. Trial was scheduled to begin on November 30, 2020, but on November 2, 2020, Chief Judge Stark continued the trial to a date to be determined. D.I. 513.

On ████████████ ████████████ and produced it to Guardant on December 9. Ex. 3. Promptly thereafter, FMI asked Guardant whether it would consent to leave to supplement Ms. Davis's report to address █ ████████████ in her reasonable royalty analysis (just as Guardant had requested leave to address ████████████).[2] Ex. 4. Two weeks later—and only after FMI renewed its inquiry four times—Guardant agreed to meet and confer concerning FMI's request. On January 12, 2021, in advance of the meet-and-confer, FMI provided a complete copy of the proposed Davis Report to Guardant's counsel. At the meet-and-confer on the same day, Guardant indicated it would: (i)

---

[1] Guardant also served a fourth supplemental report on October 31, 2020, in which Dr. Becker purports to ████████████ ████████████ of both parties.

[2] The Davis Report also responds to the opinions regarding ████████████ in the Becker Report and updates Ms. Davis's calculations to include the same Q3 2020 financial information used in Dr. Becker's fourth supplemental report, pursuant to the parties' stipulation. D.I. 466.

assent to the supplementation if FMI would agree to certain "reasonable discovery" related to the report; and (ii) send FMI a proposal of said requested discovery. In reliance on Guardant's assent, FMI believed the issue was resolved and the Court's intervention would be unnecessary.

However, for the next *eleven weeks*, Guardant stayed silent, despite FMI's prompting to send its proposed "reasonable discovery." *Id.* Guardant did not respond until March 31, 2021, changing its position with no prior notice. Rather than proposing discovery, Guardant stated that it now "disagree[s] that supplementation is justified and will oppose FMI's motion for leave." *Id.* Guardant did not explain its about-face.³ *Id.*

### II. "Good Cause" Exists for FMI's Supplementation Because ▓▓▓▓▓▓▓▓▓▓ is Relevant to a Reasonable Royalty Analysis and FMI Acted Diligently

Because the parties have stipulated that FMI may serve supplemental reports from Ms. Davis responding to the Becker Report, the sole dispute is whether the report also may be supplemented to address ▓▓▓▓▓▓▓▓▓▓. Good cause exists for the proposed supplementation. Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *In re Chanbond, LLC*, 2019 2019 WL 2098316, at *2 (D. Del. May 14, 2019). Here, ▓▓▓▓▓▓▓▓▓▓ is relevant and material evidence supportive of Ms. Davis's reasonable royalty opinions and will be helpful to the jury in considering her testimony. *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2016 WL 6542726, at *5 n.6 (D. Del. Oct. 31, 2016) (Stark, J.) (granting leave where "the supplemental expert report will be helpful to the fact finder when calculating damages"). FMI acted diligently and in good faith to supplement the Davis Report to address ▓▓▓▓▓▓▓▓▓▓. *See id.* at *5-7 (good cause to introduce new invalidity combination through expert report where combination was raised "at the first available opportunity"); *see also Rowe v. E.I. du Pont de Nemours & Co.*, 2010 WL 703210, at *4 (D.N.J. Feb. 24, 2010) (good cause for extending deadline for expert reports in absence of "unreasonabl[e] delay[]"). FMI promptly produced ▓ ▓▓▓▓▓▓▓▓▓▓ and Ms. Davis then expeditiously supplemented her report. FMI sought Guardant's assent (four times) to seek leave to serve the Davis Report, even providing the *full report* to Guardant. Guardant, however, delayed responding to FMI for nearly three months after the January 12, 2021 meet-and-confer, only to then change its position. Guardant's own delinquency thus precipitated delay, and its abuse of the meet-and-confer process, intended to resolve discovery disputes efficiently, resulted in this motion.

Moreover, supplementation of expert reports ordinarily is permitted if it is "substantially justified or . . . harmless." *See* Fed. R. Civ. P. 37(c)(1); *Mfg. Res. Int'l v. Civiq Smartscapes, LLC*, 2019 WL 4751269, at *1 (D. Del. Sept. 30, 2019). In making this determination, the Court considers the so-called "*Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the possibility of curing the prejudice, (3) the potential disruption of an orderly and efficient trial, (4) the presence of bad faith or willfulness in failing to disclose the evidence, and (5) the importance of the information withheld." *Mfg. Res. Int'l*, 2019 WL 4751269, at *1. "[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *TQ Delta, LLC v. 2Wire, Inc.*, 2019 WL 1529952, at *1 (D. Del. Apr. 9, 2019) (internal

---

³ The Court should not permit Guardant to explain itself, for the first time, in its responsive letter.

quotation marks omitted). Here, each *Pennypack* factor weighs heavily in favor of granting FMI leave to supplement the Davis Report.

First, Guardant has suffered neither prejudice nor surprise because it has known the exact contents of the report for over three months. *See 2Wire*, 2019 WL 1529952, at *2 (granting leave where plaintiffs had reports for "almost three full months" prior to trial). Moreover, FMI simply seeks to address a single piece of evidence that was not available at the time of Ms. Davis's initial rebuttal report to support her existing reasonable royalty analysis (similar to Dr. Becker's supplement to address ███████████). FMI does not, for example, seek to introduce a new theory altogether. *See Mfg. Res. Int'l*, 2019 WL 4751269, at *1 (no prejudice where supplemental report did not disclose new damages theories); *cf. TQ Delta LLC v. Adtran, Inc.*, 2020 WL 4529865, at *2 (D. Del. July 31, 2020) (excluding reply opinion introducing new infringement theory, which is "not a mere correction of information, but instead, creates a new ballgame."). Instead, the Davis Report explains why ████████████ which is highly relevant because ███████████████████████████████████████████████████████ further supports Ms. Davis's opinion.

Critically, any alleged prejudice is of Guardant's own making. FMI promptly and repeatedly sought Guardant's assent to supplement. After the parties' January 2021 meet-and-confer—at which FMI agreed that it would consider Guardant's request for "reasonable discovery"—Guardant dragged its feet for nearly three months before changing its position. *See supra* at 1-2. When Guardant finally responded, only after prompting by FMI, it did not propose additional discovery, as it said it would, but instead said it changed its mind. *Id.* at 2. Thus, any claim of prejudice or surprise rings hollow.

Even if Guardant *could* demonstrate prejudice, such prejudice can easily be cured because no trial date has been set, FMI agrees to "reasonable discovery" related to the new matter in the Davis Report, and such discovery would be "very limited" because the new matter is narrowly focused and "circumscribed in nature." *See Glaxosmithkline LLC v. Glenmark Pharms. Inc., USA*, 2017 U.S. Dist. LEXIS 21049, at *9 (D. Del. Feb. 6, 2017) (Burke, J.); *see also Mfg. Res. Int'l*, 2019 WL 4751269, at *1 (where trial was postponed, prejudice could be cured where there was "sufficient time" for additional discovery). And, because a trial date has not been set, there will be no "disruption of an orderly and efficient trial." Indeed, this Court has granted leave to supplement expert reports mere weeks before trial. *See 2Wire*, 2019 WL 1529952, at *2 (granting leave where plaintiff had "three full weeks" before trial to depose defendant's expert and supplement reply reports). Thus, there is sufficient time for Guardant to take any limited discovery that may be necessary to respond to the Davis Report.

Finally, as discussed *supra* in Section II, Ms. Davis and FMI acted diligently and in good faith in seeking Guardant's consent to supplement once ████████████████ ████████████ and the Davis Report, moreover, are important evidence directly relevant to Guardant's damages theories and FMI's response thereto, and should thus be included.

### III. Conclusion

FMI respectfully requests that the Court grant it leave to supplement the Davis Report.

       Respectfully,

       */s/ Jeremy A. Tigan*

       Jeremy A. Tigan (#5239)

JAT/rs  
Enclosures  
cc: Clerk of the Court (by CM/ECF)  
   Counsel of Record (by CM/ECF and email)